# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

2006 MAR -6 PM 2:37

| | | |
|---|---|---|
| JOHN S. SHIPLEY | : | |
| | : | |
| Plaintiffs, | : | C.A. No 04-1530 JJF |
| | : | |
| Vs. | : | |
| | : | |
| B & F TOWING COMPANY OWNERS, | : | |
| | : | |
| Defendants, | : | |

**THE PLAINTIFF'S ANSWER TO THE DEFENDANTS' FIRST SET OF INTERROGATORIES**

1. I, John S. Shipley, have multiple witnesses who are able to testify on my behalf at trial. The names, contact information, and summary of subject matter that they are willing to testify to is as follows:

   a.) Felix Rivera
   700 E. Hazeldell Ave.
   New Castle, DE 19720

   Mr. Rivera is able to testify to the fact the car was not abandoned and had been there for several years. He is also able to attest that to his knowledge John S. Shipley is the owner of the vehicle and the sole driver of the vehicle.
   He is also a witness that prior to the towing of the vehicle that the vehicle was parked horizontal to the street in the driveway and parallel to the two garage doors. The vehicle was located up on John S. Shipley's property.

b.) Janene Shipley
1014 Booth St.
Chester, PA 19013

Ms. Shipley is also able to testify to the fact that the car was not abandoned and had been parked in the driveway of the garage for several years. She also has knowledge that John S. Shipley is the sole owner of the vehicle and the sole driver of the vehicle. She also can witness that prior to the towing of the vehicle it was parked sideways horizontal to the street and parallel to the garage doors in the driveway. The vehicle was located up on John S. Shipley's property.

c.) Clint Haynes
3030 W 9th St
Chester, Pa 19013

Mr. Haynes is also able to testify to the fact that the car was not abandoned and had been parked in the driveway of the garage for several years. He also has immediate knowledge that I am the sole owner of the vehicle, the sole driver of the vehicle, and the owner of the property. Mr. Haynes has seen the title to the vehicle and the deed to the property. He can also witness that prior to the towing of the vehicle it was parked sideways horizontal to the street and parallel to the garage doors in the driveway. The vehicle was located up on John S. Shipley's property.

d.) Danyell Bishop
3018 W. 12th St
Chester, PA 19013
610-529-4098

Ms. Bishop can also testify to the fact that the car was not abandoned and had been parked in the driveway of the garage for several years. She also has immediate knowledge that I am the sole owner of the vehicle, the sole driver of the vehicle, and the owner of the property. Ms. Bishop has seen the title to the vehicle and the deed to the property. She can also witness that prior to the towing of the vehicle it was parked sideways horizontal to the street and parallel to the garage doors in the driveway. The vehicle was located up on John S. Shipley's property.

e.) Mr. Baker ( tow truck driver for B & F Towing Co.)

As the driver of the tow truck that removed the vehicle from John Shipley's property, he is able to testify to the position of the vehicle up on John S. Shipley's property. He is also able to testify that there was a note in the window of the vehicle stating that Mr. Shipley was not driving at that time and the vehicle was registered to that property.

f.) Collins Park Towing Company

They refused to move the vehicle off of the private property. The tow truck driver's name is not known at this time but will be known before trial.

g.) New Castle County Police Officer

The name of the police officer is James Gladney Jr., but I was told by him that Collins Park Towing Company refused to tow the car from the private property of John S. Shipley.

h.) John S. Shipley
609 Wildel Avenue
New Castle, DE 19720

I am the owner of the vehicle and the owner of the property. I will testify that the vehicle was horizontal to the street in the driveway parallel to the garage up on my property. There was a postmark on the Lincoln Continental stating that it was abandoned van and it was not. I then placed a note in the car window stating that the car was not abandoned and that I was not driving the car at that time because I was on medication among other reasons involving a conspiracy against John S. Shipley.

2. The same as number 1

3. Review number 1. Each person has witnessed just prior to the towing that the vehicle was parked horizontal to the street and parallel to the garage doors in the driveway up on John S. Shipley's property. Also each person knows that John S Shipley is the sole owner and operator of the vehicle and is the owner of the private property that the vehicle was towed from.

4. The documents that support my allegations in this case are my deed to the property and my title to the vehicle. I also have photos showing the position of the car in the driveway.

a.) The title to the vehicle supports that John S. Shipley is the owner of the vehicle. See Exhibit A

b.) The deed to the property supports that John S. Shipley is the owner of the private property where the vehicle was parked. See Exhibit B.

c.) Documentation from court proceedings in Court 11 Verne Orndoff, County Code Enforcer vs. John S. Shipley. This document supports the fact that it was known that the vehicle was owned by John S. Shipley and on his private property. see Ex D.+C 1106 C [illegible] HAS A C-PRO P Police officer) C10.C

Sincerely,

John S. Shipley

John S. Shipley
609 Wildel Ave.
Minquadale
New Castle, DE 19720

Date: March 6, 2006

# Certificate of Service

I, John S Shipley, certify that a copy of **THE PLAINTIFF'S ANSWER TO THE DEFENDANTS' FIRST SET OF INTERROGATORIES** was caused by hand delivery on the 6th day of March 2006, to the following:

Verne Orndoff
New Castle County
Department of Land Use
Office of Code Enforcement
87 Reads Way, Corporate Commons
New Castle, DE 19720
302-395-5040

LAURENCE V CRONIN
SMITH, KATZENSTINE + FURLOW
THE CORPORATE PLAZA
800 DELAWARE AV.
P.O. BOX 410
Wilmington DEL. 19899

Date: 3/06/2006

John S Shipley
609 Wildel Ave
Minquadale
New Castle, DE 19720

Rec'd 3/6/06

# CERTIFICATE OF TITLE TO MOTOR VEHICLE

# State of Delaware

STOCK NO. 5931692

DIVISION OF MOTOR VEHICLES — DEPARTMENT OF PUBLIC SAFETY

ODOMETER MILEAGE: 0

| TITLE, TAG & REGISTRATION NO. | MANUFACTURER & YEAR | MODEL | BODY STYLE |
|---|---|---|---|
| 150686 | LINC 1990 | CON | 4D |

| TITLE DATE | VEHICLE IDENTIFICATION NO. | GROSS WEIGHT |
|---|---|---|
| 11/29/2000 | 1LNLM9845LY638033 | |

| TAG EXPIRATION DATE | YEARLY FEE | MGVWR | USE |
|---|---|---|---|
| 05/15/20 1 | 0.00 | | TRANSFER |

ISSUED TO

SHIPLEY JOHN S
409 [illegible] AVE
[illegible]DALE
NEW CASTLE DE 19720

LIENHOLDER(S)

NONE

1ST LIEN
DATE OF RELEASE ______

______ LIENHOLDER

______ AUTHORIZED REPRESENTATIVE

2ND LIEN (IF ANY)
DATE OF RELEASE ______

______ LIENHOLDER

______ AUTHORIZED REPRESENTATIVE

3RD LIEN (IF ANY)
DATE OF RELEASE ______

______ LIENHOLDER

______ AUTHORIZED REPRESENTATIVE

I, the undersigned, hereby certify that an application for certificate of title has been made for the vehicle described hereon, pursuant to the provisions of the Motor Vehicle Laws of this State, and the applicant named on the face hereof has been duly recorded as the lawful owner of said vehicle. I further certify that the vehicle is subject to the security interests shown hereon, if any. But, however, the vehicle may be subject to other security interests not filed with this Department. The Department will not be responsible for false or fraudulent odometer statements made in the assignment of the Certificate of Title or for errors made in recording by the Department.

STOCK NO. 5931692

DIRECTOR, MOTOR VEHICLE DIVISION

DO NOT DETACH UNTIL SOLD-SEE REVERSE SIDE

# SELLERS REPORT OF SALE

STATE OF DELAWARE
DIVISION OF MOTOR VEHICLES

| TAG NO. | MANUFACTURER & YEAR | VEHICLE IDENTIFICATION NO. | SELLING PRICE | DATE |
|---|---|---|---|---|
| 450686 | LINC 1990 | 1LNLM9845LY638033 | | |

| NAME OF SELLER (CURRENT REGISTERED OWNER) | NAME OF BUYER |
|---|---|
| SHIPLEY JOHN S | |

| COMPLETE ADDRESS OF SELLER | COMPLETE ADDRESS OF BUYER |
|---|---|
| | |

| CITY | STATE | ZIP | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| | | | | | |

| SELLER'S SIGNATURE | ODOMETER READING-MILES (NO TENTHS) | BUYER'S DRIVERS LICENSE NO. | STATE |
|---|---|---|---|
| | | | |

WARNING—WHEN YOU SELL/RELEASE INTEREST IN THIS VEHICLE, YOU MUST MAIL THIS DETACHMENT, ALONG WITH THE REGISTRATION CARD IMMEDIATELY TO DMV REGISTRATION SECTION,

Ex A

(No. 44-B) DEED-TYPEWRITER

Printed and Sold by Hugh A. George Co., Stationers, 410 Tatnall St., Wilmington, Del.

REC D102 PAGE 135

# This Deed, Made this

503 19 day of July in the year of our LORD one thousand nine hundred and seventy-eight.

BETWEEN, CLARENCE FREDERICK WILSON and MABEL GERTRUDE WILSON, his wife, of New Castle Hundred, New Castle County and State of Delaware, parties of the first part,

-A N D-

JOHN S. SHIPLEY and ROCHELLE D.SHIPLEY, of the Hundred, County and State aforesaid, parties of the second part.

**Witnesseth.** That the said parties of the first part, for and in consideration of the sum of TWENTY-SIX THOUSAND NINE HUNDRED DOLLARS ($26,900.00) lawful money of the United States, the receipt whereof is hereby acknowledged, hereby grant and convey unto the said parties of the second part,

ALL those certain lots or parcels of land situate in New Castle Hundred, New Castle County and State of Delaware, and comprising Lots Nos. 1, 2, 41 and 42 of Block 12 of Minquadale, as appears on the plot thereof, recorded in the Office for the Recording of Deeds in and for New Castle County aforesaid in Deed Record D, Volume 27, Page 601 &c., and being more particularly bounded and described as follows, to-wit:

BEGINNING at the Northeasterly corner of Wildel Avenue and Harrington Street; thence continuing Northerly along Wildel Avenue Forty feet; thence Easterly along the Southerly line of Lot No. 3, Block 12, One Hundred Four and Twenty-Nine Hundredths Feet; thence Northerly along the line of Lots Nos. 3, 4 and 5, Sixty feet to a point; thence Easterly parallel with Harrington Street Forty feet to a point; thence Southerly along the line of Lot No. 40, One Hundred Feet to the Northerly side of Harrington Street; thence Westerly along Harrington Street, One Hundred Forty-Two and Seventy-Six One-hundredths feet to the point of BEGINNING. Be the contents thereof what they may.

BEING the same lands and premises which Harvey O. Stephens and Maryon E. Stephens, his wife, by Indenture dated the 27th day of November, A.D. 1945 and of record at the Office of the Recorder of Deeds in and for New Castle County at Wilmington in Deed Record L, Volume 45, Page 362, did grant and convey unto Clarence Frederick Wilson and Mabel Gertrude Wilson, his wife, parties hereto.

ALL those certain lots or parcels of land situate in New Castle Hundred, New Castle County and State of Delaware, and comprising Lots Nos. 3, 4 & 5 of Block 12 of Minquadale, as appears on the Plot thereof, recorded in the Office aforesaid in Deed Record D, Volume 27, Page 601, and being more particularly bounded and described as follows, to-wit:

BEGINNING at a point forty and four hundredths feet distant in a Northerly direction from the intersection of the Northerly side of Harrington Street and the Easterly side of Wildel Avenue; thence Northerly along the Easterly side of Wildel Avenue sixty feet and three hundredths feet; thence Easterly and parallel with Harrington Street one hundred and six and fifty-nine hundredths feet; thence Southerly and parallel with Haseldell Avenue sixty feet; thence Westerly and parallel with Harrington Street, one hundred and four and twenty-nine hundredths feet to the place of BEGINNING. Be the contents thereof what they may.

BEING the same lands and premises which Rymear W. Slaughter, Single Man, by Indenture dated the 31st day of May, A.D. 1947 and of record at the Office of the Recorder of Deeds in and for New Castle County at Wilmington in Deed Record E, Volume 47, Page 194, did grant and convey unto Clarence Frederick Wilson and Mabel Gertrude Wilson, his wife, parties hereto.

Tax Parcel #10-010.30-052

ASSESSMENT, NEW CASTLE COUNTY — REGISTERED

Exhibit B

State of Delaware
Justice of the Peace Court 11
61 CHRISTIANA ROAD
New Castle, DE 197200000
(302) 323-4450

DISPOSITION RECORD

STATE OF DELAWARE :

vs :

JOHN S SHIPLEY :

Court Case #: 0410019608 :

Summons # WI10002904 :

Complaint # I104004944 :

Date of Arrest: 11/05/2004 :

Chapter Section 0606 :
Code of the State of Delaware :

Offense: UNREG VEHICLE :

Court: Justice of the Peace Court 11 :
Plea: NOT GUILTY :
Date of Plea: 11/05/2004 :

Finding: FOUND GUILTY ORIGINAL CHARGE :
Date of Finding: 02/14/2006 :
VCF : $36.00 :
VRF : $0.00 :
PD : $0.00 :
FINE: $200.00 :
COST: $35.00 :
RESTITUTION: $0.00 :
SUBSTANCE ABUSE: $0.00 :
VIDEOPHONE: $1.00 :

I, LAURENCE L FITCHETT J, Justice of the Peace of the State of Delaware, do hereby certify that the above and foregoing is a true and correct copy of the judgment rendered in the above-captioned case, as is of record in the Justice of the Peace Court automated criminal case management system.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the said court this 19 day of February, 2006.

LAURENCE L FITCHETT J

Justice of the Peace

State of Delaware
Justice of the Peace Court 11
61 CHRISTIANA ROAD
New Castle, DE 197200000
(302) 323-4450

DISPOSITION RECORD

STATE OF DELAWARE :

vs :

JOHN S SHIPLEY :

Court Case #: 0410019608 :

Summons # WI10002904 :

Complaint # I104004944 :

Date of Arrest: 11/05/2004 :

Chapter Section 0606 :
Code of the State of Delaware :

Offense: WEEDS AND GRASS :

Court: Justice of the Peace Court 11 :
Plea: NOT GUILTY :
Date of Plea: 11/05/2004 :

Finding: FOUND GUILTY ORIGINAL CHARGE :
Date of Finding: 02/14/2006 :
VCF : $36.00 :
VRF : $0.00 :
PD : $0.00 :
FINE: $100.00 :
COST: $35.00 :
RESTITUTION: $0.00 :
SUBSTANCE ABUSE: $0.00 :
VIDEOPHONE: $1.00 :

I, LAURENCE L FITCHETT J, Justice of the Peace of the State of Delaware, do hereby certify that the above and foregoing is a true and correct copy of the judgment rendered in the above-captioned case, as is of record in the Justice of the Peace Court automated criminal case management system.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the said court this 19 day of February, 2006.

LAURENCE L FITCHETT J

Justice of the Peace

State of Delaware
Justice of the Peace Court 11
61 CHRISTIANA ROAD
New Castle, DE 197200000
(302) 323-4450

DISPOSITION RECORD

STATE OF DELAWARE

vs

JOHN S SHIPLEY

Court Case #: 0410019608

Summons # WI10002904

Complaint # I104004944

Date of Arrest: 11/05/2004

Chapter Section 0606
Code of the State of Delaware

Offense: UNREG VEHICLE

Court: Justice of the Peace Court 11
Plea: NOT GUILTY
Date of Plea: 11/05/2004

Finding: FOUND GUILTY ORIGINAL CHARGE
Date of Finding: 02/14/2006
VCF : $36.00
VRF : $0.00
PD : $0.00
FINE: $200.00
COST: $35.00
RESTITUTION: $0.00
SUBSTANCE ABUSE: $0.00
VIDEOPHONE: $1.00

I, LAURENCE L FITCHETT J, Justice of the Peace of the State of Delaware, do hereby certify that the above and foregoing is a true and correct copy of the judgment rendered in the above-captioned case, as is of record in the Justice of the Peace Court automated criminal case management system.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the said court this 19 day of February, 2006.

LAURENCE L FITCHETT J

Justice of the Peace

C 3

State of Delaware
Justice of the Peace Court 11
61 CHRISTIANA ROAD
New Castle, DE 197200000
(302) 323-4450

DISPOSITION RECORD

STATE OF DELAWARE

vs

JOHN S SHIPLEY

Court Case #: 0410019608

Summons # WI10002904

Complaint # I104004944

Date of Arrest: 11/05/2004

Chapter Section 0606
Code of the State of Delaware

Offense: OUTSIDE STORAGE

Court: Justice of the Peace Court 11
Plea: NOT GUILTY
Date of Plea: 11/05/2004

Finding: FOUND GUILTY ORIGINAL CHARGE
Date of Finding: 02/14/2006
VCF : $36.00
VRF : $0.00
PD : $0.00
FINE: $200.00
COST: $35.00
RESTITUTION: $0.00
SUBSTANCE ABUSE: $0.00
VIDEOPHONE: $1.00

I, LAURENCE L FITCHETT J, Justice of the Peace of the State of Delaware, do hereby certify that the above and foregoing is a true and correct copy of the judgment rendered in the above-captioned case, as is of record in the Justice of the Peace Court automated criminal case management system.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of the said court this 19 day of February, 2006.

LAURENCE L FITCHETT J

Justice of the Peace

# Justice of the Peace Court 11

## TIME TO PAY AGREEMENT

Date Prepared: February 14, 2006
Sentence Date: 02/14/2006

Case Number: 0410019608
Summons No : WI10002904

Defendant's Name: JOHN S SHIPLEY
Address: 609 WILDEL AVE
Minquadale
NEW CASTLE, DE 19720

SSN: 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
DOB: 03/04/1958
Lic.No: DE 0878871

Employer: JOHNS AUTO SERV PA
Address:

Home Phone: 6108727338
Work Phone: 2158765317
Judge: T. ROGER BARTON

| | Current | Original |
|---|---|---|
| **Fine Amount:** | $700.00 | $700.00 |
| **Court Costs:** | $140.00 | $140.00 |
| **Victims Comp. Assessment:** | $144.00 | $144.00 |
| **Videophone Fee:** | $4.00 | $4.00 |
| **Total Amount Due:** | $988.00 | $988.00 |

Terms of Payment Agreement:

**To be paid in monthly installments of $10.00 beginning March 03, 2006 until paid in full.**

I (JOHN S SHIPLEY) understand that the Court has ordered that the above fines and costs must be paid in full compliance with the above terms. I further agree that if I am unable to comply with the above stated terms that I will voluntarily return to the Court on or before the due date and request to be placed on work referral to work off the balance due.

I understand that if I fail to comply with this agreement that a capias will be issued for my arrest and that I may be charged with Contempt of Court and subjected to a prison sentence.

APPROVED THIS 14 DAY OF February 2006 A.D.

Signed ______________________ Justice of the Peace ______________________

NOTICE: If the fine is for a traffic violation, upon failure to pay the Division of Motor Vehicles will be notified and the defendant's license to drive will be suspended pursuant to 21 Del. Code § 2731-2732.

NOTICE: Victim's Compensation Assessment: Pursuant to 11 Del. Code § 9901 AND § 9012 an assessment of 18% is to be levied on all fines imposed by the Courts.

NOTICE: You must notify the Court of any Change of address within one (1) week of that change.

You may make your payments by bringing them to the Court or you may mail your payment along with a copy of this agreement to:

TIME TO PAY
Justice of the Peace Court 11
61 CHRISTIANA ROAD
New Castle, DE 197200000
Phone: (302) 323-4450

**PLEASE MAKE ALL CHECKS AND MONEY ORDERS PAYABLE TO 'THE STATE OF DELAWARE'.**

CS

# Certificate of Service

I, John S Shipley, certify that a copy of **A MOTION TO RECONSIDER THE ORDER FINDING JOHN S. SHIPLEY GUILTY** was caused by first class mail on the · day of February 2006, to the following:

Verne Orndoff
New Castle County
Department of Land Use
Office of Code Enforcement
87 Reads Way, Corporate Commons
New Castle, DE 19720
302-395-5040

POLICE
"Excellence in Policing"

New Castle County
Police Department




Corporal
James Gladney Jr.
Community Services Unit

87 Reads Way
New Castle, DE 19720
Office: 302.395.8050
Voice Mail: 302.395.8056

e-mail: JGladney@co.new-castle.de.us
Visit our website: www.nccpd.com

Date: 3/21/2006

John S Shipley
609 Wildel Ave
Minquadale
New Castle, DE 19720

sician), and that go be air conditioned. air conditioning s within the head of the bus shall be FMVSS 302 and Del. Laws, c. 354,

V

ons

icles to prevent

n or moved on any cted or loaded as ing, sifting, leaking

(a) of this section not less than $10 ch subsequent like ined not less than 6 Del. Laws, c. 10, 0, § 34; Code 1935, 3, § 4371; 65 Del. , c. 9, § 47; 70 Del.

eat scrap, bones;

public highway any aste animal matter, a closed body, the fastened while the y, shall be fined not . not more than 30 0, §§ 1, 2; 21 Del. C. , § 48.)

club insignia;

member of the Dela- all exhibit or display hip card, sign, token tion, with intent to is a member of the n or entitled to any esulting from mem-

vision of this section 57.50. (Code 1915, de 1935, § 3962; 21 Laws, c. 9, § 49; 70

d on motor vehi- nployees; penalty.

vided by a railroad employees shall be



equipped with adequate seating facilities, heating facilities and facilities for communication between occupants of the front seat of the vehicle and the occupants in the rear compartment of the vehicle. This requirement shall not apply to motor vehicles used to transport employees distances of less than 5 miles from their regular assembly point nor in cases of extreme emergency.

(b) If any dispute arises as to the adequacy of the facilities provided for in this section, it shall be submitted to and decided by the Director of the Division of Motor Vehicles.

(c) The Department may rescind, cancel or suspend the registration of any motor vehicle described in subsection (a) of this section and may rescind, cancel, suspend or take possession of the current registration plates of any such motor vehicle which is determined by the Department to be not equipped as required by this section. (60 Del. Laws, c. 653, § 1.)

*Subchapter V*

*Brake Fluids*

**§§ 4381-4387. Definitions; Prohibition; Misbranding; Adulteration; Standards and specifications; Enforcement; Penalties.**

Repealed by 72 Del. Laws, c. 84, § 1, eff. June 25, 1999.

## CHAPTER 44

## ABANDONED VEHICLES

Sec.


4401. Purpose; abandoned vehicles on private property or public highways; definition.
4402. Enforcement; removal of abandoned vehicles; transfer thereof.
4403. Notice of removal.
4404. Sale of abandoned vehicles; disposition of proceeds.
4405. Sale as barring claims or interests.
4406. Issuance of certificate of title.
4407. Secretary of Public Safety; rules and regulations.
4408. Immunity of police officers, Department of Safety and Homeland Security employees and garage persons towing or storing vehicles.
4409. Rights and authority granted to be in addition to other rights and authority.
4410. Wreckers; removal; licenses; records; contract.
4411. Storage area for abandoned vehicles.
4412. Vehicles left in possession of garage and/or service station; limitations.
4413. Antique cars or parts thereof; exception.
4414. Penalty; prima facie evidence of wilful abandonment; jurisdiction.
4415. Disposal of vehicles 8 years of age or older by wrecker owners.
4416. Vehicles left or abandoned on public highways.


**§ 4401. Purpose; abandoned vehicles on private property or public highways; definition.**

(a) The purpose of this chapter is to eliminate abandoned vehicles which tend to impede traffic in the streets or interfere with the enjoyment of, and reduce the value of, private property, to invite plundering, te create fire hazards and other safety and health hazards to children as well as to adults, to interfere with the comfort and well being of the public and to create, extend and aggravate urban blight.

(b) Any vehicle that is either (1) inoperable, dismantled, wrecked, or which displays expired registration plates which are at least 30 days expired, or which displays no registration plates, or from which major components have been removed, is in such a state of disrepair as to be incapable of being operated in the manner for which it is designed and is situated on private property appearing to have been abandoned; or (2) which is inoperable, dismantled, wrecked, or which displays expired registration plates which are at least 30 days expired, or which displays no registration plates, or from which the major components have been removed and which shall have been placed upon any State or public highway or property or the property or roads of any political subdivision or the State or public highways within a municipality or upon any express highway in the State for a period in excess of 12 hours without being removed, shall be considered to be abandoned for the purpose of this chapter, except:

(1) That vehicles and equipment used or to be used in the construction, operation or maintenance of public utility facilities and which are left in a manner which does not interfere with the normal movement of traffic shall not be considered abandoned vehicles for the purposes of this chapter;

(2) Those vehicles whose owners have properly parked and locked them and have notified the State Police, county police or municipal police, as the case may be, as designated in § 4402 of this title, that the owner desires to leave the vehicle so parked and secured for a period not to exceed 30 days, except that if during such period the vehicle is no longer secured, or, in the opinion of the State Police, county police or municipal police, has become a danger to the public, then the vehicle shall be subject to the provisions of this chapter.

(c) As used in this chapter, the term "express highway" or "state highway" or "public highway" shall include any portion of the highway located within the right-of-way lines or, in the case of limited access highway, the denial of access lines, including shoulders and median strip. (21 Del. C. 1953, § 4401; 55 Del. Laws, c. 173; 57 Del. Laws, c. 204; 57 Del. Laws, c. 713, § 1; 65 Del. Laws, c. 46, § 1; 74 Del. Laws, c. 60, §§ 1, 2, 3.)

**§ 4402. Enforcement; removal of abandoned vehicles; transfer thereof.**

(a) This chapter shall be enforced with respect to state or public highways or property within a mu-

C 7

***DR. PAUL G. EPSTEIN, P.C.***
***Community Hospital Office Building, Suite 103*** ***Phone: 610-494-4440***
***2602 W. 9th Street, Chester, PA 19013*** ***Fax: 610-859-0350***

August 10, 2004

To Whom It May Concern:

Mr. Shipley was injured on April 22, 2004 and has taken Motrin and Darvocet N100 for his injuries.

Patient states this medication caused him to be forgetful.

Sincerely,

Paul G. Epstein, D.O.

PGE/dj

C 8

IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
IN AND FOR
☐ KENT COUNTY ☐ NEW CASTLE COUNTY ☐ SUSSEX COUNTY

$40.00

STATE OF DELAWARE ) Cr. A No. 0307010148
) D.O.B.: 3/4/58
vs. 161198
)
John S Shipley ) DRIVING UNDER THE INFLUENCE OF ALCOHOL AND/OR DRUGS (1ST OFFENSE)
03-07-2918

This 9th day of August, 20 04, IT IS THE SENTENCE of the Court that the Defendant:

Pay the costs of the prosecution; and

Pay a fine of $230.00 and surcharge of 33% of the fine (18% payable to the Victim Compensation Fund pursuant to 11 Del. C. § 9012 and 15% payable to Substance Abuse Rehabilitation, Treatment, Education, and Prevention Fund pursuant to 16 Del. C. Chap. 48 A);

( X ) And pay a fee of $50.00 if represented by the Public Defender pursuant to 29 Del. C. § 4607; and

(   ) Commencing ______________ be committed to the Department of Correction of the State of Delaware at Level V for a term of ______ days; (   ) of which ______ is suspended; and

Be placed on Probation at Supervision Level 1 for a period of one year, subject to a Special Condition of Probation that the Defendant shall be evaluated for substance abuse at D.E.R.P. within 28 days, and thereafter complete a course of instruction and/or program of rehabilitation as required by 21 Del. C. § 4177D within 5 months at the Defendant's expense.

609 Wilder Ave
New Castle, DE 19720
~~658-5644~~
215 ~~876-5519~~

[signature]
JUDGE / COMMISSIONER

07-06-2003
SPX 71196
BAC - .15

$230.00 - $1150.00 / 60 days to 6 mos.

Rev. 6/98
Doc. No. 02 06 00 01 03 04

C9 SCH...

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR
☐NEW CASTLE COUNTY ☐KENT COUNTY ☐SUSSEX COUNTY

STATE OF DELAWARE )D.O.B.: 3-4-58
)
v. )Cr. A. No.: 0307010148
)
John D. Shipley )Offense: DUI

## SENTENCING ORDER - VIOLATION OF PROBATION

THIS 13th day of May, 2005, it appearing that the defendant was originally placed on probation on ____________________;

The defendant either admitted or after a hearing thereon was found to have failed to comply with the following terms and conditions of supervision:

( ✓ ) Failed to complete the DUI Program or Substance Abuse Program as required.
( ) Conviction of a new offense.
( ) Failing to report as required to Supervising Officer.
( ) Failed to report a change of residence and/or employment within 24 hours of such a change to the Supervising Officer.
( ) Random drug testing showed the presence of an illegal substance in probationer's system.
( ) Failed to have the written consent of the Supervising Officer to leave the State of Delaware or approved state of residence.
( ) Failed to perform community service as required by the terms of probation.
( ) Other: ____________________________________________.

Having concluded that probationer has violated the terms and conditions of probation as set forth above, defendant is hereby sentenced as follows:

PROBATION is hereby:
( ) Reimposed with the original terms and conditions for a term of ________.
( ) Revoked and defendant is sentenced as set forth below.
( ✓ ) Defendant is discharged as unimproved.
( ) Continued on probation at Level ______ on the conditions set forth below for a term of ____________________________.

SENTENCED AS FOLLOWS:

Pay the costs of prosecution; and

( ) Pay a fine of $____________ and an 18% surcharge payable to the Victims Compensation Fund; and

( ) Pay a surcharge of 15% to the Substance Abuse, Rehabilitation

C 10