# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN S. SHIPLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No 04-1530 JJF |
| | ) | |
| v. | ) | |
| | ) | |
| B & F TOWING COMPANY and | ) | |
| OWNERS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Laurence V. Cronin (ID No. 2385)
Etta R. Wolfe (ID No. 4164)
SMITH, KATZENSTEIN & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405

*Attorneys for B&F Towing Co.*

Dated:  April 17, 2006

10012250.WPD

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    The Summary Judgment Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II.    Shipley's Alleged Constitutional Violations are Unfounded. . . . . . . . . . . 7

        A.    B&F did not violate Shipley's right of due process . . . . . . . . . . . . 7

        B.    Shipley fails to allege any fact in support of his
              claim of racial discrimination . . . . . . . . . . . . . . . . . . . . . . . . . 10

        C.    Shipley's claims of conspiracy are unsupported
              and unfounded . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        D.    Shipley's Thirteenth Amendment and privileges
              and immunities claims are unfounded. . . . . . . . . . . . . . . . . . . . 14

        E.    Shipley's claim of malicious prosecution is
              unsupported by fact or law. . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*BMW of North America, Inc., v. Gore*,
    517 U.S. 559 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cleveland Bd. of Educ. v. Loudermill*,
    470 U.S. 532 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Farber v. City of Paterson*,
    440 F.3d 131 (3d. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Fisher v. City of Reading*,
    Civ.A. No. 89-8148,1990 WL 39872
    (E.D. Pa. Apr. 2, 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Horowitz v. Federal Kemper Life Assurance Co.*,
    57 F.3d 300 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Igwe v. E.I. DuPont de Nemours & Co., Inc.*,
    No. CIV.A. 03-839-JJF, 2005 WL 196577
    (D. Del. Jan. 26, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Johnson v. Campbell*,
    No. CIV.A. 00-510-JJF, 2001 WL 34368406
    (D. Del. Mar. 30, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Johnson v. Outboard Marine Corp.*,
    172 F.3d 531 (8th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Jones v. Town of Seaford*,
    661 F. Supp. 864 (D. Del. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Martin v. Delaware Law School of Widener University,*
    625 F. Supp. 1288 (D. Del. 1985),
    *aff'd,* 884 F.2d 1384 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
    475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mays v. Scranton City Police Dept.,*
    503 F. Supp. 1255 (M.D. Pa. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*McDonnell Douglas Corp v. Green,*
    411 U.S. 792 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Morrissey v. Brewer,*
    408 U.S. 471 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pennsylvania Coal Ass'n v. Babbitt,*
    63 F.3d 231 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Shehee v. City of Wilmington,*
    67 Fed. Appx. 692 (3d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Shipley v. First Fed. Sav. & Loan Ass'n,*
    703 F. Supp. 1122 (D. Del. 1988),
    *aff'd,* 877 F.2d 57 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*St. Mary's Honor Ctr. v. Hicks,*
    509 U.S. 502 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United Bhd. of Carpenters & Joiners v. Scott,*
    463 U.S. 825 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United Mine Workers v. Gibbs,*
    383 U.S. 715 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Wiers v. Barnes,*
    925 F. Supp. 1079 (D. Del. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## Statutes & Other Authorities

**Page(s)**

U.S. Const. amend. XIII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 14

U.S. Const. amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . , . . . . . . . . . . . . . 2, 7, 14, 15

42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

42 U.S.C. § 1982 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 11

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

42 U.S.C. § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12, 13

42 U.S.C. § 1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12, 13

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

21 *Del. C.* § 4402(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

16B Am. Jur. 2d *Constitutional Law* § 746 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

16B Am. Jur. 2d *Constitutional Law* § 747 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## NATURE AND STAGE OF THE PROCEEDINGS

On December 20, 2004, plaintiff, John S. Shipley ("Shipley"), commenced this action by filing a complaint in which he asserted various claims arising from the towing of his vehicle from his residence (D.I. 1) (the "Complaint")[1]. On January 7, 2005, B & F Towing Company ("B&F") filed its answer (D.I. 4) (the "Answer"). Pursuant to a scheduling order entered by the Court on July 27, 2005 (D.I. 11) and revised by the Court pursuant to Shipley's request on November 15, 2005 (D.I. 15), discovery was completed by March 31, 2006. This is B&F's opening brief in support of its motion for summary judgment[2].

---

[1] In the Complaint, the defendant is identified as "B&F Towing Company, and Owners A business organized and existing under the laws of the United States of America." To defendant's knowledge, no such entity exists. The correct corporate name of the defendant is B & F Towing Company.

[2] On April 10, 2006, Shipley filed a Motion for Time to Leave to Ammend (sic) the Complaint (D.I. 23) (the "Motion to Amend"). In his Motion to Amend, Shipley seeks to amend the Complaint to add New Castle County as a defendant. B&F intends to respond to the Motion to Amend separately.

10012250.WPD                                      1

## SUMMARY OF ARGUMENT

1.      Shipley contends that he was deprived of his property without an opportunity to raise a defense, thereby implicating Fourteenth Amendment due process concerns. However, in the first instance, B&F, as the towing company, is not the proper party to provide Shipley with the process he seeks. Moreover, whether or not B&F is the proper party, Shipley was afforded all process necessary under the circumstances. Accordingly, summary judgment in favor of B&F is warranted.

2.      Shipley next contends that B&F discriminated against Shipley because of his race. Shipley fails to prove or, in fact, even allege that B&F's towing practices were carried out solely, primarily, or in a disproportionate way against members of the "Negro race". Remarkably, Shipley does not allege that B&F even knew Shipley's race prior to towing his vehicle. Accordingly, summary judgment in favor of B&F is warranted.

3.      Shipley contends that B&F conspired to violate his civil rights. However, the only support for his claims are broad, conclusory allegations that are facially insufficient to support conspiracy claims pursuant to Third Circuit standards. Accordingly, summary judgment in favor of B&F is warranted.

4.      Shipley makes offhand reference to potential violations of his Thirteenth Amendment rights and violations of the Privileges and Immunities clauses. However, B&F can determine no relation between slavery and/or involuntary servitude and the towing of Shipley's car. Similarly, with respect to Shipley's Privileges and Immunities claims, since B&F and Shipley are residents of the same state, the Privileges and Immunites doctrines are inapplicable here. Accordingly, summary judgment in favor of B&F is warranted.

5.     Finally, Shipley alleges B&F maliciously prosecuted him. B&F has not "prosecuted" Shipley. B&F is the defendant herein. Shipley has failed to allege any fact from which this claim could arise. Moreover, in the unlikely event that Shipley could allege a malicious prosecution claim against B&F, this claim arises from state law. Since Shipley's federal claims are not viable, this Court should refuse to entertain supplemental jurisdiction of the state law claim.

## STATEMENT OF FACTS

Shipley resides at 609 Wildel Avenue in New Castle, Delaware. (Compl. ¶ II). B&F is a towing company with its principal place of business in New Castle, Delaware. (Compl. ¶ III). On October 15, 2004, New Castle County Code Enforcement Inspector Verne D. Orndorff ("Orndorff") went to 609 Wildel Avenue as a result of a complaint received by New Castle County on October 7, 2004 about the condition of Shipley's property. (Affidavit of Etta R. Wolfe ("Wolfe Aff.") Ex. A)[3]. Upon arrival, Orndorff found two unregistered motor vehicles parked outside the residence covered with tree limbs and surrounded by overgrown weeds in violation of New Castle County Code Sections 6.06.004(A), (B) and (C). (Wolfe Aff. Ex. B). Orndorff posted a Notice of Violation on the property (the "Notice"). (Wolfe Aff. Ex. C). The Notice provided Shipley with seven days to correct the enumerated violations and provided (in all capital letters) a phone number for Shipley to call with any questions or concerns. (*Id.*).

On October 22, 2004, at the end of the seven day period provided in the Notice, Orndorff returned to reinspect the property. (Wolfe Aff. Ex. A). However, nothing had changed. (Wolfe Aff. Ex. D). Orndorff tagged the vehicle for towing. (Wolfe Aff. Ex. A); 21 *Del. C.* § 4402(e). On October 24, 2004, B&F towed the offending vehicle. (Compl. ¶ IV). On October 25, 2004, Orndorff filed a complaint resulting from the violations. (IUVPP Case Report). On February 14, 2006, Shipley was found guilty of all charges. (Disposition Records).

---

[3]Copies of referenced documents are included in the Wolfe Affidavit filed concurrently with this brief.

**ARGUMENT**

I.    **The Summary Judgment Standard.**

The standard of review to be applied on a motion for summary judgment is well established. A district court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (citations omitted).

If the moving party has demonstrated an absence of material fact, the burden shifts to the nonmoving party who "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (*quoting* Fed. R. Civ. P. 56(e)). In all cases, the court views "the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II.    Shipley's Alleged Constitutional Violations are Unfounded.

Shipley's Complaint states that this action was brought pursuant to 42 U.S.C.

§§ 1981, 1982, 1985(3), 1986 and the Thirteenth and Fourteenth Amendments.  (Compl. ¶

I).  The text of the Complaint contains what appears to be five causes of action without

citation to any of the particular sections of Title 42 of the United States Code enumerated in

the opening paragraph of the Complaint. (Compl. ¶¶ I, IV, V, VI, and VII).  However, upon

close examination of the allegations in the Complaint and the incontrovertable facts of the

case, summary judgment in favor of B&F is warranted on all counts.

### A.    B&F did not violate Shipley's right of due process.

The first discernable cause of action appears in subsection IV of the

Complaint.  In this subsection, Shipley argues that he was deprived of his property without

an "opportunity to raise a defense."  This assertion may be interpreted as alleging that B&F

somehow violated Shipley's due process rights established by the Fourteenth Amendment

and enforced by 42 U.S.C. § 1983.  However, B&F is not the proper party to afford Shipley

the process he seeks.  "If the necessary hearing has not been provided, it is the [county's]

constitutional omission, not the tower's." *Mays v. Scranton City Police Dept.*, 503 F. Supp.

1255, 1264 (M.D. Pa. 1980).  It undeniably is the responsibility of the "agency that directed

the tow to provide the procedural safeguards mandated by the Fourteenth Amendment; the

tower is not the party in the tripartite relationship of tower, [county], and vehicle owner to

provide the hearing." *Id.*  In *Mays*, the plaintiff's car was towed as an abandoned vehicle.

Upon learning that his car was missing, the plaintiff contacted the police department.  The

police sergeant advised the plaintiff that his car had been towed as an abandoned vehicle.

The plaintiff requested return of the car from the towing company. The towing company refused to return the car until the towing charges and storage fees were paid. Plaintiff filed a complaint against the city and the towing company alleging *inter alia*, a deprivation of property without due process. The *Mays* court found that the alleged constitutional violation was in the lack of procedural safeguards prior to the towing, not the towing itself. *Id.*

Shipley, like the plaintiff in *Mays*, alleges that he was "never given the opportunity to raise a defense" thereby depriving him of his property without being provided due process. Complaint ¶ IV. Thus, here, as in *Mays*, Shipley's alleged violation is in the process surrounding the towing, not the towing itself. Apparently recognizing this deficiency, on April 10, 2006, Shipley filed his Motion to Amend. In the Motion to Amend, Shipley seeks leave to amend the Complaint to add "the New Castle County and other defendants of the county" as defendants in this proceeding. Motion to Amend ¶ 1. As Shipley impliedly recognizes in his Motion to Amend, B&F is not the party to provide Shipley the process he seeks. Accordingly, summary judgment as to this count of the Complaint should be granted.

Moreover, in spite of Shipley's statements to the contrary, he was given notice and an opportunity to respond prior to the towing of his vehicle. (Wolfe Aff. Ex. C). Additionally, Shipley was provided a full hearing on the violations resulting in the towing of his vehicle and found guilty. (Wolfe Aff. Ex. E). "Due process is a flexible concept, and its procedural protections will vary depending on the particular deprivations involved." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Procedural due process is necessary where one may be deprived

of life, liberty or property. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). The person must be given notice of the proceedings and an opportunity to defend himself so that the deprivation is resolved in a manner consistent with essential fairness. *BMW of North America, Inc., v. Gore,* 517 U.S. 559 (1996).

Here, on October 15, 2004, Orndorff posted the Notice on Shipley's property. (Wolfe Aff. Ex. C). Pursuant to the terms of the Notice, Shipley was given seven days to correct the enumerated violations and provided (in all capital letters) a phone number for Shipley to call with any questions or concerns. (*Id.*). On October 22, 2004, upon reinspection of Shipley's property and finding it unchanged, Orndorff tagged the vehicle for towing. (Wolfe Aff. Ex. A). On October 25, 2004, Orndorff filed a complaint as a result of Shipley's violations. (*Id.*). On February 14, 2006, Shipley was heard on the complaint and was found guilty of all charges. Accordingly, based on the uncontroverted facts of this case, Shipley was afforded all the protections necessary and all process due to resolve the matter consistent with essential fairness. Thus, whether or not B&F is the proper party, summary judgment in favor of B&F is appropriate.

**B.** **Shipley fails to allege any fact in support of his claim of racial discrimination.**

In what appears to be the second count of the Complaint, Shipley asserts that he was deprived of his right to keep his car in violation of his constitutional right to freely purchase and enjoy property without regard to race. (Compl. ¶ V). Based on the language of Shipley's Complaint, it appears that this allegation implicates either 42 U.S.C. §§ 1981 or 1982 or both. Section 1981 of Title 42 of the United States Code provides in pertinent part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . " 42 U.S.C. § 1981. Section 1982 of Title 42 of the United States Code provides in pertinent part that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. It is undisputed that Shipley is a member of the "Negro race" and, as such, is a member of a racial minority (*see* Compl. ¶ II)[4]. Beyond this assertion, Shipley sets forth no other fact in support of his claim.

Both Section 1981 and 1982 claims are analyzed under the burden-shifting framework developed in Title VII cases including *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973) and *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993). *See Johnson v. Campbell*, No. CIV.A. 00-510-JJF, 2001 WL 34368406 (D. Del. Mar. 30, 2001) (discussing

---

[4] Shipley uses the phraseology of "Negro race" in section II of his Complaint. Accordingly, for consistency throughout, B&F will use that phraseology herein when referring to Shipley's race.

§ 1981) (attached as Ex. 1) and *Shipley v. First Fed. Sav. & Loan Ass'n*, 703 F. Supp. 1122 (D. Del. 1988), *aff'd,* 877 F.2d 57 (3d Cir. 1989) (discussing § 1982). Thus, Shipley must first establish a *prima facie* case of discrimination by demonstrating that: (1) he is a member of a racial minority; (2) B&F intended to discriminate against Shipley on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in sections 1981 and 1982. *Id.* Once Shipley has established a *prima facie* showing, the burden shifts to B&F to assert a "legitimate, nondiscriminatory" reason for their actions, which Shipley may then rebut with evidence of pretext. *Id.*

As stated above, Shipley admittedly is a member of the Negro race and as such is a member of a racial minority (Compl. ¶ II). However, what Shipley has not (and cannot) show is that B&F intended to discriminate against Shipley on the basis of race. In order to show discrimination, Shipley would have to show that B&F's towing practices were carried out solely, primarily, or in a disproportionate way against members of the Negro race. *See Shipley*, 703 F. Supp. at 1138. In spite of the extra time Shipley was granted to complete discovery, Shipley has failed to offer a single fact or to produce any credible evidence that this facially neutral act was taken on the basis of race. In fact, Shipley fails to allege that the Defendant was even aware of Shipley's race. Accordingly, summary judgment in favor of B&F is appropriate.

C.    **Shipley's claims of conspiracy are unsupported and unfounded.**

The fourth cause of action appears in subsection VII of the Complaint. In this subsection, Shipley asserts that B&F "conspired to violate his civil rights" and "aided in the conspiracy in the furtherance of the violation of [his] civil rights" (Compl. ¶ VII). Thus, these allegations appear to implicate 42 U.S.C. §§ 1985(3) and 1986. Section 1985(3) permits an action to be brought by one injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d. Cir. 2006) (citations omitted). In order to state a claim under Section 1985(3), a plaintiff must allege (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Id.* (citing *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)). It is well settled "that claims under Section 1985 must be pleaded with specificity." *Martin v. Delaware Law School of Widener University*, 625 F. Supp. 1288, 1297 (D. Del. 1985), *aff'd*, 884 F.2d 1384 (3d Cir. 1989) (citations omitted).

"[U]nder Third Circuit standards, it is insufficient for a plaintiff alleging conspiracy to violate civil rights merely to make broad, conclusory allegations of such a conspiracy, or to show merely that the defendants had a common goal or acted in concert."

*Id.* Moreover, "[p]roof of conspiracy is an essential element of a claim for relief under Section 1985." *Id.* In *Martin*, the court found a clear failure to allege specific facts supporting allegations of conspiracy where plaintiff's complaint merely asserted that the defendants had conspired to deprive him of his civil rights and the only fact alleged in response to the defendants' motion to dismiss fell far short of showing an "agreement or understanding." *Id.* at 1298. Here, as in *Martin*, Shipley has done what is clearly prohibited under Third Circuit standards: he has made only broad, conclusory allegations of conspiracy without a scintilla of proof.

Section 1986 of Title 42 of the United States Code provides in pertinent part as follows: "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . ." "Violations of 42 U.S.C. § 1986 by definition depend on a pre-existing violation of § 1985 . . . ." *Shehee v. City of Wilmington*, 67 Fed. Appx. 692, 697 (3d Cir. 2003). Here, as set forth above, Shipley has failed to establish any violation of 42 U.S.C. § 1985.

Under either § 1985(3) or § 1986, Shipley fails to allege any act of conspiracy by B&F. As such, summary judgment in favor of B&F is appropriate.

10012250.WPD                    13

**D.    Shipley's Thirteenth Amendment and privileges and immunities claims are unfounded.**

In Section I of Shipley's Complaint, he makes passing reference to a violation of the Thirteenth Amendment. (Compl. ¶ I). No further reference to any alleged violation of Shipley's Thirteenth Amendment rights is made. No fact in support of his allegation is made. Shipley simply states, "[a]dditionally, this action has been brought pursuant to the Thirteenth Amendment of the United States Constitution to redress the deprivation of rights, which is an immunity secured thereby." (Compl. ¶ I). The Thirteenth Amendment prohibits slavery and involuntary servitude. *Igwe v. E.I. DuPont de Nemours & Co., Inc.*, No. CIV.A. 03-839-JJF, 2005 WL 196577 (D. Del. Jan. 26, 2005) (attached as Ex. 2). It is unclear to B&F how the towing of Shipley's car is related in any way whatsoever to slavery and/or involuntary servitude. No other allegation or fact in this case sheds any light or points to how Shipley's Thirteenth Amendment rights were violated. Plaintiff has failed to offer any fact in support of the allegation, accordingly, summary judgment in favor of B&F is appropriate.

Also in Section I of Shipley's Complaint, he makes another passing reference but this time to the "privileges and immunities clauses of Article 4 (sic) and the Fourteenth Amendment." (Compl. ¶ I). No further reference to any alleged violation of the privileges and immunities clauses is made. The purpose of Article IV, § 2 is to "ensure a citizen of state A who ventures into state B the same privileges which the citizens of state B enjoy." (16B Am. Jur. 2d *Constitutional Law* § 746 at 255 (1998)). The Privileges and Immunities Clause found in the Fourteenth Amendment "seeks, as does Article IV, § 2, to prevent an

exercise of the independent power left to each state in favor if its own citizens in respect to their common personal rights as citizens and against a participation in the same rights by citizens of other states. (16B Am. Jur. 2d *Constitutional Law* § 747 at 257 (1998)). Shipley makes no other statement and offers no other fact in support of his allegations. Notably, Shipley and B&F are citizens of the same state. (Compl. ¶¶ II and III). Accordingly, neither Article IV nor the Fourteenth Amendment privileges and immunities clause applies to the facts of this case. Therefore, summary judgment in favor of B&F is appropriate.

**E.    Shipley's claim of malicious prosecution is
unsupported by fact or law.**

In the third count of Shipley's Complaint, he alleges a claim of malicious
prosecution for being "forced to defend himself in this lawsuit." (Compl. ¶ VI).  It appears
that Shipley is attempting to allege that the prosecution of the New Castle County Code
violations was malicious, and that being cited for and being "forced" to defend against those
violations was "solely for the intention of and with the purpose of violating [his] civil rights
and depriving the Plaintiff of his ownership of the property in question." (Compl. ¶ VI).

A claim for malicious prosecution requires proof of each of the following
elements: (1) prior institution or continuation of some regular judicial proceedings against
plaintiff in this action; (2) such former proceedings must have been by, or at the instance of
the defendant in this action; (3) the former proceedings must have terminated in favor of the
plaintiff herein; (4) there must have been malice in instituting the former proceedings; (5)
there must have been a lack of probable cause for the institution of the former proceedings;
and (6) there must have been injury or damage to plaintiff from the former proceedings.
*Wiers v. Barnes*, 925 F. Supp. 1079, 1093 (D. Del. 1996).    Here, while Shipley undoubtedly
was charged with violations of the New Castle County Code, that proceeding was not
instituted by B&F.  Moreover, Shipley was found guilty.  Even if Shipley could somehow
circumvent those deficiencies in the facts of this case, Shipley has done no more than make
broad conclusory allegations of malice.  Additionally, the pictures of Shipley's property
indicate probable cause existed for the towing and the resulting charges.  (Wolfe Aff. Exs.

B and D).  Because Shipley cannot establish the elements of a cause of action for malicious

prosecution, this claim should be dismissed.

      Alternatively, should the Court find that Shipley has stated a cause of action

for malicious prosecution, such a claim is predicated on alleged violations of state law.  As

such, this Court's jurisdiction to hear this claim arises from the doctrine of supplemental

jurisdiction.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  Two factors must be

satisfied for this Court to exercise supplemental jurisdiction.  First, the federal and state

claims must arise from a common nucleus of operative fact.  *Jones v. Town of Seaford*, 661

F. Supp. 864, 876 (D. Del. 1987).  Second the federal and state claims must be such that a

plaintiff would ordinarily be expected to try them all in one judicial proceeding.  *Id.*

"However, *Gibbs* counsels dismissal of the state claims if the federal claims are dismissed

before trial."  *Id.*; *Gibbs*, 383 U.S. at 726.  Therefore, unless there is a "viable federal claim"

this Court should not consider the state law claim against B&F.  *Fisher v. City of Reading*,

Civ.A. No. 89-8148, 1990 WL 39872 (E.D. Pa. Apr. 2, 1990) (attached as Ex. 3).  As set forth

*infra*, Shipley's federal claims are such that summary judgment in favor of B&F is warranted

on all counts.  Accordingly, this Court should not exercise jurisdiction over the asserted state

law claim.  *Id.*; *see also Gibbs*, 383 U.S. at 725-27.

## CONCLUSION

For the reasons set forth above, summary judgement should be granted in favor of B&F on all counts of the Complaint.

SMITH, KATZENSTEIN & FURLOW LLP

Laurence V. Cronin (ID No. 2385)
Etta R. Wolfe (ID No. 4164)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405

Attorneys for defendant B&F Towing Co.

Dated:  April 17, 2006