# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN S. SHIPLEY, et al., | ) |
| | ) |
| Plaintiffs, | )   C.A. No 04-1530 JJF |
| | ) |
| v. | ) |
| | ) |
| B & F TOWING COMPANY and | ) |
| OWNERS, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT B&F TOWING COMPANY'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR TIME TO LEAVE TO AMEND THE COMPLAINT

SMITH, KATZENSTEIN & FURLOW LLP
Laurence V. Cronin (Del. ID No. 2385)
Etta R. Wolfe (Del. ID No. 4164)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899
(302) 652-8400

*Attorneys for Defendant B & F Towing Company*

April 25, 2006

10013480.WPD

# TABLE OF CONTENTS

                                                                                                  **Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      Justice Requires Denial of Shipley's Motion to Amend. . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page(s)**

*Nilsen v. City of Moss Point*,
    674 F.2d 379 (5th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Skehan v. Board of Trustees of Bloomsberg State College*,
    590 F.2d 470 (3d Cir. 1978),
      *superseded by rule on other grounds*, *Smith v. Pittsburgh*,
    764 F.2d 188 (3d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


**Statutes and Other Authorities**                                                                            **Page(s)**

Fed. R. Civ. P. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

21 *Del. C*. § 4402(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## NATURE AND STAGE OF THE PROCEEDINGS

On December 20, 2004, plaintiff, John S. Shipley ("Shipley"), commenced this action by filing a complaint in which he asserted various claims arising from the towing of his vehicle from his residence (D.I. 1) (the "Complaint")[1]. On January 7, 2005, B & F Towing Company ("B&F") filed its answer (D.I. 4) (the "Answer"). A scheduling order entered by the Court on July 27, 2005 (D.I. 11) and revised by the Court pursuant to Shipley's request on November 15, 2005 (D.I. 15) (the "Revised Scheduling Order"). On August 10, 2005, B&F filed its Rule 26 Initial Disclosures (D.I. 13) (the "Initial Disclosures"). On December 9, 2005, Shipley served his Request for Detailed Information on or Pertaining to Parties with Discoverable Information (D.I. 16) ("Shipley's Discovery Requests"). On January 9, 2006, B&F filed its Responses to Shipley's Discovery Requests (D.I. 18) ("B&F's Responses"). Pursuant to the Revised Scheduling Order, discovery was completed by March 31, 2006.

On April 10, 2006, Shipley filed a Motion for Time to Leave to Ammend (sic) the Complaint (D.I. 23) (the "Motion to Amend") to add additional party defendants, including New Castle County. On April 17, 2006, B&F filed a Motion for Summary Judgment and an opening brief in support thereof (D.I. 24 and 25) (the "Motion for Summary Judgment"). This is B&F's opposition to Shipley's Motion to Amend.

---

[1] In the Complaint, the defendant is identified as "B&F Towing Company, and Owners A business organized and existing under the laws of the United States of America." To defendant's knowledge, no such entity exists. The correct corporate name of the defendant is B & F Towing Company.

## SUMMARY OF ARGUMENT

1. In his Motion to Amend Shipley contends that he is in need of additional time to amend his Complaint. His request should be denied because of the substantial prejudice to B&F of such an untimely amendment.

## **STATEMENT OF FACTS**

Shipley resides at 609 Wildel Avenue in New Castle, Delaware. (Compl. ¶ II). B&F is a towing company with its principal place of business in New Castle, Delaware. (Compl. ¶ III). On October 15, 2004, New Castle County Code Enforcement Inspector Verne D. Orndorff ("Orndorff") went to 609 Wildel Avenue as a result of a complaint received by New Castle County on October 7, 2004 about the condition of Shipley's property. (Affidavit of Etta R. Wolfe (D.I. 26) ("Wolfe Aff.") Ex. A)[2]. On that day, Orndorff posted a Notice of Violation on the property (the "Notice") (Wolfe Aff. Ex. C). The Notice was clearly marked as a New Castle County document originating from the Office of Code Enforcement. (Wolfe Aff. Ex. C).

On October 22, 2004, Orndorff returned to reinspect the property. (Wolfe Aff. Ex. A). Finding the condition of the propery unchanged, Orndorff tagged the vehicle for towing. (Wolfe Aff. Ex. A); 21 *Del. C*. § 4402(e). On October 24, 2004, B&F towed the offending vehicle. (Compl. ¶ IV). On October 25, 2004, Orndorff, on behalf of New Castle County, filed a complaint resulting from the violations. (Wolfe Aff. Ex. A). On February 14, 2006, Shipley was found guilty of all charges. (Wolfe Aff. Ex. E).

---

[2] Copies of referenced documents are included in the Wolfe Affidavit filed with the Motion for Summary Judgment.

## ARGUMENT

**Justice Requires Denial of Shipley's Motion to Amend.**

Federal Rule of Civil Procedure 15 provides in pertinent part that once a responsive pleading has been filed, a "party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision whether or not to grant leave to amend is committed to the sound discretion of the Court. *Skehan v. Board of Trustees of Bloomsberg State College*, 590 F.2d 470, 492 (3d Cir. 1978), *superseded by rule on other grounds*, *Smith v. Pittsburgh*, 764 F.2d 188 (3d Cir. 1985). In order to determine whether leave to amend should be granted, the Court must look to the effect and the timing of the proposed amendment to determine where they would prejudice the rights of the other parties to the suit. *Id.*; *Nilsen v. City of Moss Point*, 674 F.2d 379, 388 (5th Cir. 1982). Here, B&F would suffer substantial prejudice should this Court grant Shipley's Motion to Amend.

Shipley asserts as grounds for his Motion to Amend that, "[a]fter reviewing the defendants' initial disclousre, the New Castle County and other defendants of the county and should also be defendants in the lawsuit." In the first instance, B&F's Initial Disclosures were filed on August 10, 2005, over 8 months ago. Moreover, Shipley was aware from the time he filed his Complaint that New Castle County was the decision maker in towing his vehicle. Specifically, in the Complaint Shipley states, "[t]he towing company acted in and for the County of New Castle County, State of Delaware." (Compl. ¶ III). Even if Shipley was somehow not aware, he should have been. The Notice placed on Shipley's property was clearly a document originating from New Castle County. (Wolfe Aff. Ex. C). The Notice

directed Shipley to call the New Castle County Code Enforcement Officer, Orndorff, if he had questions concerning the Notice. (*Id.*). Shipley was prosecuted by New Castle County for the violations that resulted in the towing of the vehicle and found guilty. (Wolfe Aff. Ex. E). Thus, there could be no mistake that New Castle County was the party responsible for the towing of Shipley's vehicle. To claim that he now, after the close of discovery and in the midst of the dispositive motion briefing process, realized that New Castle County should be a defendant in the lawsuit, is disingenuous at best. To allow Shipley time to amend the Complaint will do nothing more than drag out this litigation for B&F at substantial cost and detriment to them. B&F in good faith has proceeded with this litigation, has issued and responded to discovery and has submitted its Motion for Summary Judgment.

To allow Shipley at this late stage to add a party of which he had knowledge from the time he filed his Complaint would be extremely prejudicial to B&F. Shipley, on the other hand, would not be prejudiced should this Court deny his request. Shipley could file a complaint against New Castle County that does not involve B&F. Thereby asserting whatever claims he may have, if any, against New Castle County with no corresponding prejudice to B&F. Accordingly, this Court should deny Shipley's request.

## **CONCLUSION**

For the foregoing reasons, B&F respectfully requests that Shipley's Motion to Amend be denied.

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Etta R. Wolfe
Laurence V. Cronin (Del. ID No. 2385)
Etta R. Wolfe (Del. ID No. 4164)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899
(302) 652-8400
*Attorneys for Defendant B & F Towing Company*

Dated: April 25, 2006