IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| John S. Shipley, et al., | ) | |
| | ) | C.A. No 04-1530 JJF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| B & F TOWING COMPANY and | ) | |
| OWNERS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPPOSITION**
**TO THE DEFENDANT'S OPENING BRIEF**

On April 22, 2004, the plaintiff, John S. Shipley, was pushed off of a moving train and has been under Dr's care and various medications. The medicine has a side effect of memory loss. True is the defendant's Nature and Stage of the proceedings. And now, the Plaintiff is requesting after reviewing the defendants Notice of Service to the court of the other information given by the defendant, B & F Towing Co. and their affidavits placed in the court tine to amend. Because after doing discovery, Shipley has become aware that New Castle County and B & F Towing Co. with their conspiratory relationship against John S. Shipley continue having more persons enter into a massive John Shipley into Justice of the Peace Court 11 on April 25, 2006 on charges after the vehicle and leaves had already been removed October 26, 2004. Then Justice of the Peace Court 11 entered a judgment against John S Shipley in the amount of $988 in violation of Shipley's due process rights and refusing to give Shipley a trial by jury which is Shipley's right under the 7th Amendment of the Constitution. Justice of the

Peace Court 11 Judge T. Roger Barton ( see Exhibit A) , your honor, John S. Shipley has come to the conclusion that the officials are doing everything in their power to have Shipley just give up and leave his property. Shipley has found out that they have made up deeds separating part of his land from his property and put houses on some of his land without his consent. They are stating that Shipley lost the property and is not getting it back. Review Federal Supp. 619. Judge Wright. Also Cite as 703 F. Supp 1122 (D.Del.1988) Judge Roth for the scheme of discrimination.

ARGUMENT

Before addressing the substance of the motions, it is helpful to review the law with regard to the claims advanced by the Shipleys. Title 42, United States Code, Section 1982 provides that all citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by White citizens to inherit, purchase, lease, sell, hold and convey real and personal property. Section 1982 is directly applicable to private parties, City of Memphis v. Greene, 101 S.Ct. 1584 (1981), and was designed to prohibit all racial discrimination, whether or not under color of law, with respect to the rights enumerated therein, Jones v. Alfred H. Mayer Co., 392 U.S. 409 (1968). The use of statistical evidence as a method of establishing racial discrimination under this section is permissible. 417 F. Supp. 436 (E.D. Pa. 1976), aff'd, 556 F.2d 567 (3rd Cir. 1977).

Title 42, United States Code, Section 1983 protects any citizen of the United States. Under Section 1983, every person who acts under color of state law may be sued. By the plain terms of Section 1983, there are two required elements of a cause of action. First, plaintiff must allege and prove that the defendant has deprived him of a federal right. Second, he must allege and prove that the person who has deprived him of that right acted under color of state law. Gomez v. Toledo, 446 U.S. 635 (1980). With regard to the second element, conduct which constitutes JS action for purposes of the Due Process Clause of the Fourteenth Amendment also constitutes conduct under color

## Summary Argument

1. Shipley is being deprived of his property and was deprived of his property without being able to raise a defense. See Exhibit A. After the effect, the vehicle was removed from Shipley's private property. The defendant, B & F Towing Co. had a duty to give Shipley notice that they were going to take his vehicle. New Castle County and B & F Towing Company executed a scheme to place the vehicle as abandoned on Shipley's private property. The conspiracy was to take the vehicle off of Shipley's private property. Shipley was not afforded all of the necessary processes under the circumstances. Accordingly, summary judgment should not be in the favor of B & F Towing Co. It is not warranted.

2. Shipley was discriminated against because of his race. Because of his race, Shipley does prove discrimination through the interrogatories and other pleadings. Shipley asked a question asking how many other vehicles have been removed from their private property and had a sticker placed upon them as a means to remove it from private property. No response was given by the defendant. This is one of the reasons why Shipley has to amend to bring the defendant B & F Towing Co. and the other conspirators in so that they may be held liable and punished as well. For these reasons, B & F Towing Co. should not be warranted summary judgment.

3. Shipley's civil rights were violated. His claims are specific and facts that sufficient according to Third Circuit standards. Accordingly summary judgment is not warranted in favor of B & F Towing Co.

4. It can be determined that Shipley's 13th Amendment Right and the Privileges and Immunities Clause were violated. There is a relationship between slavery and the towing of Shipley's vehicle because the act was consistent with the belief that blacks are not affordedthe same property rights as whites such as putting a abandoned van sticker Shipley's vehicle on his private property. Therefore, the defendant should not be warranted summary judgment.

5. Finally, Shipley was maliciously prosecuted by way of removinf his vehicle from his private property. Shipley's claims of malicious prosecution are viable against the defendant, B & F Towing Co. The claim arises from state law which violates a persons' constitutional rights to be free from conspiracy against oneself and discrimination taking place on their private property. Shipley's federal claims are viable. The federal court should entertain supplemental jurisdiction of the state law claim because that law can make a person insane. That law does not allow anyone to go onto a person's private property and take their vehicle. The vehicle was not involved in any unlawful acts. Wherefore, Shipley begs the court to entertain this matter because the state can make laws but if it violates the a person's constitutional rights and the person knows it; there lies the problem with the County which the County has knowledge of. Therefore, the purpose of the federal court in this situation is to stop these illegal laws that the state is making. Wherefore, Shipley begs the court to entertain this matter.

6. Chapter 44 Abandoned Vehicles violates Shipley's constitutional rights Also, when Shipley purchased his property his garage, where the vehicle was parked, is listed as a shop. The vehicle was horizontal to the garage doors and parallel to the street because someone had been trying to break into the garage. Therefore, the judge has to entertain this matter to end such schemes to be able to go onto a person's private property and remove their vehicle. B & F Towing Co. has a salvage yard and this can become a

very profitable illegal business harming the people. For example, if the company sees a vehicle that they want on the owners' private property, they can scheme with the County and have the County sticker the vehicle and they can take the vehicle, deliver it to the salvage yard, and sell it to someone that wants it. The tow truck company that works in the area, Collins Park Towing, refused to take the car off of Shipley's private property. So someone from New Castle County called the State in to remove Shipley's vehicle knowing that they were taking the car illegally. One of the owners or workers of B & F Towing Co. stated that the reason Collins Park didn't take the vehicle is because they didn't want it. Wherefore, John S. Shipley begs the court to step in and take jurisdiction and entertain this illegal matter.

## Statement of the Facts

Shipley's vehicle was tagged as a abandoned van sometime in October 2004. Shipley then placed a note in the window of the vehicle stating that he was on medication and not driving the vehicle at that time. Shipley then moved the van and parked the vehicle horizontal to the garage doors and horizontal to the street so that no one could enter the garage from the driveway.

Shipley resides at 609 Wildel Ave. New Castle, DE. B & F Towing Co. with its principal place of business in New Castle, DE. On Tuesday, October 26, 2004, Shipley was at Justice of the Peace Court 11 were he had been fined for failing to put a tarp on a empty pool. The fine was in the amount of $300. Shipley then spoke to Verne Orbdoff about a Lincoln Continental being tagged with a sticker stating that it was a abandoned van. Mr. Orndoff advised Shipley to have Rochelle take the vehicle to motor vehicle and get a tag for it. When Shipley left Court 11, he went to check on his property in Chester, PA. When Shipley returned home that night, Shipley's neighbor advised the State Police were at his home and they drug his car from out of the driveway of his private property and towed it away. Shipley had made arrangements to take it to motor vehicle and have it tagged up. Chapter 44 Abandoned Vehicles of state law does not apply to take Shipley's vehicle from his private property. On February 14, 2006, Shipley

was sentenced and fined for having leaves and a vehicle parked in his driveway. The leaves and vehicle were already moved showing that Judge T. Roger Barton aided into the conspiracy. Shipley then filed a motion for reconsideration sometime in February or March 2006. On April 26, 2006, Judge Barton revised the order and entered a judgment against Shipley. On April 14, 2006, Shipley had requested a jury trial and he denied the request violating Shipley's civil rights under the 7th Amendment of the Constitution depriving him of a jury trial. The charges were a violation. Shipley was charged under the section stating the vehicle was unregistered. The vehicle was registered. See Exhibit B **PLAINTIFF'S ANSWER TO THE DEFENDANTS' FIRST SET OF INTERROGATORIES.**

case therefore. J. Moore & J. Wicker, <u>6 Moore's Federal Fules,</u> ¶ 56.15 [6] (2d ed. 1987).

There exists a genuine issue of material fact with regard to whether B & F Towing Co. and New Castle County acted with a discriminatory motive, whether B & F Towing Co. had a policy and/or practice of according White homeowners different and preferential treatment as compared to its Black homeowners and whether the actions of B & F Towing Co. and New Castle County were the result of a class-based animus. The statistical evidence developed through discovery against B & F Towing Co. creates basic genuine issues of material fact.

These facts, along with those discussed in previously, create a genuine issue of material fact regarding whether B & F Towing Co. and New Castle County conspired between themselves and/or with others, motivated by racial, invidiously discriminatory animus, to violate Shipley's civil rights. There can be no doubt that the record otherwise reflects the existence of the four elements of a Section 1985(3) conspiracy. Therefore, this court must deny the summary judgment motions of B & F Towing Co.

Wherefore, John S. Shipley bases his argument solely on the facts and the following statutes. This Court has jurisdiction to entertain this action pursuant to 28 U.S.C. §1332, and 42 U.S.C.§ 1981,1982, 1983, 1985, 1986, and 1991

*John S Shipley*
*609 Wild E1*
*W New Cstl*
*DE/ 19720*

## AFFIDAVIT

I, John S. Shipley, hereby certify that on the 26th day of May, 2006, that the accusations in the complaint are true and accurate to the best of my knowledge.

>                    John S. Shipley
>                    609 Wildel Ave
>                    New Castle, DE 19720

Dated: May 26, 2006

**Witness Affidavit**

**John S. Shipley**

**Vs**

**B&F Towing CO.**
**To Wit:**

I, _Felix Rivera_, of _700 E. Hazeldell Ave New Castle DE. 19720_
(Print full name – no initials)   (City or Municipality)
in the State of Delaware, make oath and say:

1. That I personally have oberved that John S. Shipley's automobile was not abandoned; and had been parked there for several years.

2. That I have knowledge that John S Shipley is the sole owner and sole driver of the vehicle.

3. That I also witnessed that just prior to the vehicle being towed; it was parked horizontal to the street in the driveway and parallel to the two garage doors on John S. Shipley's property and;

4. That I also witnessed that the _STATE_ police were present during the towing of the vehicle.

_Felix Rivera_
Signature of Witness

_[signature]_
3/30/06

DAVID A. DAVIS
1412 DUPONT HWY.
NEW CASTLE, DE 19720
MY COMMISSION EXPIRES
27 JUNE 2006

**Witness Affidavit**

**John S. Shipley**

**Vs**

**B&F Towing CO.**
**To Wit:**

I, __John Shipley__, of __601 Wildel Ave New Castle, DE 19720__
   (Print full name – no initials)                      (City or Municipality)

in the State of Delaware, make oath and say:

1. That I am the sole owner of the vehicle and the owner of the property.

2. That my vehicle was horizontal to the street in the driveway parallel to the garage up on my property.

3. That there was a postmark on the Lincoln Continental stating that it was an abandoned van and it was not. I then placed the note in the car window stating that it was not abandoned and that I was not driving the car at that time because I was on medication amongst other reasons involving a conspiracy against me.

*X John S Shipley*

_____
Signature of Witness

C. Richard Ullman
1412 N. Dupont Hwy.
New Castle, DE 19720
Notary Exp. 18 May 2007

## Witness Affidavit

**John S. Shipley**

**Vs**

**B&F Towing CO.**
**To Wit:**

I, _Danyell Bishop_, of _Boothwyn_,
   (Print full name – no initials)      (City or Municipality)
in the State of Delaware, make oath and say:

1. That I personally observed and did see that John S. Shipley's automobile was not abandoned ; and had been parked there for several years.

2. That I have immediate knowledge that John S Shipley is the sole owner and sole driver of the vehicle. I have seen the title to the vehicle and the deed to the property.

3. That I also witnessed that just prior to the vehicle being towed; it was parked horizontal to the street in the driveway and parallel to the two garage doors on John S. Shipley's property and;

_Danyell Bishop_
Signature of Witness

Commonwealth of Pennsylvania
NOTARIAL SEAL
THEODORE C. BRUCK, Notary Public
Upper Chichester Twp., County of Delaware
My Commission Expires March 19, 2010

March 24, 2006

12 JS

Justice of the Peace Court 11

TIME TO PAY AGREEMENT

Date Prepared: April 25, 2006
Sentence Date: 02/14/2006

Case Number: 0410019608
Summons No : WI10002904

Defendant's Name: JOHN S SHIPLEY
Address: 609 WILDEL AVE
         Minquadale
         NEW CASTLE, DE 19720

SSN: 179526027
DOB: 03/04/1958
Lic.No: DE 0878871

Employer: JOHNS AUTO SERV  PA
Address:

Home Phone: 6108727338
Work Phone: 2158765317
Judge: T. ROGER BARTON

|  | Current | Original |
|---|---|---|
| Fine Amount: | $700.00 | $700.00 |
| Court Costs: | $140.00 | $140.00 |
| Victims Comp. Assessment: | $134.00 | $144.00 |
| Videophone Fee: | $4.00 | $4.00 |
| Total Amount Due: | $978.00 | $988.00 |

Terms of Payment Agreement:

To be paid in monthly installments of $10.00 beginning May 25, 2006 until paid in full.

I (JOHN S SHIPLEY) understand that the Court has ordered that the above fines and costs must be paid in full compliance with the above terms. I further agree that if I am unable to comply with the above stated terms that I will voluntarily return to the Court on or before the due date and request to be placed on work referral to work off the balance due.

I understand that if I fail to comply with this agreement that a capias will be issued for my arrest and that I may be charged with Contempt of Court and subjected to a prison sentence.

APPROVED THIS 25 DAY OF April 2006 A.D.

_____     _____
       Signed                        Justice of the Peace

NOTICE: If the fine is for a traffic violation, upon failure to pay the Division of Motor Vehicles will be notified and the defendant's license to drive will be suspended pursuant to 21 Del. Code § 2731-2732.

NOTICE: Victim's Compensation Assessment: Pursuant to 11 Del. Code § 9901 AND § 9012 an assessment of 18% is to be levied on all fines imposed by the Courts.

NOTICE: You must notify the Court of any Change of address within one (1) week of that change.

You may make your payments by bringing them to the Court or you may mail your payment along with a copy of this agreement to:

TIME TO PAY
Justice of the Peace Court 11
61 CHRISTIANA ROAD
New Castle, DE 197200000

Phone: (302) 323-4450

PLEASE MAKE ALL CHECKS AND MONEY ORDERS PAYABLE TO 'THE STATE OF DELAWARE'.

```
                    STATE OF DELAWARE
                   JUSTICES OF THE PEACE
                 Justice of the Peace Court 11
                      61 CHRISTIANA ROAD
                     New Castle, DE 197200
                        (302)323-4450

              PAYMENT RECEIPT NO. R0604004696
```

CASE NUMBER:         0410019608              ARREST DATE: 11/05/2004

ARREST/TICKET(S):    WI10002904

NAME:                JOHN S SHIPLEY

ADDR:                609 WILDEL AVE
                     Minquadale
                     NEW CASTLE DE 19720

DATE:                April 25, 2006     TIME:    11:26:48


STARTING BALANCE:              988.00

AMOUNT PAID:                    10.00

NEW BALANCE:                   978.00


NEXT DUE DATE:       04/03/2006 PAYMENT DUE

                     PAID BY CREDIT/DEBIT CARD


RECEIVED BY:         CJPSMAG

JS
14
EX A

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, two copies of the forgoing Plaintiff's Response in Opposition to the Defendant's Opening Brief were caused to be served via hand delivered on the following:

Lawrence V. Cronin
Behalf of: B&F Towing Company
800 Delaware Avenue, 7th floor
P.O Box 410
Wilmington, DE 19899 (Courier 1980)

Rec'd 5/26/06
[signature]

John S. Shipley

JS
15