**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN S. SHIPLEY, et al., | ) |
| | ) |
| Plaintiffs, | )   C.A. No 04-1530 JJF |
| | ) |
| v. | ) |
| | ) |
| B & F TOWING COMPANY and | ) |
| OWNERS, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Laurence V. Cronin (ID No. 2385)
Etta R. Wolfe (ID No. 4164)
SMITH, KATZENSTEIN & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405

*Attorneys for B&F Towing Co.*

Dated:  June 5, 2006

10014678.WPD

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    B&F did not violate Shipley's right of due process. . . . . . . . . . . . . . . . . . . 1

    B.    Shipley fails to allege any fact in support of his claim of racial discrimination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.    Shipley's claims of conspiracy are unsupported and unfounded. . . . . . . . 2

    D.    Shipley's Thirteenth Amendment and privileges and immunities claims are unfounded . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    E.    Shipley's claim of malicious prosecution is unsupported by fact or law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Martin v. Delaware Law School of Widener University*,
    625 F. Supp. 1288 (D. Del. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Mays v. Scranton City Police Dep't*,
    503 F. Supp. 1255 (M.D. Pa. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*McDonnell Douglas Corp v. Green*,
    411 U.S. 792 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Shipley v. First Fed. Sav. & Loan Ass'n*,
    703 F. Supp. 1122 (D. Del. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wiers v. Barnes*,
    925 F. Supp. 1079 (D. Del. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**ARGUMENT**

On May 26, 2006, plaintiff, John S. Shipley ("Shipley") filed his Response in Opposition to the Defendant's Opening Brief (D.I. 29) (the "Response"). The Response adds nothing to the analysis that would affect B & F Towing Company's ("B&F")[1] request for summary judgment.

    **A.**    **B&F did not violate Shipley's right of due process**.

In subsection IV of the Complaint, Shipley argues that he was deprived of his property without an "opportunity to raise a defense." Shipley's Response adds nothing new. In the Response, Shipley simply states that "B&F Towing Co. had a duty to give Shipley notice that they were going to take his vehicle." and that "Shipley was not afforded all of the necessary processes under the circumstances." Response ¶ 1. However, B&F is not the proper party to afford Shipley the process he seeks. "If the necessary hearing has not been provided, it is the [county's] constitutional omission, not the tower's." *Mays v. Scranton City Police Dep't*, 503 F. Supp. 1255, 1264 (M.D. Pa. 1980). It undeniably is the responsibility of the "agency that directed the tow to provide the procedural safeguards mandated by the Fourteenth Amendment; the tower is not the party in the tripartite relationship of tower, [county], and vehicle owner to provide the hearing." *Id*. Accordingly, summary judgment in favor of B&F is appropriate.

---

[1] In the Complaint, the defendant is identified as "B&F Towing Company, and Owners A business organized and existing under the laws of the United States of America." To defendant's knowledge, no such entity exists. The correct corporate name of the defendant is B & F Towing Company.

**B.     Shipley fails to allege any fact in support of his claim of racial discrimination.**

Shipley admittedly is a member of the Negro race and as such is a member of a racial minority (Compl. ¶ II).  However, what Shipley has not (and cannot) show is that B&F intended to discriminate against Shipley on the basis of race.  In order to show discrimination, Shipley would have to show that B&F's towing practices were carried out solely, primarily, or in a disproportionate way against members of the Negro race.  *See Shipley v. First Fed. Sav. & Loan Ass'n*, 703 F. Supp. 1122, 1138 (D. Del. 1988), *aff'd,* 877 F.2d 57 (3d Cir. 1989).  Shipley has failed to offer a single fact or to produce any credible evidence that this facially neutral act was taken on the basis of race.  In his Response, Shipley again fails to make any such allegation.  Instead, Shipley claims that his Motion to Amend (to add an additional defendant) should somehow be determinative of the Defendant's Motion for Summary Judgment against *this* defendant.  Such is not the case.  Under the burden shifting framework of *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973), the burden is on Shipley to establish a *prima facie* case of discrimination against *this* defendant.  A burden that he has not (and cannot) meet.  Accordingly, summary judgment in favor of B&F is appropriate.

**C.     Shipley's claims of conspiracy are unsupported and unfounded**.

"[U]nder Third Circuit standards, it is insufficient for a plaintiff alleging conspiracy to violate civil rights merely to make broad, conclusory allegations of such a conspiracy, or to show merely that the defendants had a common goal or acted in concert." *Martin v. Delaware Law School of Widener University*, 625 F. Supp. 1288, 1297 (D. Del.

1985), *aff'd*, 884 F.2d 1384 (3d Cir. 1989) (citations omitted). Shipley has failed to allege any fact in support of his conspiracy claims. In his Response, Shipley adds nothing more than the same broad conclusory allegation that his "civil rights were violated" and that "[h]is claims are specific and facts that sufficient according to Third Circuit standards" (Response ¶ 3). In an apparent attempt to conjure some theory of conspiracy, in paragraph 6 of the Response, Shipley makes the unsupported assertion that B&F and the County could become involved in the "very profitable illegal business of harming the people" by simply taking vehicles they "want on the owners' private property" and "sell[ing] it to someone that wants it" (Response ¶ 6). Such a theory is not only unsupported by any fact in this case, it is highly inflammatory and objectionable. No *fact* has been alleged in support of Shipley's claims of conspiracy, accordingly, summary judgment in favor of B&F is appropriate.

  **D. Shipley's Thirteenth Amendment and privileges and immunities claims are unfounded.**

  In support of the passing reference in his Complaint that "[a]dditionally, this action has been brought pursuant to the Thirteenth Amendment of the United States Constitution to redress the deprivation of rights, which is an immunity secured thereby" (Compl. ¶ I). Shipley asserts that "[t]here is a relationship between slavery and the towing of Shipley's vehicle because the act was consistent with the belief that blacks are not afforded the same property rights as whites . . ." (Response ¶ 4). The relationship Shipley refers to is illogical (and duplicative of his discrimination claim). In spite of Shipley's Response, it remains unclear to B&F how the towing of Shipley's car is related in any way whatsoever to slavery and/or involuntary servitude. No other allegation or fact in this case sheds any light or points to how Shipley's Thirteenth Amendment rights were violated.

10014678.WPD           3

Plaintiff again has failed to offer any fact in support of the allegation. Accordingly, summary judgment in favor of B&F is appropriate.

> **E.  Shipley's claim of malicious prosecution is unsupported by fact or law.**

In his Response, Shipley continues to assert that B&F was somehow involved in a malicious prosecution of Shipley by towing his vehicle. The elements of a malicious prosecution claims are: (1) prior institution or continuation of some regular judicial proceedings against plaintiff in this action; (2) such former proceedings must have been by, or at the instance of the defendant in this action; (3) the former proceedings must have terminated in favor of the plaintiff herein; (4) there must have been malice in instituting the former proceedings; (5) there must have been a lack of probable cause for the institution of the former proceedings; and (6) there must have been injury or damage to plaintiff from the former proceedings. *Wiers v. Barnes*, 925 F. Supp. 1079, 1093 (D. Del. 1996). Shipley's Response does not address the fundamental problems that (i) B&F did not institute any action against Shipley or (ii) Shipley was found guilty of the allegations that precipitated the towing of his vehicle. Because Shipley cannot establish the elements of a cause of action for malicious prosecution against B&F, summary judgment in favor of B&F is warranted.

## **CONCLUSION**

For the reasons set forth in its Motion for Summary Judgment and further supported above, summary judgement should be granted in favor of B&F on all counts of the Complaint.

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Etta R. Wolfe
Laurence V. Cronin (ID No. 2385)
Etta R. Wolfe (ID No. 4164)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405

*Attorneys for Defendant B&F Towing Co.*

Dated:  June 5, 2006