IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN S. SHIPLEY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-1530-JJF |
| B&F TOWING COMPANY and OWNERS, | : |
| Defendants. | : |

John S. Shipley, Pro Se Plaintiff.

Etta R. Wolf, Esquire, and Laurence V. Cronin, Esquire, of SMITH, KATZENSTEIN, & FURLOW, Wilmington, Delaware.
Attorneys for Defendants.

**MEMORANDUM OPINION**

June  13 , 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant B&F Towing Company's Motion For Summary Judgment (D.I. 24). For the reasons discussed, the Motion will be granted.

## I.   BACKGROUND

On October 15, 2004, New Castle County Code Enforcement Inspector Orndorff went to Plaintiff's home due to a complaint received about the condition of Plaintiff's property. While there, Inspector Orndorff discovered two unregistered vehicles in the driveway, surrounded by weeds and covered with tree limbs, in violation of the New Castle County Code. Inspector Orndorff posted a notice of the violation on Plaintiff's property, which gave Plaintiff seven days to remedy the violations. The notice contained a phone number that Plaintiff could call if he had any questions or concerns.

On October 22, 2004, when Inspector Orndorff returned to the property, he found that the violations had not been remedied, and he tagged the vehicles for towing. Two days later, Plaintiff's 1990 Lincoln Continental was towed from his driveway. Inspector Orndorff subsequently filed a complaint with the State of Delaware Justice of the Peace Court 11. Plaintiff was found guilty of the Code violations and fined $988.

On December 20, 2004, Plaintiff filed his Complaint, alleging violations of the Thirteenth and Fourteenth Amendments,

the Privileges and/or Immunities Clauses, and 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986. Plaintiff's Complaint further alleges malicious prosecution.

## II. PARTIES' CONTENTIONS

By its Motion, Defendant contends that the Court should grant summary judgment in its favor on Plaintiff's procedural due process claim because it is not the party responsible for providing procedural safeguards. Second, Defendant contends that Plaintiff has failed to adduce any fact in support of his claims of racial discrimination. Finally, Defendant contends that there is no evidence that it conspired with New Castle County to deprive Plaintiff of his rights. In response, Plaintiff contends that there are issues of material fact as to all of his claims, and therefore, summary judgment is inappropriate.

## III. LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there are triable issues of material fact, a court must review all of the evidence and construe all inferences in the

light most favorable to the non-moving party. <u>Goodman v. Mead Johnson & Co.</u>, 534 F.2d 566, 573 (3d Cir. 1976).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986) (citations omitted). However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

**IV. DISCUSSION**

    A.  <u>Whether The Court Should Grant Summary Judgment On Plaintiff's Claims For Racial Discrimination Under Sections 1981 and 1982</u>

Plaintiff contends that Defendant has racially discriminated against him in violation of 42 U.S.C. §§ 1981 and 1982. Sections 1981 and 1982 derive from the Thirteenth and Fourteenth Amendments and permit causes of action against state and private actors.

Claims brought pursuant to Sections 1981 and 1982 follow the burden shifting analysis of <u>McDonnell Douglas Corp. v. Green</u>, 411

3

U.S. 792 (1973). Under this analysis, a plaintiff must first establish a prima facie case of discrimination. Green, 411 U.S. at 802. If the plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the defendant, and the defendant must "articulate some legitimate, nondiscriminatory reason" for the treatment. Id.

A prima facie case under Section 1981 requires a plaintiff to demonstrate: "(1) [that the plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute." Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001). Furthermore, a prima facie case under Section 1982 requires a plaintiff to point to specific facts, sufficient to give rise to an inference "(1) [of] the defendant's racial animus; (2) [of] intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of his race." Brown, 250 F.3d at 797.

The Court concludes that Plaintiff has failed to demonstrate intentional discrimination or racial animus, elements central to Section 1981 and 1982 claims. Plaintiff contends that white homeowners are treated differently than black homeowners because black homeowners' cars are towed, while white homeowners' are not. (D.I. 29 at 5, 8). Plaintiff further contends that he has proven this "through the interrogatories and other pleadings."

4

(Id. at 4). However, the Court has reviewed all documents before it and concludes that Plaintiff has adduced no evidence of intentional discrimination or racial animus. The Court cannot, on summary judgment, accept Plaintiff's bald assertions of racial discrimination. Accordingly, the Court will grant Defendant's Motion For Summary Judgment as it pertains to Plaintiff's claims under Sections 1981 and 1982.

    B.    <u>Whether The Court Should Grant Summary Judgment On Plaintiff's Claims For Conspiracy Under Sections 1985(3) and 1986</u>

Plaintiff contends that Defendant and New Castle County conspired to take his vehicle and the vehicles of other black residents. (D.I. 29 at 6). In order to sustain a claim under Section 1985, a plaintiff must show:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

<u>Lake v. Arnold</u>, 112 F.3d 682, 685 (3d Cir. 1997) (citing <u>United Bhd. of Carpenters and Joiners of Am., Local 610</u>, 463 U.S. 825, 828-29 (1983)).

Plaintiff's claim under Section 1985 must fail. As discussed above, Plaintiff has not adduced any evidence of a discriminatory animus. Additionally, Plaintiff has failed to put forth evidence of a conspiracy between the New Castle County and

5

Defendant. As such, Plaintiff's claim under Section 1986, for neglect to prevent conspiracy, must also fail. Accordingly, the Court will grant Defendant's Motion For Summary Judgment as it pertains to Plaintiff's Section 1985 and 1986 claims.

    C.    <u>Whether The Court Should Grant Summary Judgment On Plaintiff's Section 1983 Claim</u>

To establish a claim under Section 1983, a plaintiff must show: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived plaintiff of a federally-secured right. <u>Moore v. Tartler</u>, 986 F. 2d 682, 685 (3d Cir. 1993). Plaintiff contends that Defendant violated the equal protection, due process, and privileges and immunities clauses. Even assuming, <u>arguendo</u>, that Defendant is a state actor for the purposes of Section 1983, the Court concludes that Plaintiff's Section 1983 claim cannot withstand Defendant's Motion For Summary Judgment.

    1.    *Equal Protection*

To prevail on his equal protection claim, Plaintiff would have to demonstrate that the challenged practice "had a discriminatory effect and was motivated by a discriminatory purpose." <u>Carrasca v. Pomeroy</u>, 313 F.3d 828, 834 (3d Cir. 2002). To show discriminatory effect, Plaintiff would have to put forth facts showing that he "is a member of a protected class and that [he] was treated differently from similarly situated individuals in an unprotected class." <u>Bradley v. United States</u>, 299 F.3d 197

(3d Cir. 2002).

Plaintiff has failed to adduce any evidence demonstrating that similarly situated persons were treated differently than him. Furthermore, as discussed above, Plaintiff has failed to put forth any facts showing that the towing of his car was motivated by a discriminatory purpose. Accordingly, Plaintiff's Section 1983 claim must fail as it relates to a violation of his rights to equal protection.

### 2. *Due Process*

The due process clause prohibits the states from depriving "any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. Plaintiff contends Defendants violated his due process rights, when they towed his car without notice and without an opportunity for Plaintiff to defend himself. However, "[i]t is the responsibility of the law enforcement agency that directed the tow to provide the procedural safeguards mandated by the Fourteenth Amendment; the tower is not the party in the tripartite relationship of tower, city, and vehicle owner to provide [the safeguards]." Mays v. Scranton City Police Dep't, 503 F. Supp. 1255, 1264 (M.D. Pa. 1980).

There appears to be a factual dispute as to whether any procedural safeguards were provided to Plaintiff, however, summary judgment is appropriate, because the omission of

procedural safeguards, if any, would be the responsibility of New Castle County, not the private towing company. Accordingly, Plaintiff's Section 1983 claim must fail as it relates to a violation of Plaintiff's rights to due process.

      3.    *Privileges And Immunities*

Plaintiff contends that Defendant violated the privileges and/or immunities clauses of Article IV and the Fourteenth Amendment. Plaintiff's claim under Article IV must fail because Plaintiff has not any adduced any evidence that he was treated differently based on his citizenship in another state. Saenz v. Roe, 526 U.S. 489, 501-02 (1999) (Article IV § 2 "removes from the citizens of each State the disabilities of alienage in other States."). Plaintiff's claim under the Fourteenth Amendment also must fail because Plaintiff has not adduced evidence that the state has eliminated any of Plaintiff's uniquely federal rights or restricted any of his civil liberties. 2 Ronald D. Rotunda & John E. Nowak, Treatise on Constitutional Law § 14.3 (3d ed. Supp. 2006). Having found no other violation of Plaintiff's constitutional or federally-secured rights, the Court concludes that summary judgment is appropriate on Plaintiff's Section 1983 claim.

D.  Malicious Prosecution

Finally, Plaintiff contends that Defendant has engaged in malicious prosecution.[1] In order to sustain a claim for malicious prosecution, a plaintiff must establish each of the following elements:

> (1) prior institution or continuation of some regular judicial proceedings against plaintiff in this action;
> (2) such former proceedings must have been by, or at the insistence, of the defendant in this action;
> (3) the former proceedings must have terminated in favor of the plaintiff herein;
> (4) there must have been malice in instituting the former proceedings;
> (5) there must have been a lack of probable cause for the institution of the former proceedings; and
> (6) there must have been injury or damage to plaintiff from the former proceedings.

Wiers v. Barnes, 925 F. Supp. 1079, 1093 (D. Del. 1996) (citing Megenhardt v. Nolan, 583 A.2d 660 (Del. 1990)).

The Court concludes that there are no triable issues of material fact relating to Plaintiff's malicious prosecution claim. New Castle County, and not Defendant, instituted the former proceedings against Plaintiff. Furthermore, the proceedings were not terminated in favor of Plaintiff; Plaintiff

---

[1] It is unclear from the papers before the Court whether Plaintiff's malicious prosecution claim stems from this lawsuit (D.I. 1 at 3) ("Plaintiff was forced to defend himself in this lawsuit [amounting to] malicious prosecution")) or the proceedings initiated against Plaintiff for violations of the New Castle County Code. Plaintiff cannot maintain a malicious prosecution claim against Defendant for a suit that Plaintiff initiated. Accordingly, the Court will consider Plaintiff's claim in the context of the state proceedings brought for Plaintiff's violation of the Code.

9

was found guilty on all charges. Accordingly, the Court will grant Defendant's Motion as it pertains to Plaintiff's malicious prosecution claim.

## V. CONCLUSION

For the reasons discussed, Defendant B&F Towing Company's Motion For Summary Judgment (D.I. 24) will be granted.

An appropriate Order will be entered.