IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN S. SHIPLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No 04-1530 JJF |
| | ) | |
| B & F TOWING COMPANY and OWNERS, | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
TO RECONSIDER THE ORDER DATED JUNE 13, 2006**

Laurence V. Cronin (ID No. 2385)
Etta R. Wolfe (ID No. 4164)
SMITH, KATZENSTEIN & FURLOW LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405

*Attorneys for B&F Towing Co.*

Dated: July 5, 2006

10015478.WPD

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Shipley has not met any of the standards for reconsideration. . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Corning Inc. v. SRU Biosystems*,
   No. 03-633-JJF, 2006 WL 155255 (D. Del. Jan. 20, 2006) .................. 2

*Hyland v. Harrison*,
   No. 05-162-JJF, 2006 WL 1126809 (D. Del. Apr. 27, 2006) .............. 1, 2

*Karr v. Castle*,
   768 F.Supp. 1087 (D. Del. 1991) ..................................... 1

*Max's Seafood Café v. Ouinteros*,
   176 F.3d 669 (3d Cir 1999) ........................................ 1, 2

## **ARGUMENT**

On June 27, 2006, plaintiff, John S. Shipley ("Shipley") filed his Motion to Reconsider the Order Dated June 13, 2006 (D.I. 34) (the "Motion"). The Motion sets forth no cognizable basis for reconsideration. Accordingly, the Motion should be denied.

### Shipley has not met any of the standards for reconsideration.

As this Court has stated "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Hyland v. Harrison*, No. 05-162-JJF, 2006 WL 1126809, at *1 (D. Del. Apr. 27, 2006) (Ex. A) (internal citations omitted). "In order to succeed, the party requesting reconsideration must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice." *Id. citing Max's Seafood Café v. Ouinteros*, 176 F.3d 669, 677 (3d Cir 1999). "As a general rule, motions for reconsideration should be granted 'sparingly.'" *Id. citing Karr v. Castle*, 768 F.Supp. 1087, 1090 (D. Del. 1991). Mr. Shipley has failed to establish any of the necessary criteria for reconsideration.

Mr. Shipley fails to allege any change in controlling law (and Defendant is aware of no such change). Mr. Shipley has offered no new evidence in support of his request for reconsideration nor has he alleged that any such new evidence exists. Mr. Shipley simply states that the "background facts are misleading as to the truth of the matter." (Motion ¶ 1). However, Mr. Shipley offers no new fact or evidence in support of this allegation nor could he. This Court has considered all the evidence presented by both parties and has rendered

its decision. It is well settled that motions for reconsideration "may not be used to rehash arguments which have already been briefed by the parties and considered and denied by the Court." *Corning Inc. v. SRU Biosystems*, No. 03-633-JJF, 2006 WL 155255, at *1 (D. Del. Jan. 20, 2006) (Ex. B) *citing Max's Seafood Café v. Ouinteros*, 176 F.3d 669, 677 (3d Cir. 1999). This Motion adds nothing to the analysis.

Mr. Shipley interposes in his Motion a belated request for a continuance in order to seek legal counsel to respond to the "Defendant's REPLY brief." (Motion ¶ 2). Mr. Shipley cannot now, after 18 months of litigation, after having engaged fully in the process, and after having this Court and this Defendant spend significant time and effort, ask for a second chance to re-litigate a matter that has concluded based on nothing more than the fact that the outcome was not one Mr. Shipley liked. The "landscape of this action" has not changed. *Hyland*, 2006 WL 1126809, at * 2. Accordingly, no basis for reconsideration exists.

## CONCLUSION

For the reasons set forth in above, Shipley's Motion should be denied.

SMITH, KATZENSTEIN & FURLOW LLP

_____
Laurence V. Cronin (ID No. 2385)
Etta R. Wolfe (ID No. 4164)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405

*Attorneys for Defendant B&F Towing Co.*

Dated: July 5, 2006