# EXHIBIT A

Westlaw.

Slip Copy                                                                                                             Page 1
Slip Copy, 2006 WL 1126809 (D.Del.)
**(Cite as: Slip Copy)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Samuel I. HYLAND and Stephanie Speakman, individually and on behalf of all other similarly situated, Plaintiffs,
v.
William B. HARRISON, Jr., Hans W. Becherer, Riley P. Bechtel, Frank A. Bennack, Jr., John H. Biggs, Lawrence A. Bossidy, M. Anthony Burns, Ellen V. Futter, William H. Gray, III, Helene L. Kaplan, Lee R. Raymond, John R. Stafford, Jpmorgan Chase & Co., and James Dimon, Defendants.
Dr. Stephen BLAU, individually and on behalf of all others similarly situated, Intervenor.
No. Civ.A.05-162-JJF.

April 27, 2006.

Joseph N. Gielata, of Joseph N. Gielata, Attorney at Law, Wilmington, Delaware, for Plaintiffs.
Jesse A. Finkelstein, and Michael R. Robinson, of Richards, Layton & Finger, P.A., Wilmington, Delaware, for Defendants.
Michael A. Cooper, Sharon L. Nelles, and Keith Levenberg, of Sullivan & Cromwell LLP, New York, New York, for the Individual Defendants, of counsel.
Nancy E. Schwarzkopf, of Jpmorgan Chase Legal Department, New York, New York, for J.P. Morgan Chase & Co., of counsel.
Pamela S. Tikellis, and Robert Davis, of Chimicles & Tikellis LLP, Wilmington, Delaware, of counsel.
Gregory M. Nespole, of Wolf Haldenstein Adler Freeman & Herz LLP, New York, New York, Adam J. Levitt, of Wolf Haldenstein Adler Freeman & Herz LLC, Chicago, Illinois, of counsel.

*MEMORANDUM OPINION*
FARNAN, J.
*1 Pending before the Court is a Motion To Reopen And For Reconsideration (D.I.94) filed by Plaintiffs, Samuel Hyland and Stephanie Speakman (the "Hyland Plaintiffs"). For the reasons discussed, the Court will deny the Hyland Plaintiffs' Motion.

BACKGROUND

The background relevant to this action has been set forth in the Court's February 7, 2006 Opinion and Order granting Dr. Blau's Motion To Intervene and staying this action pending resolution of an action commenced by Dr. Blau in the United States District Court for the Northern District of Illinois (the "Illinois Action") alleging that Defendants [FN1] violated Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") in connection with the merger of J.P. Morgan Chase & Co. and Bank One Corporation. *Hyland v. Harrison,* 2006 WL 288247 (D.Del. Feb. 7, 2006). By the instant Motion, the Hyland Plaintiffs contend that an indefinite stay based on the prior pending Illinois Action is inappropriate, because this action is dissimilar from the Illinois Action. In addition, the Hyland Plaintiffs contend that the Court should reconsider its decision staying this action in order to prevent manifest injustice to the Delaware Plaintiffs and other absent class members. Dr. Blau has filed an Answering Brief opposing the Motion.

> FN1. Defendants in the Illinois Action are William B. Harrison, Jr., Hans W. Becherer, Riley P. Bechtel, Frank A. Bennack, Jr., John H. Biggs, Lawrence A. Bossidy, M. Anthony Burns, Laurence Fuller, Ellen V. Futter, William H. Gray, III, Helene L. Kaplan, Lee R. Raymond, John R. Stafford, and J.P. Morgan Chase & Co.

STANDARD OF REVIEW

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 2
Slip Copy, 2006 WL 1126809 (D.Del.)
**(Cite as: Slip Copy)**

*Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). The purpose of the motion for reconsideration is not to "rehash arguments already briefed." *Dentsply Int'l. Inc. v. Kerr Mfg. Co.,* 42 F.Supp.2d 385, 419 (D.Del.1999). In order to succeed, the party requesting reconsideration must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d at 677). "As a general rule, motions for reconsideration should be granted 'sparingly.'" *Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del.1991).

### DISCUSSION

Reviewing the Hyland Plaintiffs' Motion in light of the standard for reconsideration, the Court concludes that reconsideration of the Court's February 7, 2006 Opinion and Order is not warranted. The Hyland Plaintiffs have not advanced an intervening change in controlling law or the availability of new evidence. Rather, the Hyland Plaintiffs reiterate their argument that this action is substantially different from the Illinois Action; however, the Court considered this argument in the context of Dr. Blau's Motion To Intervene and found it to be lacking.[FN2] *Hyland,* 2006 WL 288247 at *6. The Court also considered and rejected the Hyland Plaintiffs' arguments under the PSLRA. *Id.* at 6-8.

> FN2. Although the Hyland Plaintiffs argue here that this action is substantially different from the Illinois Action, when they sought to intervene in the Illinois Action, they argued that this action and the Illinois Action share common questions of law and fact.

*2 In addition, the Hyland Plaintiffs contend that reconsideration is necessary to prevent manifest injustice to the Hyland Plaintiffs and other class members who may be absent from the Illinois Action. In this regard, the Hyland Plaintiffs contend that the Court's Order staying this action is immoderate and effectively leaves the Hyland Plaintiffs out of court.

(D.I. 95 at 10). The Hyland Plaintiffs request the Court to modify the stay so that (1) the stay is lifted once a motion to dismiss is adjudicated in the Illinois Court, and/or (2) the claims asserted by the Hyland Plaintiffs solely in this action are not dismissed or released by Dr. Blau.

Unlike the stay found to be immoderate by the Supreme Court in *Landis v. North American Co.,* 299 U.S. 248 (1936), which extended beyond the adjudication of the action in the district court and which remained in effect during the pendency of the appeal, the stay in this case is only operative during the pendency of the Illinois Action and can be lifted once that action is resolved. Moreover, the Hyland Plaintiffs are not precluding from seeking to lift the stay in this case if the circumstances so warrant. At this time, however, the landscape of this action has not substantially changed since the Court issued its February 7 Opinion, and therefore, the Court finds no reason to modify or lift the stay.

### CONCLUSION

For the reasons discussed, the Court will deny the Hyland Plaintiffs' Motion To Reopen And For Reconsideration.

An appropriate Order will be entered.

### *ORDER*

At Wilmington, this 27 day of April 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Plaintiffs' Motion To Reopen And For Reconsideration (D.I.94) is *DENIED.*

D.Del.,2006.
Hyland v. Harrison
Slip Copy, 2006 WL 1126809 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1388642 (Trial Motion, Memorandum and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                           Page 3
Slip Copy, 2006 WL 1126809 (D.Del.)
**(Cite as: Slip Copy)**

Affidavit) Dr. Blau's Brief in Support of his Motion to Enforce this Court's Stay Order and to Consolidate and Stay Co-Lead Plaintiff Samuel I. Hyland's Related Civil Action Filed on April 6, 2006 (Apr. 18, 2006) Original Image of this Document (PDF)
• 2006 WL 1199920 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Response to Plaintiffs' Motion for Reconsideration (Mar. 6, 2006) Original Image of this Document (PDF)
• 2006 WL 1199921 (Trial Motion, Memorandum and Affidavit) Dr. Blau's Answering Brief in Opposition to Plaintiffs Samuel I. Hyland and Stephanie Speakman's Motion to Reopen and for Reconsideration (Mar. 6, 2006) Original Image of this Document (PDF)
• 2006 WL 809179 (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Plaintiffs' Motion to Reopen and for Reconsideration (Feb. 17, 2006) Original Image of this Document (PDF)
• 2005 WL 3667125 (Trial Motion, Memorandum and Affidavit) Dr. Stephen Blau's Reply Brief in Opposition to Defendants' Memorandum of Law in Response to Plaintiffs' Motion to Enjoin Further Prosecution of Blau V. Harrison, et Al. (Oct. 14, 2005) Original Image of this Document (PDF)
• 2005 WL 3667113 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Plaintiffs' Motion to Enjoin Further Prosecution of Blau V. Harrison, et Al (Oct. 13, 2005) Original Image of this Document (PDF)
• 2005 WL 2868093 (Trial Motion, Memorandum and Affidavit) Dr. Blau'S Answering Brief in Opposition to Plaintiffs Samuel I. Hyland and Stephanie Speakman'S Motion to Enjoin Further Prosecution of Blau V. Harrison, Etal. (Oct. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 2868097 (Trial Motion, Memorandum and Affidavit) Dr. Blau'S Answering Brief in Opposition to Plaintiffs Samuel I. Hyland and Stephanie Speakman'S Motion to Enjoin Further Prosecution of Blau V. Harrison, et Al. (Oct. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 2868099 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Response to Plaintiffs' Motion to Enjoin Further Prosecution of Blau V. Harrison (Oct. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 2868101 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Plaintiffs' Motion to Disqualify Wolf Haldenstein Adler Freeman & Herz LLP (Oct. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 2868102 (Trial Motion, Memorandum and Affidavit) Dr. Blau's Answering Brief in Opposition to Plaintiffs Samuel I. Hyland and Stephanie Speakman's Motion to Enjoin Further Prosecution of Blau V. Harrison, et Al. (Oct. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 2868095 (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Plaintiffs' Motion to Enjoin Further Prosecution of Blau v. Harrison, et al. (Sep. 22, 2005) Original Image of this Document (PDF)
• 2005 WL 2868091 (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Plaintiffs' Motion to Disqualify Wolf Haldenstein Adler Freeman & Herz LLP (Sep. 15, 2005) Original Image of this Document (PDF)
• 2005 WL 2868087 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Answering Brief in Opposition to Motion of Dr. Stephen Blau to Intervene in Order to Further Move that this Action be Stayed (Sep. 12, 2005) Original Image of this Document (PDF)
• 2005 WL 2603674 (Trial Motion, Memorandum and Affidavit) Brief in Support of Motion of Dr. Stephen Blau to Intervene In order to Further Move That This Action be Stayed (Aug. 26, 2005) Original Image of this Document (PDF)
• 2005 WL 2385649 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Brief in Support of their Motion to Dismiss Plaintiffs' Amended Complaint (Aug. 1, 2005) Original Image of this Document (PDF)
• 2005 WL 2603673 (Trial Motion, Memorandum and Affidavit) Complaint in Intervention (Aug. 2005) Original Image of this Document (PDF)
• 2005 WL 2385527 (Trial Pleading) Plaintiffs' Answering Brief in Opposition to the Defendants' Motion to Dismiss the Amended Complaint (Jul. 11, 2005) Original Image of this Document (PDF)
• 2005 WL 1171953 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum in Opposition to Plaintiff's Motion for an Injunction Barring the Prosecution of Related State Court Actions (Apr. 7, 2005) Original Image of this Document with Appendix (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 1126809 (D.Del.)
**(Cite as: Slip Copy)**

Page 4

- 2005 WL 1171979 (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Plaintiff Hyland's Motion for an Injunction Barring the Prosecution of Related State Court Class Actions (Mar. 21, 2005) Original Image of this Document (PDF)
- 2005 WL 1171978 (Trial Pleading) Class Action Complaint (Mar. 17, 2005) Original Image of this Document (PDF)
- 1:05cv00162 (Docket) (Mar. 17, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

Westlaw.

Slip Copy
Slip Copy, 2006 WL 155255 (D.Del.)
(Cite as: Slip Copy)

Page 1

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
CORNING INCORPORATED, et al., Plaintiffs,
v.
SRU BIOSYSTEMS, et al., Defendants.
No. Civ.A. 03-633-JJF.

Jan. 20, 2006.

Richard L. Horwitz, and David E. Moore, of Potter Anderson & Corroon LLP, Wilmington, Delaware, Larry L. Shatzer, Andrew E. Rawlins, Kenneth E. Krosin, and George C. Best, of Foley & Lardner, Washington, D.C., for Plaintiffs, of counsel.
Steven J. Balick, and John G. Day, of Ashby & Geddes, Wilmington, Delaware, John J. McDonnell, Daniel A. Boehnen, Matthew J. Sampson, Richard A. Machonkin, Patrick G. Gattari, of McDonnell Boehnen Hulbert & Berghoff LLP, Chicago, Illinois, for Defendants, of counsel.

*MEMORANDUM OPINION*

FARNAN, J.
*1 Pending before the Court is a Request For Reconsideration Of November 15, 2005 Memorandum Opinion And Order (D.I.299) filed by Defendants, SRU Biosystems, LLC, SRU Biosystems, Inc. and SRU Biosystems Holdings, LLC (collectively, "SRU"). Corning Incorporated and Artificial Sensing Instruments ASI AG (collectively, "Corning") have filed an Opposition to SRU's request. For the reasons discussed, the Court will deny SRU's Request For Reconsideration.

I. THE PARTIES' CONTENTIONS

By its Motion, SRU requests the Court to reconsider its November 15, 2005 decision on three grounds. Specifically, SRU contends that (1) the Court overlooked testimony of Corning's own witness in concluding that the '843 patent was not invalid for lack of written description; (2) the Court erroneously excluded the '248 patent which SRU maintains is relevant to this action; and (3) the Court should consider whether the '843 patent is invalid as indefinite as a result of an intervening development in the law, i.e. the Federal Circuit's recent decision in *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed.Cir.2005).

In response, Corning contends that the Court should deny reargument, because SRU restates arguments that have already been made by SRU in its prior submissions and rejected by the Court. Corning also contends SRU's request to reconsider the Court's exclusion of the '248 patent is untimely. As for the Federal Circuit's recent decision in *IPXL*, Corning contends that SRU waived any argument related to indefiniteness by failing to raise an indefinite argument at any point prior to the instant Request For Reconsideration.

II. STANDARD OF REVIEW

A motion for reconsideration under Delaware Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered ordered is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).[FN1] *In re DaimlerChrysler AG Securities Litigation*, 200 F.Supp.2d 439, 441 (D.Del.2002) (citations omitted). The purpose of a motion for reconsideration filed pursuant to Rule 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court. *Karr v. Castle*, 768 F.Supp. 1087, 1090 (D.Del.1991); *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D.Del.1990). Thus, a court may only grant reconsideration if there is:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2006 WL 155255 (D.Del.)  
**(Cite as: Slip Copy)**

Page 2

(1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood, 176 F.3d at 677*. With this standard in mind, the Court will address SRU's Request For Reconsideration.

> FN1. Because SRU's motion is made under Del. L.R. 7.1.5, Corning couches its discussion of the standard of review solely in terms of that which is required for reargument. Reargument, like reconsideration, is granted sparingly, but the grounds justifying reargument differ slightly from that which is required for reconsideration. Specifically, reargument is only appropriate where: (1) the court has patently misunderstood a party, (2) the court has made an error not of reasoning, but of apprehension, and (3) the court has made a decision outside the scope of the issues presented to the court by the parties. Though brought under Del. L.R. 7.1.5, the Court believes SRU is seeking reconsideration as evidenced both by the relief it requests and its use of the term "reconsideration" throughout its briefing. However, under either the standard for reargument or the standard for reconsideration, the Court concludes that SRU is not entitled to relief.

III. DISCUSSION

A. *Whether SRU Is Entitled To Reconsideration Of The Court's Decision To Exclude The '248 Patent*

**\*2** SRU requests the Court to reconsider its decision excluding from evidence the '248 patent. SRU contends that the '248 patent is a continuation of the '843 patent, and thus, relevant to demonstrate that the '843 patent fails to satisfy the written description requirement.

SRU raised these arguments previously, and they have already been considered by the Court. In addition, the Court's decision excluding the '248 patent from evidence was issued on September 27, 2005, with a Memorandum Opinion explaining the Court's decision on October 5, 2005. Thus, SRU was required to raise any motion to reconsider or reargue that decision by October 20, 2005, at the latest. Accordingly, the Court declines to grant reconsideration of its decision to exclude the '248 patent.

B. *Whether SRU Is Entitled To Reconsideration Of The Court's Decision That SRU Failed To Establish Invalidity Of The '843 Patent Based On Lack Of Written Description*

SRU also requests reconsideration of the Court's decision regarding the invalidity of the '843 patent based on the lack of written description. SRU contends that one of ordinary skill in the art would know that the evanescent field can actually extend into the sample more than one wavelength. SRU contends that the testimony of Corning's Dr. Pollock supports its position, and therefore, the Court erred in concluding that the specification teaches that the evanescent wave penetrates less than one wavelength into the sample and that the chemoresponsive layer within the evanescent field must therefore be less than one wavelength thick.

SRU's arguments concerning the written description requirement have already been raised in its previous briefing and considered by the Court. SRU has not demonstrated that reconsideration of these arguments is warranted.

In a letter requesting oral argument on its request for reconsideration, SRU contends that Corning has changed its position regarding what the '843 patent discloses. Specifically, SRU contends that Corning has "now admitted that the '843 patent discloses that 'the thickness of the chemo-responsive layer can be more than the evanescent filed.' " (D.I.312) (citing D.I. 306 at 9). However, it appears to the Court that Corning has always recognized that the '843 patent describes other sensors, such as sensors that work on absorption principles, and that in those types of sensors the thickness of the chemo-responsive layer can be more than the thickness of the evanescent field. D.I. 279 at 25-26; D.I. 275 at PFF 436. However, Corning has also argued that in sensors using adsorption principles, the chemo-responsive layer must be less than the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 155255 (D.Del.)
**(Cite as: Slip Copy)**

Page 3

evanescent field, and the Court's discussion of this issue is in the context of an adsorption layer. As such, the Court is not persuaded that it overlooked SRU's arguments or the testimony of Dr. Pollock as it pertains to this issue, and therefore, the Court is not persuaded that reconsideration of the Court's written description decision is warranted.

*C. Whether SRU Is Entitled To Reconsideration In Light Of The Federal Circuit's Decision In IPXL Holdings, L.L.C. Relating To Indefiniteness*

**\*3** SRU also contends that reconsideration is appropriate so that the Court can consider whether the '843 patent is invalid for indefiniteness in light of the Federal Circuit's recent decision in *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed.Cir.2005). In *IPXL,* the Federal Circuit concluded that an invention is invalid for indefiniteness if it is a combination of two statutory classes of the invention. However, SRU did not raise an indefiniteness defense in response to Corning's Interrogatories requesting SRU's defenses, in the Joint Proposed Pretrial Order, at trial or in any of its original post-trial submissions. Although SRU contends that the *IPXL* decision was reached by the Federal Circuit as a matter of first impression, the Court notes that this type of indefiniteness argument was available to SRU well before the trial in this case, despite the lack of available Federal Circuit precedent on point. Specifically, the U.S. Patent & Trademark Office concluded in a published decision fifteen years ago that a patent claim is invalid if it is a combination of two statutory classes of invention. See Ex parte *Lyell,* 17 U.S.P.Q.2d 1548, 1552 (Bd. Pat.App. & Inter.1990). Further, the United States District Court for the Eastern District of Virginia reached the same conclusion in the *IPXL* case more than a year ago and before the trial in this case. In addition, SRU has not offered any reasons for its failure to pursue this argument earlier. Accordingly, the Court concludes that SRU's argument related to indefiniteness has been waived, and therefore, it is not the proper subject of a motion for reargument. See e.g., *Davis v. Mountaire Farms, Inc.,* 2005 WL 180054, \*1 (D.Del. Jul. 29, 2005) (declining to address newly raised argument and recognizing that such an argument is "not properly the subject of a motion for reargument").

CONCLUSION

For the reasons discussed, the Court will deny SRU's Request For Reconsideration Of November 15, 2005 Memorandum Opinion And Order.

An appropriate Order will be entered.

*ORDER*

At Wilmington, this *20* day of January 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that SRU's Request For Reconsideration Of November 15, 2005 Memorandum Opinion And Order (D.I.299) is *DENIED.*

D.Del.,2006.
Corning Inc. v. SRU Biosystems
Slip Copy, 2006 WL 155255 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03cv00633 (Docket) (Jul. 10, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.