```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

JOHN S. SHIPLEY,                  :
                                  :
        Plaintiff,                :
                                  :
    v.                            :   Civil Action No. 04-1530-JJF
                                  :
B&F TOWING COMPANY and            :
OWNERS,                           :
                                  :
        Defendants.               :

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion For Time To Leave To Amend The Complaint (D.I. 23). For the reasons discussed, the Motion will be granted.

### I. BACKGROUND

Plaintiff filed his Complaint against B&F Towing Company and Owners ("B&F Towing") on December 20, 2004, alleging various constitutional and federal law violations. Pursuant to the Scheduling Order, motions to amend the pleadings were to be submitted no later than December 9, 2005, and discovery was to be completed by March 31, 2006. (D.I. 15). On April 10, 2006, Plaintiff filed his Motion For Time To Leave To Amend The Complaint, seeking to add as defendants "New Castle County and other defendants of the county." (D.I. 23). B&F Towing subsequently filed its Motion For Summary Judgment (D.I. 24).

## II. DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that, if a responsive pleading has already been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of a motion to amend is within the discretion of the Court. Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321 (1971). However, the United States Supreme Court has cautioned that leave should be freely granted unless there is an apparent reason for denying a request such as: undue delay, bad faith, dilatory motive, undue prejudice, or futility of the claims. Foman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould, Inc., 739 F.2d 858 (3d Cir. 1984).

The Court will grant Plaintiff leave to amend his Complaint. The Court has reviewed B&F Towing's Brief In Opposition To Plaintiff's Motion For Time To Leave To Amend The Complaint, in which it contends that it will be unduly prejudiced if Plaintiff is permitted to "drag out this litigation." (D.I. 27). The Court, however, granted B&F Towing's Motion For Summary Judgment on June 13, 2006 (D.I. 32), and therefore, there is no prejudice to B&F Towing.

B&F Towing also contends that Plaintiff was aware when he filed his Complaint that New Castle County was the proper

2

defendant, because the County posted the notice of violation and subsequently prosecuted Plaintiff. The Court, however, affords pro se litigants greater leniency with timing and pleading and will afford such leniency to Plaintiff in this situation.

The Court recognizes that there will be some prejudice to New Castle County in permitting Plaintiff leave to amend, but it is typical of the prejudice that any added party suffers. Additionally, Court concludes that there is no evidence that Plaintiff has acted in bad faith in seeking the amendment. Accordingly, the Court will grant Plaintiff's Motion For Time To Leave To Amend The Complaint (D.I. 23).

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion For Time To Leave To Amend The Complaint (D.I. 23) is **GRANTED**.
2. Plaintiff shall submit his amended complaint no later than **July 28, 2006.**

July 13, 2006

_____
UNITED STATES DISTRICT JUDGE