IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN S. SHIPLEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 04-1530-JJF |
| | : |
| B&F TOWING COMPANY and OWNERS, | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

On June 13, 2006, the Court granted B&F Towing Company and Owners' ("B&F Towing") Motion For Summary Judgment and entered a Judgment Order in their favor (D.I. 31-33). On June 28, 2006, Plaintiff filed a Motion To Reconsider The Order Dated June 13, 2006 (D.I. 34). In support of his Motion, Plaintiff stated:

1. The background facts are misleading as to the truth of the matter.
2. The plaintiff, John S. Shipley, asks that the court grant an extension of time to obtain legal counsel in order to respond to the defendants' REPLY brief.
3. John S. Shipley's vehicle was parked on his private property when posted as abandoned and seized from his private property. No one had the right to seize my private property. The leaves and branches were cleaned up at the time of seizure. There was no health hazard at anytime to anyone.

(D.I. 34).

Motions for reconsideration following a judgment order may be brought pursuant to Rule 59(e) or Rule 60(b). A motion brought pursuant to Rule 60(b) may be granted for only six

reasons, none of which the Court finds applicable here.[1] United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). A motion to reconsider is brought pursuant to Rule 59(e), however, when the motion is used to "'relitigate the original issue' decided by the district court." Id. In this case, Plaintiff is attempting to relitigate the Court's decision on summary judgment, and therefore, Rule 59(e) applies.

A motion brought pursuant to Rule 59(e) is subject to a time constraint of ten days. Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment.") The Court entered its Judgment Order on June 13, 2006 (D.I. 33), and Plaintiff filed his Motion on June 28, 2006 (D.I. 34). In calculating the ten days, the Court must exclude, the date the Judgment Order was entered, legal holidays, and Saturdays and Sundays. Fed. R. Civ. P. 6. Excluding those days, Plaintiff filed his Motion thirteen days after the Judgment Order was entered. Accordingly, Plaintiff's

---

[1] These reasons include:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
Fed. R. Civ. P. 60(b).

2

Motion is time-barred, and therefore, the Court will deny his Motion To Reconsider The Order Dated June 13, 2006 (D.I. 34).

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion To Reconsider The Order Dated June 13, 2006 (D.I. 34) is **DENIED**.

July 18, 2006

_____
UNITED STATES DISTRICT COURT