# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| John S. Shipley | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 04-1530-JJF |
| | ) |
| B & F TOWING COMPANY and | ) |
| OWNERS, 448 Airport Rd. | ) |
| New Castle, DE 19720; Verne Orndoff; | ) |
| New Castle County, Department of Land | ) |
| Use, Office of Code Enforcement, 87 Reads | ) |
| Way, Corporate Commons, New Castle, | ) |
| DE 19720; State of Delaware, Justice of | ) |
| The Peace Court 11, 61 Christiana Rd., | ) |
| New Castle, DE 19720; | ) |
| Judge T. Roger Barton | ) |
| | ) |
| Defendants | ) |

**AMMENDMENT TO THE COMPLAINT**

**X.**

These Defendants are incorporated into the original complaint under headings **I.** through **IX.**

**XI.**

The Defendant, Verne Orndoff, unlawfully attached the Plaintiff's vehicle causing it to be taken into B & F Towing Co.'s custody.

## XII.

Judge T. Roger Barton refused to give John S. Shipley a trial by jury which is in violation of his Seventh Amendment rights of the United States Constitution. Judge T Roger Barton also entered a judgment against John S. Shipley in the amount of $988 two years after the vehicle had been towed and all violations had been cleared in order to cause Shipley more harm and heartache.

## XIII.

The Defendants knew or should have known that said activities were in violation of the Plaintiff's civil rights. Said Defendants did nothing to prevent the violation of the Plaintiff's civil rights although it was in their power to do so. On the contrary, they aided in the conspiracy in the furtherance of the violation of the Plaintiff's civil rights.

## XIV.

Because the Defendants' actions were willful, wanton, malicious and in blatant violation of the United States Constitution and the Federal Civil Rights Act as set forth in this complaint, the Plaintiff further claims punitive or exemplary damages against all the Defendants. The Plaintiff claims a total in damages against all of the Defendants in the amount of Five Million Dollars ( $5,000,000).

**WHEREFORE**, the Plaintiff prays that Your Honorable Court enter a judgment against the Defendants and give the Plaintiff injunctive relief.

*[signature]*
John S. Shipley, **pro se**
609 Wildel Ave.
New Castle, DE 19720

Date: July 28, 2006

### XII.

Judge T. Roger Barton refused to give John S. Shipley a trial by jury which is in violation of his Seventh Amendment rights of the United States Constitution. Judge T Roger Barton also entered a judgment against John S. Shipley in the amount of $988 two years after the vehicle had been towed and all violations had been cleared in order to cause Shipley more harm and heartache.

### XIII.

The Defendants knew or should have known that said activities were in violation of the Plaintiff's civil rights. Said Defendants did nothing to prevent the violation of the Plaintiff's civil rights although it was in their power to do so. On the contrary, they aided in the conspiracy in the furtherance of the violation of the Plaintiff's civil rights.

### XIV.

Because the Defendants' actions were willful, wanton, malicious and in blatant violation of the United States Constitution and the Federal Civil Rights Act as set forth in this complaint, the Plaintiff further claims punitive or exemplary damages against all the Defendants. The Plaintiff claims a total in damages against all of the Defendants in the amount of Five Million Dollars ( $5,000,000).

**WHEREFORE**, the Plaintiff prays that Your Honorable Court enter a judgment against the Defendants and give the Plaintiff injunctive relief.

*[signature]*
John S. Shipley, **pro se**
609 Wildel Ave.
New Castle, DE 19720

Date: July 28, 2006

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN S. SHIPLEY, et al | : |
| Plaintiffs, | : |
| Vs. | : |
| B & F TOWING COMPANY, and OWNERS | : |
| A business organized and existing under the laws: | |
| Of the United States of America | : |
| 448 Old Airport Rd | : |
| New Castle De, 19720 | : |
| Defendants | : |

### Complaint

**I.**

Jurisdiction of this court is invoked pursuant to 28 U.S.C.S, S1331, 28 U.A.C.S. 1343, and 28 U.S.C.S. Section 2201. This action is brought pursuant to the Fourteenth Amendment of the United States Constitution in that Plaintiffs' rights of the equal protection of the laws have been violated, Plaintiffs' right to due process has been violated, and the privilege and immunities clauses of Article 4 and the Fourteenth Amendment have been violated. Additionally, this action has been brought pursuant to the Thirteenth Amendment of the United States Constitution to redress the deprivation of

rights, which is an immunity secured thereby. This action is also brought pursuant to 42 U.S.C.S. SS 1981, 1982, 1983, 1985(3) and 1986, to secure the rights of the Plaintiff to make and enforce any individual to stay off of private property without the property owners consent, to be secure in their property as would a white citizen, to enforce the rights of Plaintiffs to inherit, purchase, lease, sell, hold, and convey real and personal property on the same basis as white citizens, to be protected from malicious prosecution, malicious abuse of process, unlawful attachment, and otherwise a deprivation of property, and to be free from conspiracy intended to deprive Plaintiffs of their rights under the equal protection clause of the Fourteenth Amendment, the due process clause of the Fourteenth Amendment, and the privileges and immunities clauses of Article 4 and the Fourteenth Amendment; and further to protect Plaintiff from conspiracies from persons knowing of Plaintiffs' constitutional rights having been violated and willfully failing to prevent same.

## II.

Plaintiff, John S. Shipley, is an adult individual and property owner who has been residing at the above address from 1978 to present. He has always lived on the premises. He is a citizen of the United States of America and a member of the Negro race and is the owner of a certain piece of property known as 609 Wildel Avenue, New Castle, DE 19720.

## III.

Defendants, B & F Towing Company of New Castle County, and Owners, are licensed and organized under the laws of the United States of America with their address as set forth in the above captioned. For all times relevant to this lawsuit, B & F towing Co., and Owners, operate a towing company engaged in the practices under the laws of

the State of Delaware and New Castle County. The owners either personally or through its service agents or employees carried out the function of taking John S. Shipley's car from his privately owned property with out his knowledge or consent. The towing company acted in and for the County of New Castle County, State of Delaware.

## IV.

On or about the 26th day of October, 2004, the defendant, B & F Towing Co., and Owners, proceeded to drag John S. Shipley's blue, 1990 Lincoln Continental sideways from his private driveway without notice or consent. Serial Number 1LNLM9845LY638003. See Exhibit A. & See Exhibit B. He was never given the opportunity to raise a defense, thereby depriving him of his property without equal protection of the laws without being provided due process of the laws and in violation of the privileges and immunity clauses of the Fourteenth Amendment.

## V.

On the basis of his race, the defendant was deprived of equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations, including the right to keep his car, willful with the full purpose and intent of depriving the Plaintiff of his constitutional right to freely purchase and enjoy property without regard to race.

## VI.

As a direct consequence and result of the actions of the defendants, Plaintiff was forced to defend himself in this lawsuit. The plaintiff had been subject to unnecessary arbitrary, malicious prosecution, and brought solely for the intention of and with the purpose of violating the Plaintiffs' civil rights and depriving the Plaintiff of his ownership of the property in question.

## **VII.**

Plaintiff further alleges that the Defendants conspired to violate his civil rights, particularly with regard to rights guaranteed the Plaintiff by the equal protection clause of the Fourteenth Amendment, the due process clause of the Fourteenth Amendment, and the privilege and immunity clauses of Article 4 in the Fourteenth Amendment.

In addition, the Defendants, B & F Towing Co., and Owners, knew or should have known that said activities were in violation of Plaintiffs civil rights. Said Defendants did nothing to prevent the violation of Plaintiffs' civil rights although it was in their power to do so; on the contrary, they aided in the conspiracy in the furtherance of the violation of Plaintiffs civil rights.

## **VIII.**

As a direct and approximate result of the wrongful acts of the Defendants, The Plaintiff has suffered actual damages and will continue to suffer such damages from the emotional mental distress, the humiliation, and embarrassment caused by Defendants, from the anxiety and emotional distress which the Plaintiff suffered as a result of Defendants' actions, particularly with regard to the eminence with regards to his car being taken from his home and protection of his private property and his home from the deprivation of Plaintiff's rights under the Fourteenth Amendment, and , as a result of Defendants, violation of the Plaintiffs civil rights. In addition, the Plaintiff was required to expend enormous amounts of time and energy in the defense of these lawsuits, as well as separation from his family, all of which were caused by the actions of the Defendants.

Because Defendants' actions were willful, wanton, malicious and in blatant violation of the United States Constitution and the Federal Civil Rights Act as set forth in this Complaint, Plaintiffs further claim punitive or exemplary damages against the Defendant in the amount of Five Hundred Thousand ($500,000).

### IX.

WHEREFORE, the Plaintiff prays Your Honorable Court to enter order against defendants as follows:

1. For the Defendants to return the vehicle to the premises of the owner's property at 609 Wildel Avenue, New Castle, DE 19720

2. To Award damages in the amount of Five Hundred Thousand Dollars ( $500,000) for discriminating against the defendant, John S. Shipley, and violating his constitutional rights.

3. Enter a judgment that individuals are not allowed on people's private property with out their permission.

JOHN S. SHIPLEY, pro se

JOHN S. SHIPLEY

609 Wildel Avenue

Minquadale

New Castle, DE 1972

**Plaintiff**

E17

Wilmington, Del., April 8, 1984

# News 2

Prison pact kept under wr

Weather B2, Lotteries B2, Record B11, Obituaries B10

Sunday News Journal April 8, 1984

## Couple wins fight for home

*Tough luck cited in foreclosure case*

By MICHAEL JACKSON
Staff reporter

First Federal Savings and Loan Association told John and Rochelle Shipley last May that their house would be sold at sheriff's sale.

The Shipleys said they did what anyone would: They sought a lawyer.

The first lawyer they consulted said the only way to save their home at 807 Wildel Ave. in Garfield Park — temporarily, at least — would be to file for bankruptcy. That idea failed when the lawyer found that the bankruptcy law would have forced the Shipleys to pay off the entire mortgage, more than $25,000, within five years.

The Shipleys' second lawyer advised them that there was little or nothing they could do beyond bankruptcy. Their third lawyer agreed.

But the Shipleys didn't believe that they were helpless. Acting as their own lawyer, they argued in state Superior and Supreme courts that the legal papers hadn't been properly delivered to them.

Ultimately, a Superior Court judge ordered that their house be removed from the sheriff's sale list for last month. The Shipleys had won; they still had their home.

Ironically, although their home was saved, the judge didn't rule that the Shipleys hadn't been properly served the papers. He ruled instead on an issue they hadn't even raised — that the savings and loan association didn't give them the required 20 days to respond.

Less than five days after the court ruling on March 7, the Shipleys paid more than $3,200 to First Federal in back mortgage and interest payments — putting them four months ahead in their mortgage payment schedule.

But the dispute isn't over yet: The association still wants $1,900 for legal fees.

"I always had the money," Shipley said. "But I'm not paying any legal fees."

• • •

Standing behind the counter of his

See COUPLE REJECTS — B6

Staff photo by Ron Gorles

John and Rochelle Shipley with sons Robert, 11, and Jerris, 5, at their Garfield Park home.

NOTE FAMILY

## Lobbying urge for PTA group

By CECILIA FRIEND
Staff reporter

Delaware parent-teacher groups were urged at a state convention Saturday to gather community support and lobby legislators as the most effective way to improve education.

The advice to focus on larger goals rather than short-term local school projects was given by Mayna Unger, keynote speaker at the 73rd annual convention of the Delaware Congress of Parents and Teachers Inc.

Unger, National PTA vice president for legislative activities, told PTA representatives that influencing first community and then state and national legislators was the best way to assure "children get the opportunity to develop to their greatest potential."

Unger told the group of about 150 representatives assembled at Ogletown Middle School near Newark that the National PTA has been gaining respect before Congress. In the last two years, the group has been asked to speak on an assortment of bills affecting children, Unger said, including proposed laws on television programming, drugs, drinking ages and child car restraints.

The National PTA also "led the national coalition" against tuition tax credits and got it killed, Unger

said. "We're not opposed to
education. ... We do battle
that which would erode sup
public education, the corner
democracy," she said.
With 11 percent of the
children in private schoo
about three new private s
opening every day, there is
mendous drain on the capa
public schools to provide
and excellence," Unger said.
Unger also took a swipe a
of the recent recommendat
the Governor's Task Force o
cation for Economic Growt
said "quick fixes" like propos
a longer school day or
school year are appealing
nation that likes instant gra
tion." But that kind of an app
should be carefully examine
an eye to costs and effectiv
Unger said.
After Unger's speech, conv
members elected five unop
nominees regional vice pres
and discussed the legislative
form previously drafted b
state Parents and Teachers g
The afternoon was devot
workshops and presentatio
awards.
Convention guests include
Gov. Michael N. Castle, Sc
Superintendent William B. K
State Board of Education Pres
Albert H. Jones and several of
of district schools and boards.

## Accident!

*Fire police look out for those not directly involved in crises*

## This joust is just in