IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JOHN S. SHIPLEY,** | : | |
| | : | |
| Plaintiff pro se, | : | Case No. 04-1530-JJF |
| | : | |
| v. | : | |
| | : | |
| **B&F TOWING COMPANY and OWNERS, VERNE ORNDORFF, NEW CASTLE COUNTY DEPARTMENT OF LAND USE OFFICE OF CODE ENFORCMENT, STATE OF DELAWARE, JUSTICE OF THE PEACE COURT 11, and JUDGE T. ROGER BARTON,** | : : : : : : : : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS VERNE ORNDORFF AND NEW CASTLE COUNTY
DEPARTMENT OF LAND USE OFFICE OF CODE ENFORCEMENT'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendants, Verne Orndorff and New Castle County Department of Land Use Office of Code Enforcement, submit this Memorandum in support of their Motion to Dismiss the Amended Complaint filed by Plaintiff, John S. Shipley.

**PRELIMINARY STATEMENT**

On October 7, 2004, Code Enforcement Officer Verne Orndorff ("Officer Orndorff") received a complaint regarding the condition of Plaintiff's property located at 609 Wildel Avenue, Wilmington, Delaware. As a result of receiving this complaint, on October 15, 2004, Officer Orndorff inspected the Plaintiff's property, and observed two unregistered and/or inoperable vehicles surrounded by weeds and covered with tree limbs on the side of Plaintiff's property, in violation of the New Castle County Code Section 6.06.004(A). In addition, the Plaintiff's grass had grown to a height in excess of eight inches and tree debris was scattered in

front of the his garage, in violation of New Castle County Code Section 6.06.004(B) and Section 6.06.005(E), respectively. Officer Orndorff posted a violation notice on the Plaintiff's property directing him to correct all outstanding violations within seven days. The October 15, 2004 violation notice also indicated that Officer Orndorff could be contacted with any questions or concerns regarding the notice. Plaintiff never attempted to contact Officer Orndorff or the Office of Code Enforcement.

On October 22, 2004, Officer Orndorff returned to the Plaintiff's property and discovered that the original violations remained uncorrected, including the two unregistered vehicles. Officer Orndorff tagged the two unregistered vehicles for towing. Both towing stickers included Officer Orndorff's contact information. On October 24, 2004, two days after the vehicles were tagged, the New Castle County Police Department contacted B&F Towing Company and Plaintiff's 1990 Lincoln Continental was towed from his property. Officer Orndorff subsequently filed four charges against the Plaintiff in Justice of the Peace Court No. 11 for the Property Maintenance Code violations that were present on the Plaintiff's property, including the two unregistered vehicles. Although the Justice of the Peace Court staff originally scheduled the hearing in this matter for February 8, 2005, the hearing was rescheduled on a number of occasions, including Plaintiff's failure to appear, his claim that the medication he was taking made him forgetful, and his request for a stay of the criminal proceedings to allow B&F Towing the opportunity to join New Castle County as a party to the case at hand.

After confirming that B&F Towing was not adding New Castle County as a party to this civil suit, on January 12, 2006, Michele Allen, Assistant County Attorney, requested that the Justice of the Peace Court lift the stay that was put on the criminal case. On January 19, 2006, the Honorable Judge Laurence L. Fitchett lifted the stay on the criminal proceedings and

scheduled the criminal trial in the matter for February 14, 2006. On February 14, 2006, the Honorable T. Roger Barton held a hearing, and found the Plaintiff guilty of all four charges.

Plaintiff was given the opportunity to appeal Judge Barton's ruling within the five day time period, however he failed to file his appeal, and instead filed a Motion to Reconsider on February 22, 2006, eight days after the original ruling. The Motion to Reconsider was ultimately denied by Judge Barton after yet another hearing on April 17, 2006.

Plaintiff has brought this suit against Officer Orndorff and New Castle County Department of Land Use Office of Code Enforcement ("Office of Code Enforcement") alleging that both Officer Orndorff and the Office of Code Enforcement violated the Thirteenth and Fourteenth Amendments, the Privileges and/or Immunities Clauses, and 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986. The Plaintiff further claims that the Officer Orndorff and the Office of Code Enforcement maliciously prosecuted him. Plaintiff seeks five million dollars in damages and injunctive relief.

Officer Orndorff and the Office of Code Enforcement now move to dismiss the complaint for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5), as Plaintiff has failed to follow the rules for service upon an individual or local government organization. In addition, Plaintiff has failed to name the proper party in his complaint and has sued a *sui non juris*. Officer Orndorff and the Office of Code Enforcement also move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff fails to state a claim under the Thirteenth and Fourteenth Amendments, the Privileges and/or Immunities Clauses, and 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986. Plaintiff has also failed to state a claim demonstrating he was maliciously prosecuted.

**ARGUMENT**

**I.      The Complaint Must Be Dismissed For Insufficiency of Service of Process**

Federal Rule of Civil Procedure 4 provides the manner and method in which service of process must be completed upon an individual or governmental organization. Subsection (e) states that service upon an individual "may be effected in any judicial district of the United States pursuant to the law of the state in which the district is located" or "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode." Fed. R. Civ. P. 4(e).

Service upon a governmental organization is "effected by delivering a copy of the summons and complaint to its chief executive officer" or by serving the summons and complaint "in the manner prescribed by the law of that state. . .upon any such defendant." Fed. R. Civ. P. 4(j)(2). Regardless of whether a Plaintiff is serving an individual or a governmental organization, service of the summons and complaint must be made within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m).

In the instant matter, Plaintiff filed the "Ammendment [sic] To The Complaint" ("Amended Complaint") on July 28, 2006 with this Honorable Court. On November 30, 2006, over one hundred and twenty-five days after filing the Amended Complaint, Officer Orndorff received copies of the Summons and Amended Complaint via certified mail. Plaintiff had ample opportunity to serve the Defendants with a copy of his Amended Complaint within the one hundred and twenty day prescribed time limit, and he should be prohibited from ignoring the procedural rules that all litigants are bound by.

In addition to failing to comply with Federal Civil Procedure Rule 4(m), Plaintiff has failed to properly serve the Defendants under the federal and state rules. As previously identified

by this Honorable Court, certified mail is not a proper means of service under federal or state rules.  *See Breitigan v. State*, 2003 WL 21663676 *2 (D. Del. July 16, 2003); 10 *Del. C.* § 3103(a); Del. Super. Ct. Civ. R. 4(f)(I) and (f)(IV).  As of the date of this filing, neither the Department of Land Use nor the Office of Code Enforcement has received service of the Amended Complaint or Summons.  Accordingly, the complaint must be dismissed for insufficiency of service of process.

**II.  The Department of Land Use Office Of Code Enforcement Is A *Non Sui Juris.***

In addition to filing suit against Officer Orndorff, Plaintiff has filed suit against the New Castle County Department of Land Use Office of Code Enforcement.  Section 2.05.101 of the New Castle County Code and 9 *Del C*. §1301 fail to define the Department of Land Use as a separate entity or corporate body, however both Codes clearly indicate that the Department of Land Use is a department within the County government.  *See Breitgan,* 2003 WL 2166376 at *2 (holding that neither the New Castle County Police Department nor the New Castle County Employees' Retirement System Board of Trustees were suable entities);   *See also Thomas v. Wilmington Police Dept.,* 1994 WL 315232 (Del. Super. June 3, 1994) (holding that the City of Wilmington Police Department, as a department of the City, is not suable as a separate entity).

In addition to failing to serve both Officer Orndorff and the Office of Code Enforcement in the proper manner, Plaintiff has failed to file suit against the proper governmental entity, and therefore, Plaintiff's complaint must be dismissed.

**III.  The Complaint Must Be Dismissed For Failure To State A Claim**

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  If the Plaintiff does not meet this standard, Rule 12(b)(6) requires the Court to dismiss for "failure

to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Because Plaintiff has failed to make any allegations against Officer Orndorff or the Office of Code Enforcement which meet the standards of these Rules, this Complaint should be dismissed as to both Defendants.

    **A.**     **Plaintiff's Claims For Racial Discrimination Pursuant To 42 U.S.C. §§ 1981 and 1982 Must Be Dismissed Because Plaintiff Has Failed To Establish A *Prima Facie* Case.**

Plaintiff claims that Officer Orndorff and the Office of Code Enforcement racially discriminated against him by towing his 1990 Lincoln Continental from his property in violation of 42 U.S.C. §§ 1981 and 1982. The United States Supreme Court has determined that claims brought pursuant to 42 U.S.C. §§ 1981 and 1982 follow the burden shifting analysis, requiring the Plaintiff to establish a *prima facie* case of discrimination and then shifting the burden to the defendant to "articulate some legitimate nondiscriminatory reason" for treatment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In order to establish a *prima facie* case here, the Plaintiff must demonstrate that the he is a member of a racial minority, the defendant intended to discriminate against the Plaintiff on the basis of race and the discrimination concerned "one or more of the enumerated activities in the statute." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). Claims brought pursuant to § 1982 also require the Plaintiff to allege facts with specificity "to show or raise a plausible inference (1) [of] the defendants['] racial animus; (2) [of] intentional discrimination; and (3) that the defendant[s] deprived plaintiff of his rights because of his race." *Brown,* 250 F.3d at 797 (*citing Garg v. Albany Indus. Dev. Agency,* 899 F. Supp. 961, 968 (N.D.N.Y. 1995), *aff'd. mem.*, 104 F.3d 351 (2d Cir. 1996)).

Plaintiff's complaint has failed to establish a prima facie case under §§ 1981 and 1982. Aside from making broad false assertions, Plaintiff has failed to state with specificity how Defendants Orndorff and the Office of Code Enforcement demonstrated any animus against him or intentionally discriminated against him based on his race. Plaintiff has also failed to state how he was deprived of any rights because of his race or treated differently than other landowners in New Castle County. Therefore, the Plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and 1982 must be dismissed.

    **B.**    **Plaintiff's Claim That The Defendants Conspired Against Him Should Be Dismissed As It Is Based On Unfounded Broad, Conclusory Statements.**

Plaintiff claims that each of the Defendants conspired against him "in furtherance of the violation of the plaintiff's civil rights," and "did nothing to prevent the violation" of his civil rights in violation of 42 U.S.C. §§ 1985(3) and 1986. In order to pursue a claim based on §1985 (3) the Plaintiff must demonstrate:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of laws; (3) an act in furtherance of conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (*citing United States Bhd. Of Carpenters and Joiners of Am., Local 610*, 463 U.S. 825, 828-829 (1983)); *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971).

Case law has established that claims brought pursuant to § 1985(3) must be pled with specificity and "under Third Circuit standards, it is insufficient for a plaintiff alleging conspiracy to violate civil rights merely to make broad, conclusory allegations of such a conspiracy, or to show merely that the defendants had a common goal or acted in concert." *Martin v. Delaware Law School of Widener University*, 625 F. Supp. 1288, 1297 (D. Del. 1985), *aff'd*, 884 F.2d 1384

(3d Cir. 1989) (citations omitted). A plaintiff bringing such a claim "must show through specific facts that the defendant reached an understanding or agreement to violate plaintiff's federally created rights." *Martin*, 625 F. Supp. at 1297 (*citing Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532, 539 (E.D. Pa. 1982)).

Plaintiff has failed to allege any facts in his Complaint or Amended Complaint demonstrating any type of agreement or conspiracy among the Defendants, let alone a conspiracy motivated by racial animus or discrimination. Plaintiff's Complaint and Amended Complaint have made broad and conclusory statements, and he is unable to point to any facts indicating that Officer Orndorff and/or the Office of Code Enforcement conspired against him or deprived him of any rights due to his race. Therefore, Plaintiff's conspiracy claims must be dismissed.

    **C.**    **Plaintiff's Claims Pursuant To § 1983 Lack Any Basis And Fail To Demonstrate How The Defendants Deprived Him Of His Federally Protected Rights.**

In order to assert a claim under § 1983, the Plaintiff must show: (1) the conduct complained of was committed by a state actor, and the (2) conduct deprived the plaintiff of a federally protected right. *Moore v. Tartler*, 986 F. 2d 682, 685 (3d Cir. 1993). In this case, Plaintiff alleges that Officer Orndorff and the Office of Code Enforcement violated his rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Privileges and Immunity Clause of the Fourteenth Amendment and/or Article IV of the United States Constitution.

    **1.**    **Equal Protection Clause**

Prevailing on an equal protection claim would require that a plaintiff demonstrate that the challenged practice "[h]ad a discriminatory effect and was motivated by a discriminatory purpose". *Carrasca v. Pomeroy*, 313 F.3d 828, 834 (3d Cir. 2002). A discriminatory effect is

shown by establishing facts demonstrating that the Plaintiff is a member of a protected class and that he was treated differently from individuals who are similarly situated in an unprotected class. *Bradley v. United States*, 299 F.3d 197 (3d Cir. 2002).

As previously mentioned, Plaintiff is unable to point to any facts that demonstrate that he was treated differently than any other landowner in New Castle County. Plaintiff has also failed to set forth facts demonstrating that the towing of his vehicle was based on his race or any other discriminatory purpose. Therefore, the Plaintiff's claim pursuant to the Equal Protection Clause must be dismissed.

### 2. Due Process Clause

The Fourteenth Amendment Due Process Clause prohibits the states from depriving a person of life, liberty or property without due process of the law. "Constitutional due process requires that a party affected by government action be given the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976). However, the procedural protections afforded under due process will vary depending on the deprivation at stake. *Johnson v. Outboard Marine Corp.,* 172 F.3d 536 (8th Cir. 1999) (*citing*, *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

Courts have held that the loss of use of an automobile "deprives the owner of a property interest that may be taken only in accordance with the Due Process Clause of the Fourteenth Amendment." *Katona v. City of Cheyenne*, 686 F. Supp. 287, 294 (D. Wyo. 1988) (*citing Stypmann v. City and County of San Francisco*, 557 F.2d 1338, 1342 (9th Cir. 1977)). However, "[a] municipality need not provide a hearing before impounding a private automobile." *Id.* (*citing Weinrauch v. Park City*, 751 F.2d 357, 360 (10th Cir. 1984)). In fact, the United States Supreme Court has held that when the owner of an automobile was able to recover his vehicle by

paying the towing and storage fees prior to having the opportunity to be heard, the owner's due process rights were not violated as it is quite common for judicial proceedings to take place after a substantial amount of time has elapsed due to administrative necessity. *City of Los Angeles v. David*, 538 U.S. 715 (2003).

In this case, a violation notice was posted at the Plaintiff's residence on October 15, 2004 indicating that Plaintiff's property was in violation of the New Castle County Code 6.06.004 (A). The notice specifically indicated that he had failed to keep his property free from unregistered and/or inoperable vehicles, among other violations.[1] The violation notice clearly stated that the Plaintiff must remove any/all unregistered and/or inoperable vehicles from his property, including a maroon Plymouth van and the 1990 blue Continental at issue, within seven days. The October 15, 2004 violation notice also identified Officer Orndorff's name and telephone number and indicated that Plaintiff should contact Officer Orndorff with any questions he may have regarding the notice.

On October 22, 2004, Officer Orndorff reinspected the Plaintiff's property and observed that both unregistered and/or inoperable vehicles remained on the property, in violation of the County Code. On this same date, Officer Orndorff tagged both vehicles for towing with a second violation notice. The October 22, 2004 violation notice again provided Plaintiff with Officer Orndorff's name and contact information, and stated, "UNLESS THIS VEHICLE, DESCRIBED BELOW, IS REMOVED PRIOR TO October 26, 2004, IT MAY BE REMOVED AND STORED AT THE OWNER'S EXPENSE." Officer Orndorff allowed the Plaintiff a second opportunity to remove his unregistered and/or inoperable vehicles and correct the violation. Plaintiff's vehicle was not towed until October 26, 2004, nine days after the initial

violation notice was posted at the Plaintiff's property. Plaintiff has never attempted to contact Officer Orndorff or the Office of Code Enforcement regarding the status of his vehicle or the criminal charges.

On November 3, 2004, Officer Orndorff filed charges against the Plaintiff based on the aforementioned violations. Justice of the Peace Court No. 11 scheduled the hearing in this matter for February 8, 2005, the earliest date available for New Castle County Code cases. The hearing was subsequently continued on several occasions as a result of the Plaintiff's actions. On one occasion the Plaintiff failed to appear. He later indicated that he was on medication, which made him forgetful, and requested a continuance as he was under a doctor's care. Finally, in October of 2005, Plaintiff requested that a stay be placed on the criminal case because B&F Towing planned on adding the County as a party to case at hand. After speaking with counsel for B&F Towing, the County was able to confirm that the Plaintiff had made misrepresentations to the court and B&F Towing had not added the County to the civil suit.

Although the hearing regarding the Plaintiff's County Code violations did not take place until February 14, 2006, Plaintiff had a full opportunity to be heard from the date the charges were filed through the February 14, 2006 hearing, when the Honorable Rodger Barton found the Plaintiff guilty on all charges. Plaintiff was also given an opportunity to appeal Judge Barton's ruling by filing an appeal to the Court of Common Pleas within the five day appeal period. Although Plaintiff did not file an appeal with the Court of Common Pleas, Plaintiff did file a Motion to Reconsider on February 22, 2006, nine days after the initial ruling was made. Judge Barton heard and denied the Plaintiff's motion on April 17, 2006. Plaintiff's claims that he was

---

[1] Plaintiff is familiar with New Castle County Code Section 6.06.004 (A) as he has received several violation notices, dating back to March of 1999, for failing to keep his property free of unregistered and/or inoperable vehicles.

11

denied due process are unsupported by the continuous opportunities that Plaintiff had to be heard.

In addition to claiming that he was denied an opportunity to be heard, Plaintiff claims that he was denied the "constitutional right to freely purchase and enjoy property without regard to [his] race." *See Plaintiff's Complaint*, Para. V. Similar to vehicle owner in *City of Los Angeles*, Plaintiff had the ability to retrieve his vehicle by simply paying B&F Towing their towing and storage fee. Plaintiff's vehicle remains at B&F Towing's lot as result of his own actions. The allegation that the Office of Code Enforcement of Officer Orndorff denied Plaintiff use of his vehicle is simply false. Plaintiff should be prohibited from bringing a due process claim and alleging that he has been denied use of his property when he has not made any attempt to retrieve his vehicle. Plaintiff was provided the due process protections that are required by the Fourteenth Amendment and his claim that that the Defendants violated his due process rights should be dismissed.

### 3. Privileges and Immunities Clause

Plaintiff's claim that Officer Orndorff and the Office of Code Enforcement violated the Privileges and Immunities Clauses of Article IV and the Fourteenth Amendment are unfounded and should be dismissed. Article IV § 2 states, "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in several states." U.S. Const. Art. IV § 2. This clause provides protections to nonresidents of a state and "bar[s] discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States." *Saenz v. Roe,* 526 U.S. 489, 502 (1999) (*citing Toomer v. Witsell*, 334 U.S. 385, 396 (1948)). However, the Clause does not apply to actions which challenge the actions of a citizen's own state. *Supreme Court of Virginia v. Friedman*, 487 U.S. 59, 64 (1988).

The Privileges and Immunities Clause of the Fourteenth Amendment, "protects all citizens against abridgement by states of rights of national citizenship as distinct from the fundamental or natural rights inherent in state citizenship." *Madden v. Kentucky,* 309 U.S. 83, 90 (1940).  The Privileges and Immunities Clause of the Fourteenth Amendment "seeks, as does Article IV, § 2, to prevent an exercise of the independent power left to each state in favor of its own citizens in respect to their common personal rights as citizens and against participation in the same rights by citizens of other states."  16B Am. Jur. *2d Constitutional Law* § 747 at 257 (1998).

In this case, it is unclear how Officer Orndorff and the Office of Code Enforcement could have violated the Plaintiff's rights pursuant to the Privileges and Immunities Clauses of Article IV and/or the Fourteenth Amendment as the Office of Code Enforcement enforces the Property Maintenance Code within New Castle County, Delaware, the same county and state within which the Plaintiff resides.  Further, as previously stated, Plaintiff has failed to set forth any facts which demonstrate that either Officer Orndorff or the Office of Code Enforcement violated any of the Plaintiff's federally protected and guaranteed rights.  Therefore, Plaintiff's claims pursuant to the Privileges and Immunities Clauses of Article IV or the Fourteenth Amendment must be dismissed.

    **4.**    **Thirteenth Amendment**

Plaintiff's complaint references that Officer Orndorff and the Office of Code Enforcement violated the Thirteenth Amendment.  The Thirteenth Amendment prohibits slavery and involuntary servitude. U.S. Const. amend. XIII**.**  Plaintiff's complaint does not address any facts which would demonstrate how the Defendants violated his rights pursuant to the Thirteenth

Amendment and plaintiff to suffer service through involuntary servitude. Therefore, the Plaintiff's Thirteenth Amendment claim should be dismissed.

    **D.**     **Plaintiff Complaint Fails To Allege A Prima Facie Case For Malicious Prosecution.**

Plaintiff's complaint alleges that Officer Orndorff and the Office of Code Enforcement maliciously prosecuted him and as a result he was forced to defend himself in this lawsuit. In order to establish a claim for malicious prosecution, the Plaintiff must demonstrate:

> (1) prior institution or continuation of some regular judicial proceeding against the plaintiff in this action;
> (2) such former proceedings must have been by, or at the insistence of, the defendant in this action;
> (3) the former proceedings must have terminated in favor of the plaintiff herein;
> (4) there must have been malice in instituting the former proceedings;
> (5) there must have been a lack of probable cause for the institution of former proceedings; and
> (6) there must have been injury or damage to the plaintiff from the former proceedings.

*Wiers v. Barnes*, 925 F. Supp. 1079, 1093 (D. Del. 1996) (*citing Meganhardt v. Nolan*, 583 A.2d 660 (Del. 1990)).

    Plaintiff's claim for malicious prosecution must be dismissed as he has failed to establish how the former proceedings were terminated in his favor as required by the case law. In fact, the Plaintiff was found guilty on all four charges in the Justice of the Peace Court. Further, Plaintiff is unable to point to any facts demonstrating malice or lack of probable cause in instituting former proceedings as required by established case law.

    **E.**     **Officer Orndorff's Actions Were Reasonable Under The Circumstances And, Therefore, He Is Entitled To Qualified Immunity.**

"[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the

defendant is sued in his or her official capacity." *Johnson,* 172 F.3d at 535 (*citing Artis v. Francis Howell North Band Booster Ass'n Inc.,* 161 F.3d 1178, 1182 (8th Cir. 1998)). In this case, the Plaintiff has failed to expressly state whether Officer Orndorff is being sued in his official capacity or individual capacity. Although the limited facts addressed in the Plaintiff's complaint indicate that Officer Orndorff was acting in his official capacity as a Code Enforcement Officer, assuming the Plaintiff seeks to sue Officer Orndorff in his individual capacity, the Plaintiff's complaint must also be dismissed because Officer Orndorff is entitled to qualified immunity.

The actions and conduct of Officer Orndorff, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which Officer Orndorff was aware, and he enjoys qualified immunity from all liability therefor. The defense of qualified immunity protects "governmental officials performing discretionary functions… from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Teri Lynn Enterprises, Inc. v. Pickell*, 2006 WL 2873175 *3 (6th Cir. 2006) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

As identified by the United States Supreme Court in 2001, there is a two part inquiry for qualified immunity. *Springer v. Henry*, 2002 WL 389136, at *6 (D. Del. March 11, 2002). First, the court must determine whether the facts, when taken in a light most favorable to the Plaintiff, sufficiently demonstrate that the individual defendant violated a constitutional right. Secondly, even if a constitutional violation can be shown, nonetheless the immunity still protects an individual defendant unless the right allegedly violated was "clearly established" at the time the defendant acted, such that a reasonable official would have known it. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The Third Circuit has held that a right is considered "clearly established" if its

"contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *McKee v. Hart*, 2006 WL 27474, at *5 (3d Cir. Jan. 6, 2006) (*quoting McLaughlin v. Watson*, 271 F.3d 566, 571 (3d Cir. 2001)). For example, "there must be sufficient precedent at the time of the action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally prohibited." *Id.* (citation omitted). *See Bradshaw v. Stoller*, 72 Fed. Appx. 513 (9th Cir. 2003) (holding that police officers who towed a vehicle from an apartment complex were entitled to qualified immunity under §1983 even if the warning signs had failed to meet the California Vehicle Code because the vehicle remained illegally parked). *See also Scofield v. City of Hillsborough*, 862 F.2d 759, 764 (9th Cir. 1988) (holding that "the government interest in towing unregistered vehicles is analogous to the governmental interest in towing illegally parked vehicles").

In this case, Officer Orndorff sent the Plaintiff a violation notice on October 15, 2004 indicating that the vehicles on the Plaintiff's property were in violation of the New Castle County Code. After the Plaintiff failed to remove the unregistered vehicle within the seven day directed time period, Officer Orndorff tagged the vehicle for towing and contacted the New Castle County Police Department to commence the usual towing procedure. The County Police Department followed the procedures for towing an abandoned vehicle as codified in 21 *Del. C.* § 4402E. At the time the Plaintiff's vehicle was towed, Officer Orndorff reasonably believed that the method and manner used by the County and State police in towing abandoned vehicles was in accordance with the law, and not in violation of the Plaintiff's due process rights. In fact, there was insufficient precedent to put Officer Orndorff on notice that the alleged conduct was constitutionally prohibited. As a Code Enforcement Officer, Officer Orndorff was enforcing the County and State Codes, and his actions, to the extent they occurred as alleged, were objectively

reasonable under the circumstances of which Officer Orndorff was aware.  As a result, he enjoys qualified immunity from all liability therefor.

## CONCLUSION

For the aforementioned reasons, Plaintiff has failed to comply with the service and pleading requirements of the Federal Rules of Civil Procedure.  Accordingly, his suit against Officer Verne Ordnorff and the Department of Land Use Office of Code Enforcement should be dismissed.

Respectfully submitted,

/s/ *Harshal Purohit*, Assistant County Attorney
Harshal Purohit, No. 4593
Megan K. Sanfrancesco, No. 3801
Michele D. Allen, No. 4359
New Castle County Law Department
87 Read's Way
New Castle, DE 19720
(302) 395-5272
Attorneys for Defendants, Verne Orndorff and
New Castle County Department of Land Use Office
of Code Enforcement

DATED:  December 14, 2006