IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN S. SHIPLEY, | : | |
| | : | |
| Plaintiff pro se, | : | Case No. 04-1530-JJF |
| | : | |
| v. | : | |
| | : | |
| B&F TOWING COMPANY and | : | |
| OWNERS, VERNE ORNDORFF, | : | |
| NEW CASTLE COUNTY | : | |
| DEPARTMENT OF LAND USE | : | |
| OFFICE OF CODE ENFORCMENT, | : | |
| STATE OF DELAWARE, JUSTICE | : | |
| OF THE PEACE COURT 11, and | : | |
| JUDGE T. ROGER BARTON, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS VERNE ORNDORFF AND NEW CASTLE COUNTY
DEPARTMENT OF LAND USE OFFICE OF CODE ENFORCEMENT'S
REPLY TO PLAINTIFF'S MOTION IN OPPOSITION OF DEFENDANTS'
MOTION TO DISMISS**

**COME NOW,** the Defendants Verne Orndorff and New Castle County Department of Land Use Office of Code Enforcement, by and through Assistant County Attorney, Harshal Purohit move this Honorable Court, to Dismiss the Plaintiff's case. In support of this Motion, the Defendants aver:

1.  On July 28, 2006, Plaintiff filed the "Ammendment [sic] To The Complaint" alleging that both Officer Verne Orndorff and the New Castle County Department of Land Use Office of Code Enforcement violated the Thirteenth and Fourteenth Amendments, the Privileges and/or Immunities Clauses, and 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986. Officer Verne Orndorff (hereinafter "Officer Orndorff") received a copy of Plaintiff's Amended

Complaint via certified mail on November 30, 2006, over one hundred and twenty-five days after the Amended Complaint was filed with this Honorable Court.

2. On December 14, 2006, Defendants filed a Motion to Dismiss the Plaintiff's Amended Complaint based on the Plaintiff's failure to properly serve the Defendants, failure to file suit against the proper party, and failure to state a claim upon which relief can be granted. Two copies of the Defendants' Motion were sent via first class mail to the Plaintiff's home address.

3. On January 19, 2007, over one month after the Defendants' Motion to Dismiss was filed, the Plaintiff filed a "Motion in Opposition of Defendants' Verne Orndorff and New Castle County Department of Land Use Code Enforcement Office and New Castle Court No#11 Roger T. Barton of His Motion to Dismiss" (hereinafter "Answering Brief"). Although Plaintiff filed what can best be construed as an Answering Brief to the Defendants' Motion to Dismiss on January 19, 2007, a copy of the Answering Brief was not mailed to any of the attorneys at the New Castle County Law Department. Instead, Plaintiff mailed a copy of the Answering Brief to Officer Orndorff. On January 29, 2007, the Answering Brief was docketed by the Clerk of this Honorable Court and email notice of "Activity in Case" was sent to First Assistant County Attorney, Megan Sanfrancesco.

4. Plaintiff's mailing of his Answering Brief to Officer Orndorff on January 19, 2007 cannot be considered proper service pursuant to Federal Rule of Civil Procedure 5(b)(1), which requires service to the made on the attorney that represents a party, unless the Court orders otherwise. Fed. R. Civ. P. 5(b)(1).

5. In addition, to failing to serve the Defendants' attorney, Plaintiff has failed to respond to the Defendants' Motion to Dismiss in a timely manner. Pursuant to Local District

Court Civil Rule 7.1.2 (a), unless otherwise ordered by the Court, a party answering a motion shall serve and file the answering brief no later than ten days after the service and filing of the opening brief.  USDC D. Del. LR 7.1.2 (a).  In this case, the Plaintiff filed his Answering Brief on January 19, 2007, over one month after the Defendants' filed their Motion to Dismiss. Therefore, Plaintiff's untimely Answering Brief should not be considered in determining whether the Plaintiff's Amended Complaint should be dismissed.

     5.    Even if the Court considers the Plaintiff's untimely Answering Brief, Plaintiff's Answering Brief fails to set forth any facts that dispute the Defendants' Motion to Dismiss.  In fact, Plaintiff's Answering Brief simply reiterates the broad statements that were initially asserted in his Amended Complaint.  Without setting forth any factual support, Plaintiff alleges that the Defendants' have violated his constitutional rights.  Several of the Defendants' arguments have been addressed in the Plaintiffs' Answering Brief with the statement, "Denied." *See* Plaintiff's Answering Brief generally.

     6.    Plaintiff's Answering Brief, specifically Paragraph "F" and the attached exhibits, also reference facts related to the current Property Maintenance Code violations that exist on the Plaintiff's property and a search warrant that was recently executed on the Plaintiff's property as a result of those violations.  Facts associated to a current code enforcement case and a recently executed search warrant are unrelated to the case at hand, and have no bearing on the towing of the Plaintiff's vehicle in 2004.

     7.    As the moving party, the Defendants bear the burden of proof of demonstrating why the Plaintiff's Amended Complaint should be dismissed.  Although the Plaintiff has failed to respond to the Defendants' Motion to Dismiss with a timely response that provides any sort of factual support as to why the Amended Complaint should not be dismissed, the Defendants aver

that the Plaintiff's Amended Complaint should be dismissed for the reasons set forth in the Defendants' Motion to Dismiss.  Specifically, the Plaintiff has failed to sufficiently serve a copy of the Amended Complaint to the Defendants, bring suit against the proper party, and state a claim upon which relief can be granted.

8. As stated in the Defendants' Motion to Dismiss, the Plaintiff filed his Amended Complaint with this Honorable Court on July 28, 2006.  On November 30, 2006, over one hundred and twenty-five days after filing the Amended Complaint, Officer Orndorff received copies of the Summons and the Amended Complaint via certified mail.   As of the date of this pleading, the Department of Land Use Office of Code Enforcement has never received a copy of the Summons or Amended Complaint.  As previously identified by this Honorable Court, certified mail is not a proper means of service under the federal or state rules. *See Breitigan v. State*, 2003 WL 21663676 *2 (D. Del. July 16, 2003).

9. The Defendants recognize that "[i]t is a well settled principle that district courts, upon determining that process or service of process was insufficient, have broad discretion in dismissing a plaintiff's complaint." *Johnson v. Medical Department,* 2005 WL 1320897, at *1-2 (D. Del. June 1, 2005) (*citing Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992); *Mettle v. First Union Nat'l Bank*, 279 F. Supp.2d 598, 604 (D.N.J. 2003).  However, in this case, the Plaintiff is unable to offer any facts that set forth a reasonable explanation as to why he failed to comply with the procedural rules that all litigants are bound by.   As such, the Plaintiff's Amended Complaint must be dismissed.

10. In addition to filing suit against Officer Orndorff, Plaintiff filed suit against the New Castle County Department of Land Use Office of Code Enforcement.  Section 2.05.101 of the New Castle County Code and 9 *Del C*. §1301 fail to define the Department of Land Use as a

4

separate entity or corporate body, however both Codes clearly indicate that the Department of Land Use is a department within the County government. *See* NCCC § 2.05.101 and 9 *Del C.* §1301. As previously set forth by this Honorable Court, a department that is not a separate corporate body cannot be sued as a separate entity. *See Breitgan,* 2003 WL 2166376 at *2 (holding that neither the New Castle County Police Department nor the New Castle County Employees' Retirement System Board of Trustees were suable entities). In addition to failing to serve both Officer Orndorff and the Office of Code Enforcement, Plaintiff has failed to file suit against the proper governmental entity. Plaintiff responds to this argument in paragraph II of his Answering Brief with the statement, "Denied." Due to the fact that Plaintiff is unable to demonstrate any facts or case law disputing the Defendants' argument that the Department of Land Use Office of Code Enforcement is a *non sui juris*, the Plantiff's Amended Complaint must be dismissed.

      11.    In addition to failing to properly serve the Defendants and failing to name the appropriate government entity in accordance with the State and Federal Rules, Plaintiff's Amended Complaint fails to set forth a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). "The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of a case." *AES Corporation v. Dow Chemical Company*, 2001 WL 34367296, at *1 (D. Del. Jan. 19, 2001) (*citing Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "[T]he court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them." *Breitgan,* 2003 WL 2166376 at *1 (*citing Markowtiz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). "However, the court need not "credit a complaint's 'bald assertions' or 'legal

5

conclusions' when deciding a motion to dismiss." *Id.* (*citing Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902, 906 (3d Cir. 1997).

12. In this case, the Plaintiff is unable to set forth any facts which demonstrate a claim upon which relief may be granted. Plaintiff's Amended Complaint makes broad false assertions and legal conclusions without failing to specify how the Defendants have violated his constitutional rights. Plaintiff is unable to establish how the Defendants demonstrated any racial animus against him or treated him differently than any other landowner in New Castle County. As such Plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and 1982 must be dismissed. *See* Defendants' Motion to Dismiss generally.

13. In addition, Plaintiff has failed to allege any facts in either his Amended Complaint or Answering Brief which would demonstrate any type of agreement or conspiracy among the Defendants, let alone a conspiracy motivated by racial animus or discrimination. As such, the Plaintiff's conspiracy claims pursuant to 42 U.S.C. §§ 1985(3) and 1986 must be dismissed. *See* Defendants' Motion to Dismiss generally.

14. Plaintiff's claim that the Defendants deprived him of his federally protected rights in violation of 42 U.S.C. § 1983 are also based on broad statements that lack any factual support. As previously stated, Plaintiff is unable to point to facts that demonstrate that he was treated differently than from any other landowner in New Castle County. Therefore, Plaintiff's claim pursuant to the Equal Protection Clause must be dismissed. *See* Defendants' Motion to Dismiss generally.

15. Plaintiff's Amended Complaint has also failed to allege how he was deprived of his Due Process rights despite the fact that he was sent two violation notices, with Officer Orndorff's contact information, indicating that his property must be kept free from unregistered

and/or inoperable vehicles prior to his vehicle being towed. In addition, Plaintiff was afforded an opportunity to be heard at the Justice of the Peace Court No. 11 and had the ability to appeal Magistrate Barton's ruling, which he choose not to do. Plaintiff was provided the due process protections that are required by the Fourteenth Amendment and his claim that that the Defendants violated his due process rights should be dismissed. *See* Defendants' Motion to Dismiss generally.

16. Plaintiff's claims that the Defendants violated the Plaintiff's rights pursuant to the Privileges and Immunities Clauses of Article IV and/or the Fourteenth Amendment must be dismissed because the Office of Code Enforcement enforces the Property Maintenance Code within New Castle County, Delaware, the same county and state within which the Plaintiff resides. Further, as previously stated, Plaintiff has failed to set forth any facts which demonstrate that either Officer Orndorff or the Office of Code Enforcement violated any of the Plaintiff's federally protected and guaranteed rights. *See* Defendants' Motion to Dismiss generally.

17. Plaintiff's Amended Complaint also alleges that the Defendants violated his rights pursuant to the Thirteenth Amendment. The Thirteenth Amendment prohibits slavery and involuntary servitude. U.S. Const. amend. XIII. Plaintiff's complaint does not address any facts which would demonstrate how the Defendants violated his rights pursuant to the Thirteenth Amendment and plaintiff to suffer service through involuntary servitude. Therefore, the Plaintiff's Thirteenth Amendment claim should be dismissed. *See* Defendants' Motion to Dismiss generally.

18. Plaintiff's claim for malicious prosecution must also be dismissed as he has failed to establish how the former proceedings were terminated in his favor and he is unable to point to

any facts demonstrating malice or lack of probable cause in instituting former proceedings, as required by established case law. *See* Defendants' Motion to Dismiss generally.

19.    Even if this Honorable Court determines that the failure to properly serve the Defendants or name the appropriate governmental agency is excusable and the Plaintiff has stated a claim upon which relief may be granted, Defendant Orndorff enjoys qualified immunity from all liability. At the time the Plaintiff's vehicle was towed, Officer Orndorff reasonably believed that the method and manner used by the County and State police in towing abandoned vehicles was in accordance with the law, and not in violation of the Plaintiff's due process rights. In fact, there was insufficient precedent to put Officer Orndorff on notice that the alleged conduct was constitutionally prohibited. As a Code Enforcement Officer, Officer Orndorff was enforcing the County and State Codes, and his actions, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which Officer Orndorff was aware. As a result, he enjoys qualified immunity from all liability therefor.

## CONCLUSION

For the aforementioned reasons, Plaintiff has failed to comply with the service and pleading requirements of the Federal Rules of Civil Procedure. Accordingly, his suit against Officer Verne Ordnorff and the Department of Land Use Office of Code Enforcement should be dismissed.

        Respectfully submitted,

        /s/ Harshal Purohit_____
        Harshal Purohit, No. 4593
        Megan K. Sanfrancesco, No. 3801
        Michele D. Allen, No. 4359
        New Castle County Law Department
        87 Read's Way
        New Castle, DE 19720
        (302) 395-5272
        Attorneys for Defendants, Verne Orndorff and
        New Castle County Department of Land Use Office
        of Code Enforcement

DATED:  February 2, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JOHN S. SHIPLEY,** | : | |
| | : | |
| **Plaintiff pro se,** | : | Case No. 04-1530-JJF |
| | : | |
| v. | : | |
| | : | |
| **B&F TOWING COMPANY and** | : | |
| **OWNERS, VERNE ORNDORFF,** | : | |
| **NEW CASTLE COUNTY** | : | |
| **DEPARTMENT OF LAND USE** | : | |
| **OFFICE OF CODE ENFORCMENT,** | : | |
| **STATE OF DELAWARE, JUSTICE** | : | |
| **OF THE PEACE COURT 11, and** | : | |
| **JUDGE T. ROGER BARTON,** | : | |
| | : | |
| **Defendants.** | : | |

## **ORDER**

**AND NOW, TO WIT,** the foregoing motion having been considered, it is hereby ORDERED that the Plaintiff's Amended Complaint is dismissed, with prejudice.

_____
Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **JOHN S. SHIPLEY,** | : | |
| | : | |
| **Plaintiff pro se,** | : | Case No. 04-1530-JJF |
| | : | |
| v. | : | |
| | : | |
| **B&F TOWING COMPANY and OWNERS, VERNE ORNDORFF, NEW CASTLE COUNTY DEPARTMENT OF LAND USE OFFICE OF CODE ENFORCMENT, STATE OF DELAWARE, JUSTICE OF THE PEACE COURT 11, and JUDGE T. ROGER BARTON,** | : : : : : : : : | |
| | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

    I, Harshal Purohit, Assistant County Attorney, hereby certify that on the 2nd day of February, 2007, two copies of the foregoing "SUBSTITUTION OF COUNSEL" and "DEFENDANTS VERNE ORNDORFF AND NEW CASTLE COUNTY DEPARTMENT OF LAND USE OFFICE OF CODE ENFORCEMENT'S REPLY TO PLAINTIFF'S MOTION IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS" were served via U.S. Mail, postage prepaid, to the party at the following addresses:

    To: John Shipley
          609 Wildel Avenue
          New Castle, DE 19720

                                            /s/ Harshal Purohit_____
                                            Harshal Purohit, No. 4593
                                            Michele D. Allen, No. 4359
                                            New Castle County Law Department
                                            87 Read's Way
                                            New Castle, DE 19720
                                            (302) 395-5142
                                            Attorney for Defendants, Verne Orndorff and New Castle County Department of Land Use Office of Code Enforcement

Dated: February 2, 2007