IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JOHN S. SHIPLEY,** | : | |
| | : | |
| Plaintiff pro se, | : | Case No. 04-1530-JJF |
| | : | |
| v. | : | |
| | : | |
| **B&F TOWING COMPANY and** | : | |
| **OWNERS, VERNE ORNDORFF,** | : | |
| **NEW CASTLE COUNTY** | : | |
| **DEPARTMENT OF LAND USE** | : | |
| **OFFICE OF CODE ENFORCMENT,** | : | |
| **STATE OF DELAWARE, JUSTICE** | : | |
| **OF THE PEACE COURT 11, and** | : | |
| **JUDGE T. ROGER BARTON,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS VERNE ORNDORFF AND NEW CASTLE COUNTY
DEPARTMENT OF LAND USE OFFICE OF CODE ENFORCEMENT'S
REPLY TO PLAINTIFF'S MOTION TO STAY**

1. On July 28, 2006, Plaintiff filed the "Ammendment [sic] To The Complaint" alleging that both Officer Verne Orndorff and the New Castle County Department of Land Use Office of Code Enforcement violated the Thirteenth and Fourteenth Amendments, the Privileges and/or Immunities Clauses, and 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986. Officer Verne Orndorff (hereinafter "Officer Orndorff") received a copy of Plaintiff's Amended Complaint via certified mail on November 30, 2006, over one hundred and twenty-five days after the Amended Complaint was filed with this Honorable Court.

2. On December 14, 2006, Defendants filed a Motion to Dismiss the Plaintiff's Amended Complaint based on the Plaintiff's failure to properly serve the Defendants, failure to file suit against the proper party, and failure to state a claim upon which relief can be granted.

3. On January 19, 2007, over one month after the Defendants' Motion to Dismiss was filed, the Plaintiff filed a "Motion in Opposition of Defendants' Verne Orndorff and New Castle County Department of Land Use Code Enforcement Office and New Castle Court No#11 Roger T. Barton of His Motion to Dismiss" (hereinafter "Answering Brief").

4. The United States Supreme Court has held that there is a "[f]undamental policy against federal court interference with a pending state criminal prosecution [that] can only be overcome if the petitioner shows that he has no adequate remedy at law and that he will suffer irreparable injury that is both great and immediate unless the federal court grants the requested equitable relief, or that the state criminal proceedings were brought in bad faith for purposes of harassment." *Death Row Prisoners of Pennsylvania v. Ridge,* 948 F. Supp. 1258, 1266 (E.D. Pa. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 43-49 (1971)). This policy is based on the idea that the petitioner is given the opportunity to address any constitutional concerns during the state criminal proceedings, and therefore, has an adequate remedy at law. *Death Row Prisoners of Pennsylvania,* 948 F. Supp. at 1266 (citing *Younger v. Harris*, 401 U.S. at 43-49 (1971)).

5. A plaintiff seeking an exception to the policy outlined in *Younger* must demonstrate extraordinary circumstances that create the need for immediate relief by the federal court. *See Kugler* v. *Helfant*, 421 U.S. 117 (1975).

6. In this case, Plaintiff has requested a stay of all criminal proceedings in the Justice of the Peace Court No. 11. The criminal proceedings that are pending before the Justice of the Peace Court No. 11 are unrelated to the civil matter at hand. In fact, the criminal charges before the Justice of the Peace Court reference current Property Maintenance Code violations that exist on the Plaintiff's property, and have no relation to the 2004 towing of the Plaintiff's vehicle.

7.    Plaintiff's Motion to Stay does not state any facts that demonstrate extraordinary circumstances. Plaintiff is unable to state any reason why he cannot request an adequate remedy at law at the state court level.

8.    Plaintiff's Motion does not present any facts that demonstrate that he is being maliciously prosecuted in bad faith. In fact, Plaintiff's Motion attaches a recent search warrant that was executed on the Plaintiff's property after approval by a Justice of the Peace Court Magistrate, in accordance with the Delaware State Code.

9.    Although Plaintiff may believe he is being targeted or treated as a criminal, he is unable to state any extraordinary facts that would require this Honorable Court to stay criminal proceedings for current Property Maintenance Code violations that exist on his property.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Stay.

Respectfully submitted,

/s/ Harshal Purohit_____
Harshal Purohit, No. 4593
Megan K. Sanfrancesco, No. 3801
Michele D. Allen, No. 4359
New Castle County Law Department
87 Read's Way
New Castle, DE 19720
(302) 395-5272
Attorneys for Defendants, Verne Orndorff and
New Castle County Department of Land Use Office
of Code Enforcement

DATED: March 28, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **JOHN S. SHIPLEY,** | : | |
| | : | |
| Plaintiff pro se, | : | Case No. 04-1530-JJF |
| | : | |
| v. | : | |
| | : | |
| **B&F TOWING COMPANY and** | : | |
| **OWNERS, VERNE ORNDORFF,** | : | |
| **NEW CASTLE COUNTY** | : | |
| **DEPARTMENT OF LAND USE** | : | |
| **OFFICE OF CODE ENFORCMENT,** | : | |
| **STATE OF DELAWARE, JUSTICE** | : | |
| **OF THE PEACE COURT 11, and** | : | |
| **JUDGE T. ROGER BARTON,** | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

    I, Harshal Purohit, Assistant County Attorney, hereby certify that on the 28th day of March, 2007, two copies of the foregoing "DEFENDANTS VERNE ORNDORFF AND NEW CASTLE COUNTY DEPARTMENT OF LAND USE OFFICE OF CODE ENFORCEMENT'S REPLY TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND THE COMPLAINT" and "DEFENDANTS VERNE ORNDORFF AND NEW CASTLE COUNTY DEPARTMENT OF LAND USE OFFICE OF CODE ENFORCEMENT'S REPLY TO PLAINTIFF'S MOTION TO STAY" were served via U.S. Mail, postage prepaid, to the party at the following addresses:

    To: John Shipley
           609 Wildel Avenue
           New Castle, DE 19720

                                                  /s/ Harshal Purohit_____
                                                  Harshal Purohit, No. 4593
                                                  Michele D. Allen, No. 4359
                                                  Megan K. Sanfrancesco, No. 3801
                                                  New Castle County Law Department
                                                  87 Read's Way
                                                  New Castle, DE 19720
                                                  (302) 395-5142
                                                  Attorney for Defendants, Verne Orndorff and New
                                                  Castle County Department of Land Use Office of
                                                  Code Enforcement

Dated: March 28, 2007

5

Case 1:04-cv-01530-JJF    Document 56    Filed 03/28/2007    Page 5 of 5

5