IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JOHN S. SHIPLEY,** | : | |
| | : | |
| Plaintiff pro se, | : | Case No. 04-1530-JJF |
| | : | |
| v. | : | |
| | : | |
| **B&F TOWING COMPANY and OWNERS, VERNE ORNDORFF, NEW CASTLE COUNTY DEPARTMENT OF LAND USE OFFICE OF CODE ENFORCMENT, STATE OF DELAWARE, JUSTICE OF THE PEACE COURT 11, and JUDGE T. ROGER BARTON,** | : : : : : : : : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS VERNE ORNDORFF AND NEW CASTLE COUNTY
DEPARTMENT OF LAND USE OFFICE OF CODE
ENFORCEMENT'S MOTION TO STRIKE**

1. On July 28, 2006, Plaintiff filed the "Ammendment [sic] To The Complaint" alleging that both Officer Verne Orndorff and the New Castle County Department of Land Use Office of Code Enforcement violated the Thirteenth and Fourteenth Amendments, the Privileges and/or Immunities Clauses, and 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986. Officer Verne Orndorff (hereinafter "Officer Orndorff") received a copy of Plaintiff's Amended Complaint via certified mail on November 30, 2006, over one hundred and twenty-five days after the Amended Complaint was filed with this Honorable Court.

2. On December 14, 2006, Defendants filed a Motion to Dismiss the Plaintiff's Amended Complaint based on the Plaintiff's failure to properly serve the Defendants, failure to file suit against the proper party, and failure to state a claim upon which relief can be granted.

3. On January 19, 2007, over one month after the Defendants' Motion to Dismiss was filed, the Plaintiff filed a "Motion in Opposition of Defendants' Verne Orndorff and New Castle County Department of Land Use Code Enforcement Office and New Castle Court No#11 Roger T. Barton of His Motion to Dismiss".

4. On April 26, 2007, the Defendants filed an Interim Status letter with this Honorable Court. The Defendants' April 26, 2007 letter simply reiterated the sequence of pleadings which have been filed and requested that this Honorable Court deem the pleadings as ripe for consideration.

5. On May 10, 2007, over four months after the Defendants' Motion to Dismiss was filed, the Plaintiff filed a Reply to the Defendants' Motion to Dismiss. Although Plaintiff claims that his Reply is a response to the Defendants' April 26, 2007 Interim Status letter, Plaintiff has failed to address the only issue addressed in the Interim Status letter, whether or not the pending motions are ripe for consideration.

6. In his May 10, 2007 filing, Plaintiff has taken the opportunity to raise additional arguments that should have been raised in his original Reply. Therefore, the Defendants kindly request that this Honorable Court deem the Plaintiff's May 10, 2007 as an inappropriate and untimely response to the Defendant's Motion to Dismiss

7. In the event that this Honorable Court considers Plaintiff's second Reply as appropriate, the Defendants' aver that the Plaintiff's representations of the facts are completely inaccurate. On November 22, 2006, counsel was contacted by the receptionist at the Government Center to meet an unidentified woman in the reception area purportedly regarding one of counsel's criminal cases. Counsel responded to the reception area where an unidentified

woman asked Counsel to sign a document. Counsel refused to sign the document because counsel determined that the documents were unrelated to the pending criminal matter.

8. On November 30, 2006, Defendant Verne Orndorff received a copy of the Amended Complaint via certified mail. As previously mentioned in the Defendants' Motion to Dismiss, the Plaintiff failed to properly serve the Defendants' within the manner and time period specified by Federal Civil Procedure Rule 4. Further, as identified in Federal Civil Procedure Rule 6, "when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6. In this case, the Plaintiff was given one hundred and twenty (120) days to serve the Defendants with a copy of the amended complaint. Clearly, the intermittent holidays and weekends would be included in computing the last date for proper service. Therefore, Plaintiff's attempted service via certified mail on the one hundredth and twenty fifth day was untimely in addition to being improper.

9. On July 28, 2006, Plaintiff signed and received a copy of the "Acknowledgement of Receipt for F.R.Civ.P. 4" form. The form specifically notified the Plaintiff that it was his responsibility to serve the Defendants in accordance with Federal Civil Procedure Rule 4. Plaintiff should be prohibited from ignoring the procedural rules that all litigants are bound by.

10. The Defendants' also request that this Honorable Court strike Plaintiff's Exhibits "A," "A," "B1" and "B2" as they are irrelevant to the civil matter at hand. Plaintiff has inappropriately made reference to the criminal case pending in the Justice of the Peace Court No. 11. The above-referenced Exhibits are unrelated to the 2004 towing of Plaintiff's unregistered vehicle.

WHEREFORE, Defendants respectfully request that this Honorable Court strike the Plaintiff's Reply to the Defendants' Motion to Dismiss as an inappropriate response.

        Respectfully submitted,

        /s/ Harshal Purohit_____
        Harshal Purohit, No. 4593
        Megan K. Sanfrancesco, No. 3801
        New Castle County Law Department
        87 Read's Way
        New Castle, DE 19720
        (302) 395-5272
        Attorneys for Defendants, Verne Orndorff and
        New Castle County Department of Land Use Office
        of Code Enforcement

DATED: May 17, 2007