IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN S. SHIPLEY,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　　:　Civil Action No. 04-1530-JJF
　　　　　　　　　　　　　　　　　　　:
VERNE ORNDOFF, JUDGE T. ROGER　:
BARTON, NEW CASTLE COUNTY　　　:
DEPARTMENT OF LAND USE OFFICE :
OF CODE ENFORCEMENT, and STATE:
OF DELAWARE, JUSTICE OF THE　　:
PEACE COURT 11,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　Defendants.　　　　　　　:

---

John S. Shipley, Pro se Plaintiff, New Castle, Delaware.

Harshal Purohit, Esquire, New Castle County Law Department, New Castle, Delaware. Attorney for Defendants Verne Orndoff and New Castle County Department of Land Use Office of Code Enforcement.

---

**MEMORANDUM OPINION**

June 7, 2007
Wilmington, Delaware

Farnan, District Judge

Presently before the Court are Plaintiff's Motion For Reconsideration, Motion For Extension Of Time To Amend and Motion To Stay, and Defendants' Responses. (D.I. 42, 52, 53, 54, 56.) Also before the Court are Defendants Verne Orndorff[1] and New Castle County Department of Land Use Office of Code Enforcement's Motion To Dismiss and Motion To Strike, Plaintiff's Responses and Defendants' Replies thereto. (D.I. 44, 47, 50, 59, 60.) For the reasons set forth below, the Court will grant the Motion To Dismiss (D.I. 44) and deny will all other Motions (D.I. 42, 52, 53, 60).

## I. BACKGROUND

The original Complaint named as Defendants B&F Towing Company ("B&F") and its Owners. (D.I. 1.) B&F filed a Motion For Summary Judgment and judgment was entered in favor of Defendants and against Plaintiff on June 13, 2006. (D.I. 33.) The Court's June 13, 2006 Memorandum Opinion provides the following background. (D.I. 31.)

On October 15, 2004, New Castle County Code Enforcement Inspector Verne Orndorff ("Orndorff") went to Plaintiff's home due to complaints about the condition of Plaintiff's property.

_____

[1] Misspelled by Plaintiff as "Orndoff."

-1-

While there, Orndorff discovered two unregistered vehicles in the driveway, surrounded by weeds and covered with tree limbs, in violation of the New Castle County Code.  Orndorff posted a violation notice on Plaintiff's property.  The notice gave Plaintiff seven days to remedy the violations and gave a telephone number Plaintiff could call if he had any questions or concerns.

Orndorff returned to the property on October 22, 2004, found that the violations had not been remedied, and tagged the vehicles for towing.  Plaintiff's vehicle was towed from his driveway two days later.  Orndorff subsequently filed a complaint with the State of Delaware Justice of the Peace Court 11. Plaintiff was found guilty of Code violations and received a monetary fine.

Following entry of judgment for the B&F Defendants, Plaintiff filed an Amended Complaint on July 28, 2006, again naming B&F as a Defendant and also adding as Defendants Orndorff, Judge T. Roger Barton ("Judge Barton"), New Castle County Department of Land Use Office of Code Enforcement ("NCC Land Use Office"), and the State of Delaware Justice of the Peace Court 11 ("JP Court").  Plaintiff filed his Amended Complaint pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986.  He alleges violations of the Privileges and Immunities Clauses of Article 4,

-2-

as well as the Thirteenth and Fourteenth Amendments, and includes violations of his right to equal protection and due process.  He also alleges malicious prosecution.

The Complaint and Amended Complaint allege Plaintiff is a member of the Negro race and the owner of certain property located in New Castle, Delaware.  Plaintiff alleges his car was taken from his private property without his knowledge or consent by B&F who acted in and for New Castle County, Delaware. Plaintiff alleges he was deprived of his property without equal protection and due process of the laws and in violation of the Privileges and Immunities Clauses, and further that Defendants conspired to violate those rights.  He further alleges he was discriminated against on the basis of his race.  Finally, Plaintiff alleges he was the subject of malicious prosecution and forced to defend himself in a lawsuit.

Plaintiff specifically alleges that Orndorff unlawfully attached his vehicle causing it to be towed by B&F.  He alleges that Judge Barton refused to allow Plaintiff a jury trial and that Judge Barton entered judgment against Plaintiff.

When B&F was renamed in the Amended Complaint it moved for dismissal.  (D.I. 40.)  Plaintiff did not respond to the Motion. The Motion was granted, with the Court's October 30, 2006 Order noting that final judgment was entered in favor of B&F and

-3-

against Plaintiff on all of Plaintiff's claims and, that
Plaintiff was allowed to amend his Complaint because an amendment
would not prejudice B&F since it has been granted summary
judgment.  (D.I. 41.)  Plaintiff moves for reconsideration of the
Order granting B&F's Motion To Dismiss.

The Amended Complaint adding new defendants was filed on
July 28, 2006, and summons issued on November 22, 2006, for
Orndorff, NCC Land Use Office, Judge Barton, and the JP Court.
On January 19, 2007, Plaintiff filed return receipt cards for the
four new Defendants, indicating delivery of summons by U.S. Mail
occurred on November 30, 2006.  (D.I. 48, 49.)  Defendants
Orndorff and NCC Land Use Office move for dismissal for
insufficiency of process pursuant to Rule 12(b)(5) and for
failure to state a claim pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure.  (D.I. 44.)

## II.  DISCUSSION

### A.  Plaintiff's Motion For Reconsideration

Plaintiff seeks reconsideration of the Court's October 30,
2006 Order granting B&F's Motion To Dismiss the Amended
Complaint.  (D.I. 42.)  Plaintiff explains that he has suffered
from memory loss "off and on" since April 21, 2004, and after
receiving the October 30, 2006 Order he checked his files and
found his assistant neglected to mail the Amended Complaint to

-4-

B&F.  Plaintiff asks he be allowed to file a response to B&F's Motion to Dismiss.

By Plaintiff's admission, he failed to respond to B&F's Motion To Dismiss.  Nothing in his Motion supports reconsideration of the Court's October 30, 2006 Order.  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Plaintiff does not argue there was an intervening change in the controlling law or the availability of new evidence that was not available when the October 30, 2006 order was issued.  Rather, he simply wants additional time to respond to B&F's Motion To Dismiss.  This is an insufficient ground to grant reconsideration.  Therefore, the Court will deny Plaintiff's Motion To Reconsider The Order Dated October 30, 2006.  (D.I. 42.)

**B.  Dismissal Under Rule 12(b)(5)**

Defendants Orndorff and NCC Land Use Office move for dismissal on the basis of insufficiency of service of process. Defendants argue that they were not served within 120 days as is required by the Federal Rules of Civil Procedure.  Defendants further argue that Plaintiff's mode of service did not comport with federal and state service rules.  Plaintiff responds that "[t]he [C]omplaint must not be dismissed for insufficiency of service process [sic]" and "[t]he [C]omplaint was served in a proper manner as per Rule #4 of Federal Civil Procedure."  (D.I. 47.)  In a belated response to the Motion To Dismiss (D.I. 59)[2], Plaintiff argues that the Amended Complaint was hand-delivered to the County and Harshal Purohit ("Purohit"), counsel for Defendants Orndorff and NCC Land Use Office, within the 120 day time period, but Purohit refused to accept service.  Defendants reply that Purohit was contacted by the receptionist at the Government Center to meet an unidentified woman regarding one of his criminal cases.  (D.I. 60.)  The woman asked Purohit to sign a document and he refused because he determined that the documents were unrelated to the pending criminal matter.  Id.

---

[2]Defendants filed a Motion To Strike the Reply on the basis that it was not timely filed.  (D.I. 60.)  The Court will deny the Motion, but will consider Defendants' rebuttal argument contained in their Motion To Strike.

Plaintiff also indicates that he sent the Amended Complaint by certified mail, it was received on November 30, 2006, and by his calculations that date is within the 120 day time period.

A defendant may file a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure when a plaintiff fails to properly serve him or her with the summons and complaint. Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action." Fed. R. Civ. P. 4(m). Rule 4(e) provides for service upon individuals pursuant to the law of the state in which the district court is located, or in which service is effected. . .or by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Similarly, Delaware law provides for service of an individual by delivering a copy of the summons and of the complaint to the individual personally or by leaving

copies thereof at the individual's dwelling house or usual place
of abode with some person of suitable age and discretion then
residing therein or by delivering copies thereof to an agent
authorized by appointment or by law to receive service of
process. Del. Super. Ct. R. Civ. P. 4(f)(l)(I). Finally, Rule
4(j) of the Federal Rules of Civil Procedure provides that
service upon a state, municipal corporation, or other
governmental organization subject to suit shall be effected by
delivering a copy of the summons and of the complaint to its
chief executive officer or by serving the summons and complaint
in the manner prescribed by the law of that state for the service
of summons or other like process upon any such defendant. Fed.
R. Civ. P. 4(j). The Delaware rule for service on a governmental
organization is similar. Del. Super. Ct. R. Civ. P. 4(f)(l)(IV).

    At the time Plaintiff filed the Amended Complaint he
received a copy of Rule 4 of the Federal Rules of Civil
Procedure. Plaintiff signed the acknowledgment which states that
he "understand(s) that it is (his) responsibility to make service
of process on Defendants in accordance" with Rule 4. (D.I. 39.)

    Plaintiff filed his Amended Complaint on July 28, 2006, and
as a result Plaintiff was required to serve Defendants on or

before November 27, 2006.[3]  The return receipt card for

Defendants Orndorff and NCC Land Use Office indicates that

Summons and the Amended Complaint were not received until more

than 120 days had passed since the filing of the Amended

Complaint.  Similarly, the return receipt card for Defendants

Judge Barton and the JP Court indicates receipt in excess of the

allowed 120 days.  Plaintiff mistakenly argues that holidays are

not included in the computation of time, and therefore, the

Amended Complaint was timely served.  The exclusion of weekends

and holidays occurs only when the period of time prescribed is

less than eleven days.  Fed. R. Civ. P. 6(a).  Therefore, the

Summonses and Amended Complaints were not timely served via U.S.

Mail.  Additionally, Defendants correctly note that service by

certified mail is not a valid form of service under Delaware law.

See Shomide v. ILC Dover LP, No. Civ. 03-1019-SLR, 2006 WL

2042969 (D. Del. July 20, 2006) (Delaware law does not authorize

service of limited partnerships through certified mail when

serving the complaint).  Accordingly, Plaintiff's method of

service did not comport with state and federal laws.

    Plaintiff also argues that he attempted to personally serve

Purohit, but Purohit refused to accept service.  Assuming that

---

[3]November 26, 2006, fell on a Sunday.

Defendant NCC Land Use Office is a suable entity, in order to effect service upon it, Plaintiff was required to deliver a copy of the summons and the Amended Complaint to its chief executive officer.  Fed. R. Civ. P. 4(j); Del. Super. Ct. R. Civ. P. 4(f)(1)(IV).  As to Orndorff, service requirements are that he be personally served at his home or usual place of abode or that an authorized service accept service for him.  Fed. R. Civ. P. 4(e); Del. Super. Ct. R. Civ. P. 4(f)(1)(I).

Plaintiff's attempt to serve an attorney in the New Castle County Law Department did not satisfy the requirement under both federal and state law that service be made upon the chief executive officer of the governmental organization or that an individually be personally served.  See Fed. R. Civ. P. 4(e), (j); Del. Super. Ct. R. Civ. P. 4(f)(1)(I), (IV).  Breitigan v. Delaware, No. 02-1333-GMS, 2003 WL 21663676 (D. Del. July 16, 2003) (papers and pleadings permitted for service on a party's attorney only after having effected proper service of summons and complaint pursuant to the Rules of Procedure).  An attorney in the New Castle County Law Department is not the person to accept service on behalf of NCC Land Use Office or Orndorff.  Indeed, the chief executive officer for the NCC Land Use Office is either the County Executive for New Castle County and/or the General Manager of it Department of Land Use.  www.co.new-castle.de.us.

Plaintiff did not timely serve or properly effect service upon Defendants Orndorff and NCC Land Use Office.  Their Motion To Dismiss is well-taken.  Therefore, the Court will grant the Motion To Dismiss on the basis of insufficiency of service of process.  For the same reasons, the Court will also dismiss, <u>sua sponte</u>, Defendants Judge Barton and the JP Court.[4]

### C.  Non-Suitable Entity

Orndorff and NCC Land Use Office move to dismiss NCC Land Use Office on the basis that it is a non-suable entity.  A state entity's amenability to suit is governed by state law.  Fed. R. Civ. P. 17(b).  "[I]f the board or department is not a corporate body it cannot be sued as such, e.g., a police board."  <u>Breitigan</u>, 2003 WL 21663676 at *2.  NCC Land Use Office is not a

---

[4]Dismissal of these two Defendants is also appropriate for other reasons.  Judge Barton is immune from suit by reason of judicial immunity.  Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice.  <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991).  Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction."  <u>Id</u>. at 11-12. The Amended Complaint contains no such allegations.

The State of Delaware Justice of the Peace Court 11 is immune from suit by reason of Eleventh Amendment immunity. "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant."  <u>Laskaris v. Thornburgh</u>, 661 F.2d 23, 25 (3d Cir. 1981)(citing <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)(<u>per curiam</u>)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment.  <u>See Ospina v. Department of Corr.</u>, 749 F.Supp 572, 579 (D. Del. 1991).

separate entity for purposes of suit, but rather, it is a
division of a  distinct department within the New Castle County
government.  9 Del. C. § 1301, 1332, 1284; New Castle County Code
§ 2.05.101; www.co-new-castle.de.us; see also Breitigan, 2003 WL
21663676 at *2, 3, Morse v. New Castle County Police Dep't,
Civ.A.No. 06-313-SLR, 2007 WL 471182 (D. Del. Feb. 8, 2007)
(Court dismissed case upon finding that New Castle County Police
Department is a non-suable entity); Thomas v. Wilmington Police
Dep't, No. 92C-03-244, 1994 WL 315232 (Del. Super. Ct. June 3,
1994)(Wilmington Police Department, as a department of the City
of Wilmington, is not suable as a separate entity).

      The foregoing supports a finding that Plaintiff's claims
against NCC Land Use Office cannot proceed.  Therefore, the Court
will grant the Motion To Dismiss on the basis that NCC Land Use
is a nonsuable entity.

      **D.  Dismissal Under Rule 12(b)(6)**

      Defendants also move for dismissal on the basis that the
Amended Complaint fails to state a claim showing Plaintiff is
entitled to relief.  Rule 12(b)(6) permits a party to move to
dismiss a complaint for failure to state a claim upon which
relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The purpose of
a motion to dismiss is to test the sufficiency of a complaint,
not to resolve disputed facts or decide the merits of the case.

Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  To that
end, the Court assumes that all factual allegations in
Plaintiff's pleading are true, and draws all reasonable factual
inferences in the light most favorable to Plaintiff.  Amiot v.
Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004).
However, the Court should reject "unsupported allegations," "bald
assertions," or "legal conclusions."  Id.  A Rule 12(b)(6) motion
should be granted to dismiss a pro se complaint only when "it
appears beyond doubt that the plaintiff can prove no set of facts
in support of his claim which would entitle him to relief."
Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v.
Gibson, 355 U.S. 41, 45-46 (1957)); see Swierkiewicz v. Sorema
N.A., 534 U.S. 506, 514 (2002).

        Rule 8(a)(2) provides that the Complaint shall set forth "a
short and plain statement of the claim showing that the pleader
is entitled to relief."  Plaintiff is not required to allege
affirmatively every aspect of his claims, but only to present
sufficient facts to allow the opposing party to conduct discovery
and prepare a defense.  See Conley v. Gibson, 355 U.S. 41, 45-46
(1957).

        Inasmuch as Defendant NCC Land Use Office is a non-suable
entity, the Court addresses the Rule 12(b)(6) Motion To Dismiss
the Amended Complaint, in the alternative, and only as it

pertains to Orndorff, all the while keeping in mind that the claims against Orndorff will be dismissed for lack of proper service of summons and the Amended Complaint.  As will be discussed, dismissal of Orndorff is also appropriate under Rule 12(b)(6).

### 1.  Race Discrimination

Defendants argue that the Amended Complaint fails to establish a prima facie case of discrimination under §§ 1981 and 1982.  More particularly, they argue that aside from broad false assertions, Plaintiff failed to state with specificity how Orndorff demonstrated any animus against him or intentionally discriminated against him based upon race.

Section 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.  A claim under § 1981 is restricted by its language to discrimination based on race or color. Springer v. Seaman, 821 F.2d 871 (1st Cir. 1987)  Accordingly, to state a claim under 42 U.S.C. § 1981, a plaintiff is required to

plead facts demonstrating that the plaintiff is member of a racial minority, that there was intent to discriminate on the basis of race by the defendant, and that discrimination concerned one or more of the activities enumerated in the statute.  Hood v. New Jersey Dep't of Civil Service, 680 F.2d 955, 959 (3d Cir. 1982); McDuffy v. Koval, 226 F.Supp.2d 541, 550 (D. Del. 2002).

Plaintiff plead facts that he belongs to a racial minority. The allegations, however, do not allege that Orndorff discriminated against Plaintiff based upon his race.  Orndorff was not a named defendant in the original complaint.  While the original Complaint contains conclusory allegations of race discrimination, the only allegation against Orndorff is contained in the Amended Complaint and that is he "unlawfully attached Plaintiff's vehicle."  (D.I. 38, ¶ XI.)  Plaintiff fails to allege any facts whatsoever that would substantiate his broad allegations of racial discrimination and has only alleged a conclusion without presenting any facts to support it.  Moreover, Plaintiff's claim does not come within the specific categories identified in the statute.  As a result, the Court will dismiss the § 1981 claim against Orndorff.

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase,

lease, sell, hold, and convey real and personal property." 42

U.S.C. § 1982. Section 1982 "prohibits racial discrimination in

transactions relating to real and personal property." Brown v.

Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001). While

Plaintiff alleges Orndorff unlawfully attached his car, he does

not allege that Orndorff deprived him of his personal property

rights because of his race. Again, Plaintiff has failed to state

a claim upon which relief can be granted under 42 U.S.C. § 1982,

and, therefore, the Court will dismiss Plaintiff's § 1982.

### 2. Conspiracy

Defendants move for dismissal of the conspiracy claim under

§ 1985 arguing that Plaintiff has failed to allege any facts in

his Complaint or Amended Complaint demonstrating any type of

agreement or conspiracy among Defendants, "let alone a conspiracy

motivated by racial animus or discrimination."

To state a claim under 42 U.S.C. § 1985(3), Plaintiff must

allege: (1) a conspiracy; (2) that the conspiracy is motivated by

a racial or class based discriminatory animus designed to

deprive, directly or indirectly, any person or class of persons

to the equal protection of the laws; (3) an act in furtherance of

the conspiracy; and (4) an injury to person or property or the

deprivation of any right or privilege of a citizen of the United

States.  See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997);
Kush v. Rutledge, 460 U.S. 719, 725 (1983).

Plaintiff fails to state a cause of action against Orndorff
for conspiracy under § 1985.  He fails to allege any facts from
which one could infer Orndorff had an agreement or understanding
with the other Defendants to discriminate against Plaintiff on
the basis of race or class.  As discussed, the only allegation
against Orndorff is that he unlawfully attached Plaintiff's
vehicle.  Therefore, the Court will grant the Motion To Dismiss
the conspiracy claim against Orndorff.

### 3.  42 U.S.C. § 1983 Claims

When bringing a § 1983 claim, a plaintiff must allege that
some person has deprived him of a federal right, and that the
person who caused the deprivation acted under color of state law.
West v. Atkins, 487 U.S. 42, 48 (1988).  Orndorff alleges that
the Amended Complaint fails to state a claim for violations of
Plaintiff's rights to Equal Protection Clause, Due Process
Clause, the Privileges and Immunities Clause, and the Thirteenth
Amendment.

### a.  Equal Protection

Orndorff argues that the Amended Complaint fails to allege
that Plaintiff was treated differently than any other landowner
in New Castle County or that his vehicle was towed based upon

race or other discriminatory purposes.  The Equal Protection

Clause provides that no State shall deny to any person within its

jurisdiction the equal protection of the laws.  U.S. Const.

amend. XIV.  To state a claim under the equal protection clause,

Plaintiff must show that he "received different treatment from

that received by other individuals similarly situated."  Shuman

v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005)

(citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432,

439(1985)).

The Amended Complaint does not sufficiently allege that

Plaintiff was treated differently by Orndorff because of

Plaintiff's membership in a protected class.  As previously

discussed, Plaintiff alleges he is a member of a suspect class

based upon race.  The Amended Complaint, however, refers to

Orndorff in only one paragraph wherein it is alleged that he

"unlawfully attached Plaintiff's vehicle."  The Amended Complaint

contains no allegations that the alleged unlawful attachment

occurred based upon race or for other discriminatory purposes or

that Plaintiff was treated differently than other landowners in

New Castle County, Delaware.  The Amended Complaint fails to

state an Equal Protection claim.  Therefore, the Court will grant

the Motion To Dismiss the claim against Orndorff.

**b.  Due Process**

Defendants argue that the due process claim must be dismissed inasmuch as Plaintiff was afforded all the protection he was due under the Fourteenth Amendment.  The Amended Complaint alleges that Orndorff unlawfully attached Plaintiff's vehicle causing it to be taken into B&F Towing Co.'s custody."  (D.I. 38, ¶ XI.  The Complaint alleges that Plaintiff was not given an opportunity to raise a defense when his vehicle was taken, in violation of his right to due process, yet it also alleges that he was "required to expend enormous amounts of time and energy in the defense of these lawsuits."  (D.I. 1, ¶¶ IV, VIII.)  The Amended Complaint alleges Plaintiff was not allowed a jury trial and that judgment was entered against him by Defendant Judge Barton.  (D.I. 38, ¶ XII.)

Rather than referring to the allegations in the Complaint and Amended Complaint, in support of their position, Defendants refer to facts outside the face of the Complaint, without reference or citation as to the origin of those facts.  In deciding a motion to dismiss, a court should look to the face of the pleadings and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the non-movant, the allegations state a legal claim.  <u>Markowitz</u> <u>v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990).

-19-

Defendants arguments are better suited to a summary judgment motion.

Plaintiff alleges a constitutionally cognizable property interest in his vehicle.  See Ingraham v. Wright, 430 U.S. 651 (1977).  Nonetheless, the allegations do not rise to the level of a due process violation.  Plaintiff alleges that his right to due process was violated because he was not given notice or allowed to present a defense when his vehicle was towed.  (D.I. 1, ¶ IV.) Yet, in the Complaint he alleges that he was "forced to defend" the charges and in the Amended Complaint it is clear by his allegations that had some type of hearing because he made a demand for a jury trial and was denied the same by Judge Barton. Finally, the Court takes judicial notice of the Disposition of Record from the JP Court that following the towing of the vehicle, on November 5, 2004, Plaintiff entered a "not guilty" plea, and later on February 4, 2006, was found guilty of violations.  (D.I. 26, Ex. E.)

It is clear from the allegations that prior to the towing of his vehicle Plaintiff was not provided a pre-deprivation hearing. However, post-deprivation hearings have been found to satisfy due process.  See Summers v. Utah, 927 F.2d 1165, 1190 (10th Cir. 1991); Breath v. Cronvich, 729 F.2d 1006, 1011 (5th Cir. 1984) (government must provide post-towing hearing to owners of

illegally parked cars); <u>Sutton v. City of Milwaukee</u>, 672 F.2d 644, 648 (7th Cir. 1982) (requiring post-towing notice and hearing for owners of abandoned and illegally parked cars); <u>Stypmann v. City of San Francisco</u>, 557 F.2d 1338, 1344 (9th Cir. 1977) (requiring prompt post-towing hearing); <u>Mays v. Scranton City Police Dep't</u>, 503 F.Supp. 1255, 1262-63 (M.D. Pa. 1980) (requiring post-towing notice and hearing for owners of abandoned vehicles); <u>Watters v. Parrish</u>, 402 F.Supp. 696, 699 (W.D. Va. 1975) (finding § 1983 claim stated where statute provided for neither pre nor post towing hearing). Additionally, the United States Supreme Court notes that in the realm of vehicle impoundments, administrative and judicial proceedings normally take place after considerably time has elapsed following the towing of the vehicle <u>City of Los Angeles v. David</u>, 538 U.S. 715, 718 (2003).

The allegations in the Complaint and the Amended Complaint and the State Court documents allude to the fact that Plaintiff was provided with a post-deprivation hearing. Plaintiff has failed to adequately allege a due process violation. Therefore, the Court will grant the Motion TO Dismiss the Due Process claim.

### c. Privileges and Immunities Clause

Plaintiff alleges a violation of the Privileges and Immunities Clause of Article IV and the Fourteenth Amendment.

-21-

The purpose of the Privileges and Immunities Clause is "to outlaw classifications based on the fact of non-citizenship unless there is something to indicate that non-citizens constitute a peculiar source of the evil at which the statute is aimed." Toomer v. Witsell, 334 U.S. 385, 398 (1948). Courts have rejected causes of action brought under the Privileges and Immunities Clause of the Fourteenth Amendment where a plaintiff asserts that his rights under this Clause have been violated by actions of his own state. See, e.g., Powers v. Harris, 379 F.3d 1208, 1214 (10th Cir. 2004); Meadows v. Odom, 356 F.Supp.2d 639, 643-44 (M.D. La.2005); Merrifield v. Lockyer, 388 F.Supp.2d 1051, 1061 (N.D. Cal. 2005); Craigmiles v. Giles, 110 F.Supp.2d 658, 665-66 (E.D. Tenn. 2000).

Here, Plaintiff's claim fails because he does not allege he was treated differently based upon his citizenship in another state. See Saenz v. Roe, 526 U.S. 489, 501-02 (1999). Therefore, the Court will grant the Motion To Dismiss the claims under the Privileges and Immunities Clause.

### d.  Thirteenth Amendment

The Amended Complaint makes reference to the Thirteenth Amendment. The Thirteenth Amendment prohibits slavery and involuntary servitude. U.S. Const. amend. XIII. There are no allegations to even suggest a claim under the Thirteenth

Amendment.  Therefore, the Court will dismiss the claims raised under the Thirteenth Amendment.

### 4.  Malicious Prosecution

Plaintiff makes the general allegation that Defendants engaged in malicious prosecution.  To succeed on a malicious prosecution claim under 42 U.S.C. § 1983, Plaintiff must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the proceeding was instituted without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing him to justice; and (5) he suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  See Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

The claim fails for the simple reason that the Complaint does not allege that the criminal proceeding ended in Plaintiff's favor.  Indeed, Paragraph XII of the Amended Complaint alleges that Judge Barton entered judgment against Plaintiff.  Therefore, the Court will grant the Motion To Dismiss the malicious prosecution claim.

### E.  Motion To Amend

Plaintiff moves to amend on the basis that Defendants have referred to the State Police and now he needs times to investigate its actions.  (D.I. 52.)  "After amending once or after an answer has been filed, the plaintiff may amend only with

-23-

leave of the court or the written consent of the opposing party,
but 'leave shall be freely given when justice so requires.'"
Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed.
R. Civ. P. 15(a)).  The Third Circuit has adopted a liberal
approach to the amendment of pleadings to ensure that "a
particular claim will be decided on the merits rather than on
technicalities."  Dole v. Arco Chemical Co., 921 F.2d 484, 486-87
(3d Cir. 1990) (citations omitted).  Amendment, however, is not
automatic.  See Dover Steel Co., Inc. v. Hartford Accident and
Indem., 151 F.R.D. 570, 574 (E.D. Pa. 1993).

     Leave to amend should be granted absent a showing of "undue
delay, bad faith or dilatory motive on the part of the movant,
repeated failure to cure deficiencies by amendments previously
allowed, undue prejudice to the opposing party by virtue of the
allowance of the amendment, futility of amendment, etc."  Foman
v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford,
226 F.3d 275, 291 (3d Cir. 2000).  Futility of amendment occurs
when the complaint, as amended, does not state a claim upon which
relief can be granted.  See In re Burlington Coat Factory Sec.
Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  If the proposed
amendment "is frivolous or advances a claim or defense that is
legally insufficient on its face, the court may deny leave to

amend."  Harrison Beverage Co. v. Dribeck Importers, Inc., 133
F.R.D. 463, 468 (D.N.J. 1990).

It appears Plaintiff wishes to amend to add as a defendant
the Delaware State Police.  Such an amendment would be futile,
however, because the Delaware State Police is immune by reason of
the Eleventh Amendment and the State of Delaware has not waived
its sovereign immunity under the Eleventh Amendment.  Alabama v.
Pugh, 438 U.S. 781 (1978); Laskaris v. Thornburgh, 661 F.2d 23,
25 (3d Cir. 1981); Rodriquez v. Stevenson, 243 F.Supp.2d 58, 63
(D. Del. 2002).  The Eleventh Amendment limits federal judicial
power to entertain lawsuits against a State, and in the absence
of congressional abrogation or consent, a suit against a state
agency is proscribed.  See Pennhurst State School & Hosp. v.
Halderman, 465 U.S. 89, 98-100.  Inasmuch as amendment of the
Complaint would be futile, the Court will deny the Motion To
Amend the Complaint.

**F.  Motion To Stay**

Plaintiff asks the Court to stay all proceedings because
County officials keep coming onto his property.  (D.I. 53.)
Attached to the Motion is a copy of an Order Granting Search
Warrant entered in the New Castle County, Delaware Justice of the
Peace Court.  The search warrant concerns violation of the New
Castle County Property Maintenance Code and does not appear to be

-25-

related to Plaintiff's claims in this case regarding the towing/taking of his vehicle.

The Court will deny the Motion on the basis of the <u>Younger</u> abstention doctrine. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." <u>Younger v. Harris</u>, 401 U.S. at 37, 45 (1971). <u>Younger</u> provides that federal courts may not stay or enjoin pending state criminal proceedings except under special circumstances. <u>Id</u>. Plaintiff has not advised the Court of any special circumstances to convince the Court to take the extraordinary step of issuing a injunction to stay State Court criminal proceedings. Therefore, the Court will deny Plaintiff's Motion To Stay. (D.I. 53.)

## III. CONCLUSION

For the reasons discussed, the Court will grant the Motion To Dismiss (D.I. 44) and deny all other Motions (D.I. 42, 52, 53, 60). The Court will also dismiss, <u>sua sponte</u>, the claims against Judge Brady and the JP Court. An appropriate Order will be entered.