IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN S. SHIPLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-1530-JJF |
| | : | |
| VERNE ORNDOFF, JUDGE T. ROGER | : | |
| BARTON, NEW CASTLE COUNTY | : | |
| DEPARTMENT OF LAND USE OFFICE | : | |
| OF CODE ENFORCEMENT, and STATE | : | |
| OF DELAWARE, JUSTICE OF THE | : | |
| PEACE COURT 11, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

**I.   BACKGROUND**

Plaintiff John S. Shipley, who appears pro se and was granted in forma pauperis status filed this lawsuit alleging violations of the Privileges and Immunities Clauses of Article 4, as well as the Thirteenth and Fourteenth Amendments, violations of his right to equal protection and due process and malicious prosecution.  On June 7, 2007, the Court granted Defendants Verne Orndorff and New Castle County Department of Land Use Office of Code Enforcement's Motion To Dismiss.  (D.I. 61, 62.)  Plaintiff did not receive a copy of the Memorandum Opinion until June 31, 2007.  On July 31, 2007, Plaintiff filed a letter which the Court construes as a Motion For Reconsideration of its June 7, 2007 Memorandum Opinion and Order pursuant to Fed. R. Civ. P. 59(e).

(D.I. 64.) Defendants oppose the Motion. (D.I. 65.) For the foregoing reasons, the Court will deny the Motion.

## II. STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented

to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

### III. DISCUSSION

Plaintiff does not argue there was an intervening change in the controlling law or the availability of new evidence that was not available when the Order was entered granting Defendants' Motions. His Motion consists of reargument. Defendants oppose the Motion and argue that Plaintiff has not met the requisites for reconsideration and, further, that the Motion was not timely filed.

The Court thoroughly reviewed the record and the Court's Memorandum Opinion and Order dated June 7, 2007. The law has not changed and there is no new evidence. Plaintiff merely does not agree with the Court's ruling. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, the Court agrees that Plaintiff did not timely file his Motion pursuant to Fed. R. Civ. P. 59(e) or Local Rule 7.1.5. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his Motion will be denied.

**IV. CONCLUSION**

THEREFORE, at Wilmington this $\underline{12}$ day of October, 2007, IT IS ORDERED that Plaintiff's Motion For Reconsideration (D.I. 64) is **DENIED**.

                                             _____
                                             UNITED STATES DISTRICT JUDGE